UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| **CYRUS II, LP** | § | **CASE NO. 05-39857-H1-7** |
| **BAHAR DEVELOPMENT, INC.** | § | **(Jointly Administered)** |
| **MONDONA RAFIZADEH,** | § | |
| | § | |
| Debtors. | § | Chapter 7 |
| | § | |
| RODNEY D. TOW, | § | |
| AS THE CHAPTER 7 TRUSTEE FOR | § | |
| CYRUS II, L.P., | § | |
| BAHAR DEVELOPMENT, INC. AND | § | |
| MONDONA RAFIZADEH AND | § | |
| ORIX CAPITAL MARKETS, LLC, AS THE | § | |
| SPECIAL SERVICER FOR THE TRUST FOR | § | |
| CERTIFICATEHOLDERS OF THE | § | |
| MERRILL LYNCH MORTGAGE | § | |
| INVESTORS, INC. MORTGAGE PASS- | § | **ADVERSARY PROCEEDING** |
| THROUGH CERTIFICATES, SERIES 1999-C, | § | **NO. 07-03301** |
| SUING ON BEHALF OF THE TRUST AND IN | § | |
| THE NAME OF WELLS FARGO BANK, | § | |
| NATIONAL ASSOCIATION, AS TRUSTEE | § | |
| FOR THE TRUST, | § | |
| | § | |
| Plaintiffs | § | |
| | § | |
| vs. | § | |
| | § | |
| **SCHUMANN RAFIZADEH, MONDONA** | § | |
| **RAFIZADEH, FLASH VOS, INC., BG REAL** | § | |
| **ESTATE SERVICES, INC., UNITED** | § | |
| **RAFIZADEH FAMILY, LLP, MBA** | § | |
| **SERVICES, INC., RAFIZADEH, LLC,** | § | |
| **HOOBI, LP, HOAPT, LP, COOB, LP, ATOB,** | § | |
| **LP, KEYLT, LP, KEYUT, LP, HOOOBIGP,** | § | |
| **LLC, KEOBGP, LLC, HOAPTGP, LLC,** | § | |
| **COOBGP, LLC, ATOBGP, LLC, KEYLDGP,** | § | |
| **LLC, KEYUTGP, LLC, SUPER FUTURE** | § | |
| **EQUITIES, INC., AZITA MANAGEMENT,** | § | |
| **INC., RODRICK L. HUGHES, MAIN &** | § | |
| **MARIETTA, LP, MAINMAR, LLC AND** | § | |
| **WELLSPRING SOURCING, INC.,** | § | |
| | § | |
| Defendants. | § | |

**THE TRUSTEE'S AND ORIX'S MOTION FOR**
**EXPEDITED DISCOVERY AND SUPPORTING AUTHORITIES**         Page 1
117415-2

## THE TRUSTEE'S AND ORIX'S MOTION FOR
## EXPEDITED DISCOVERY AND SUPPORTING AUTHORITIES

The Trustee and ORIX file this Motion for Expedited Discovery promptly after filing their Verified Original Complaint and Request for Injunctive Relief, and would respectfully show this Court as follows:

1. As detailed in the Complaint, the Trustee and ORIX seek relief from the systematic and calculated scheme in which Schumann and Mondona Rafizadeh have moved assets and properties beyond the reach of their creditors through the use of a series of sham financial transactions and fraudulent transfers. In 2000 and 2001, the Rafizadehs transferred a dozen real estate parcels to other entities they had created, for little or no consideration. More recently, the Rafizadehs have orchestrated a transfer of their remaining real estate assets to their nominee, Rodrick Hughes, a long-time associate. In addition, it appears they have simultaneously concocted loan transactions to funnel cash proceeds from these assets to overseas bank accounts in China.

2. The bankruptcy estates and their creditors are the direct victims of the Rafizadehs' ongoing scheme to avoid paying their party debts and avoid satisfying legitimate claims.

3. The Trustee and ORIX have brought this adversary proceeding to recover assets that were looted from the Debtors and to recoup the damages the Rafizadehs' scheme has inflicted on the Debtors' estates and their creditors. The Trustee and ORIX are also seeking injunctive relief to prevent the Rafizadehs from disposing of the few remaining real estate assets over which they still have control. The consistent pattern the Rafizadehs have shown of moving assets out of the reach of creditors has required the Trustee and ORIX to request the Court to order the Rafizadehs to refrain from this wrongful conduct while this action is pending.

4. Specifically, the Trustee and ORIX seek a temporary injunction to prevent Defendants Schumann Rafizadeh, Rodrick Hughes, Main & Marietta, and Wellspring Sourcing

from selling or transferring or disposing of assets related to the following:

    a.     The property located at 806 Main Street, Houston, Texas 77002 (held by Hughes and Main & Marietta);

    b.     The Notes against 806 Main in the amounts of $3 million and $5 million (held by Wellspring Sourcing); and

    c.     Schumann Rafizadeh's house at 1501 North Main Street, Highlands, Texas 77562 (held by Schumann Rafizadeh).

5.     The Trustee and the Estates' creditors, including ORIX, will suffer immediate and irreparable harm if these properties are again transferred and moved out of reach of creditors. Based on Defendants' prior actions, the Trustee and ORIX reasonably believe that, absent an injunction preventing this transfer, the Rafizadehs will make additional transfers (or direct their proxies to transfer) these assets to place them beyond the reach of the Trustee and creditors, including ORIX.

6.     The Trustee and ORIX believe that the Defendants are likely to again move assets out of reach of creditors because in the past the Rafizadehs have transferred assets to new entities that do not yet exist; they have transferred assets from entities that no longer own the asset; they have repeatedly backdated their dubious transactions by months or even years; and they have reversed transactions and transfers of assets without properly documenting them or providing any legitimate justification for them.

7.     As set forth in the Complaint the Trustee and ORIX filed, the Rafizadehs' scheme to defraud the Debtors' creditors involves three key phases: (i) looting debtor Bahar Development, Inc. ("BDI") by fraudulently transferring its interest in real estate assets worth <u>at least</u> $80 million to United Rafizadeh Family, LLP ("URF"), leaving BDI insolvent; (ii) transferring all Rafizadeh real estate assets from the "Original Partnerships" to URF and the "Alphabet Soup Entities" in efforts to move assets further from the reach of BDI's and Mondona Rafizadeh's creditors; and (iii) beginning

shortly before the Petition Date and continuing to date, fraudulently transferring real estate assets from the Alphabet Soup Partnerships to Azita Management, Inc., an entity created and owned by Azita Berglund, Mondona Rafizadeh's sister and a Rafizadeh nominee, and then to their proxy, Rodrick Hughes, to liquidate and funnel cash proceeds to offshore accounts held by what appears to be yet one more Rafizadeh nominee, Wellspring Sourcing, a foreign (Chinese) shell entity.

8. The sham entities created by the Rafizadehs are not true companies that conduct business with third parties, hire outside employees, and operate in an independent manner. Instead, they are mere alter egos the Rafizadehs set up to hide assets from their creditors through an elaborate shell game. The Defendants' tactics require the Trustee and ORIX to obtain discovery that confirms that the latest iteration of their companies is a fiction, and is part of the single business enterprise in which the Rafizadehs routinely fabricate promissory notes, invoices, and equity accounts among their wholly owned entities to improperly shift assets, income and expenses to evade the claims of third-party creditors.

9. The Trustee and ORIX have already obtained conclusive evidence establishing that Defendants engaged in fraudulent transfers during 2000-2001. Therefore, the Trustee and ORIX need to secure additional discovery from Defendants Schumann Rafizadeh, United Rafizadeh Family, LLP, Wellspring Sourcing, Hughes, Super Future Equities, and Main & Marietta only to present sufficient proof to justify the specific, limited injunctive relief that they are requesting. This discovery is necessary on an expedited basis to permit the Trustee and ORIX to move forward promptly with an injunction hearing in which they present evidence that authorizes the issuance of the requested relief.

10. The Trustee and ORIX therefore move the Court to order Expedited Discovery to allow the Trustee and ORIX to promptly obtain documents regarding the Defendants' actions in transferring assets and other information necessary to establish their entitlement to the requested

injunctive relief.

11. As a general rule, discovery commences after the parties conduct their Rule 26(f) conference. *See* Fed. R. Civ. P. 26(d) ("[e]xcept ... when authorized under these rules or by order or agreement of the parties, a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)"). Rule 26(d) expressly contemplates allowing a Court to order discovery to occur before the Rule 26(f) conference, and parties routinely seek expedited discovery in the context of injunctive relief. If there is good cause for expedited discovery, as there is here, then an order allowing expedited discovery is appropriate. *See* 8 Charles A. Wright, Arthur R. Miller & Richard L. Marcus, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2d § 2046.1 (West 1994). "Expedited discovery would be appropriate in cases involving preliminary injunctions or challenges to personal jurisdiction." *El Pollo Loco, S.A. de C.V. v. El Pollo Loco, Inc.*, 344 F.Supp.2d 986, 991 (S.D. Tex. 2004) (citing 8 Wright, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2d § 2046).

12. The Trustee and ORIX request the Court to direct Defendants Schumann Rafizadeh, United Rafizadeh Family, LLP, Wellspring Sourcing, Inc., Rodrick Hughes, Super Future Equities, Inc., and Main & Marietta LP to answer the written discovery requests attached hereto as Exhibits A – F within 15 days from the date this Motion is granted.

13. The Trustee and ORIX also request an expedited hearing on this Motion.

WHEREFORE, the Trustee and ORIX respectfully request the Court to order Defendants Schumann Rafizadeh, United Rafizadeh Family, LLP, Wellspring Sourcing, Inc., Rodrick Hughes, Super Future Equities, Inc., and Main & Marietta LP to answer the attached written discovery requests within 15 days from the date this Motion is Granted.

DATED: June 26, 2007.

Respectfully submitted,

DIAMOND McCARTHY TAYLOR FINLEY & LEE, LLP

By: _/s/ Jason M. Rudd_
Gary Cruciani
State Bar No. 05177300
Leonard A. Hirsch
State Bar No. 09717300
Karen E. Sprole
State Bar No. 00791715
1201 Elm Street, Suite 3400
Dallas, Texas 75270
Telephone: (214) 389-5300
Facsimile: (214) 389-5399

Kyung S. Lee
Texas Bar No. 12128400
Jason M. Rudd
Texas Bar No. 24028786
Two Houston Center
909 Fannin, Suite 1500
Houston, Texas 77010
Telephone: (713) 333-5100
Facsimile: (713) 333-5195

COUNSEL FOR RODNEY TOW, CHAPTER 7
TRUSTEE FOR THE ESTATES OF CYRUS II, LP,
BAHAR DEVELOPMENT, INC. AND MONDONA
RAFIZADEH

-AND-

        JONES WALKER WAECHTER POITEVENT CARRÈRE & DENÈGRE, LLP

        By: _____*/s/ Nan Eitel (with permission)*_____
Nan Roberts Eitel
Louisiana Bar No. 19910
The Watergate
2600 Virginia Avenue, NW, Suite 1113
Washington, DC  20037
Telephone: (202) 944-1105
Facsimile:  (202) 944-1109

Ben B. Floyd
State Bar No. 07181300
Randall A. Rios
State Bar No. 16935865
Lynn Chuang Kramer
State Bar No. 24036930
Munsch Hardt Kopf & Harr, PC
Bank of America Center
700 Louisiana, 46th Floor
Houston, Texas 77002
Telephone: (713) 222-1470
Facsimile:  (713) 222-1475

R. Patrick Vance
Louisiana Bar No. 13008
S.D. Texas Bar No. 30331
Jones Walker Waechter Poitevent Carrère & Denègre, LLP
201 St. Charles Avenue, 49th Floor
New Orleans, Louisiana  70170
Telephone: (504) 582-8000
Facsimile:  (504) 589-8302

COUNSEL FOR ORIX CAPITAL MARKETS, LLC, AS THE SPECIAL SERVICER FOR THE TRUST FOR CERTIFICATEHOLDERS OF THE MERRILL LYNCH MORTGAGE INVESTORS, INC. MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 1999-C, ON BEHALF OF THE TRUST AND IN THE NAME OF WELLS FARGO BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE TRUST

## Certificate of Conference

I certify that at this point in the lawsuit, no attorney has made an appearance on behalf of any Defendant and therefore we do not yet know who is representing any Defendant and therefore could not conduct a certificate of conference for purposes of this Motion.

<em>/s/ Jason M. Rudd</em>

## Certificate of Service

I certify that on June 26, 2007, the foregoing document was served by certified mail, return receipt requested on all Defendants at the addresses identified in the Verified Original Complaint and Request for Injunctive Relief and as set forth on the attached Service List.

<em>/s/ Jason M. Rudd</em>