**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

ENTERED
11/16/2007

| | | |
|---|---|---|
| IN RE: | § | |
| **CYRUS II PARTNERSHIP,** *et al* | § | **CASE NO: 05-39857** |
| Debtor(s) | § | |
| | § | **CHAPTER  7** |
| | § | |
| **RODNEY D TOW,** *et al* | § | |
| Plaintiff(s) | § | |
| | § | |
| VS. | § | **ADVERSARY NO. 07-3301** |
| | § | |
| **SCHUMANN RAFIZADEH,** *et al* | § | |
| Defendant(s) | § | |

**MEMORANDUM OPINION ON**
**MONDONA RAFIZADEH'S MOTION TO DISMISS**

For the reasons set forth below, the Court grants Mrs. Rafizadeh's Motion for Summary

Judgment.  The Court has jurisdiction of this proceeding pursuant to 28 U.S.C. § 1334.  This is a

core proceeding under 28 U.S.C. § 157.

*Facts*

On June 27, 2005, Cyrus II, L.P., Bahar Development, Inc. and Mondona Rafizadeh

(Mrs. Rafizadeh) filed for chapter 7 bankruptcy relief.  The cases were jointly administered

under case no. 05-39857.  Mrs. Rafizadeh received a discharge on October 31, 2005.

On June 21, 2007, Trustee and ORIX Capital Markets, LLC ("Plaintiffs") brought this

adversary proceeding asserting that Mrs. Rafizadeh and her husband, Schumann Rafizadeh,

through a series of entities, family members, nominees and allegedly fictitious debts, have

transferred millions of dollars in estate assets by way of sham transactions to evade third-party

creditors.  The defendants in this adversary proceeding include Mr. and Mrs. Rafizadeh and a

myriad of allegedly related entities and family members of the Rafizadeh's.

1

On August 27, 2007, Mrs. Rafizadeh filed a motion to dismiss or for summary judgment and/or for more definite statement.  In her motion, Mrs. Rafizadeh asserts that Plaintiffs violated the discharge injunction by including Mrs. Rafizadeh in the adversary suit.  Mrs. Rafizadeh requests summary judgment in her favor or to be dismissed with prejudice.  Plaintiffs responded with a request to dismiss Mrs. Rafizadeh without prejudice.

The Court held a hearing on November 5, 2007.  At the hearing two questions were addressed: (1) whether there had been a violation of the discharge injunction, and (2) whether Mrs. Rafizadeh should be dismissed with or without prejudice or whether summary judgment should be granted.  The Court announced preliminary findings on the record.  To the extent any findings or conclusions announced on the record conflict with this Memorandum Opinion, this opinion controls.  For the reasons set forth herein, the Court finds there has been no violation of the discharge injunction and grants summary judgment in favor of Mrs. Rafizadeh.

### *Violation of the Discharge Injunction*

The discharge in bankruptcy is considered to protect the "honest but unfortunate debtor" and to give the debtor a fresh start.  *Grogan v. Garner*, 498 U.S. 279, 287 (1991).  Title 11 U.S.C. § 524 states the effects of a discharge.  Specifically, § 524(a)(2) provides that a discharge:

> operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived.

11 U.S.C. § 524(a)(2).  Plaintiffs, therefore, are precluded from seeking personal liability against Mrs. Rafizadeh for debts incurred prior to her discharge.  Plaintiffs are permitted, however, to seek personal liability against Mrs. Rafizadeh for debts incurred post-petition.  To determine whether there has been a violation of the discharge injunction, the Court, therefore, must determine whether personal liability is sought against Mrs. Rafizadeh in the original complaint for conduct occurring prior to June 27, 2005.

In their original complaint, Plaintiffs characterize Mrs. Rafizadeh as follows:

Mondona Rafizadeh is an individual residing in Texas and the wife of Schumann Rafizadeh. Mondona Rafizadeh is, with respect to conduct occurring up to June 27, 2005, made a *nominal* defendant against whom personal liability and payment on account of personal liability is not sought.

Complaint at ¶ 19 (emphasis added). In the prayer for relief, however, Plaintiffs request recovery against all "Defendants." No differentiation is made between nominal and otherwise fully liable defendants. In her motion to dismiss, for summary judgment and/or for more definite statement, Mrs. Rafizadeh asserts that the language of paragraph 19 "is vague as to whether she is exculpated from the liability sought to be imposed in the prayer, or by the complaint." Mondona Rafizadeh's Motion to Dismiss at ¶ 7. Further, she argues that Plaintiffs should seek to modify the discharge injunction even if naming her as a "nominal" party only. *Id.* at ¶ 15 (citing *In re Edgeworth*, 993 F.2d 51, 52 n.2 (5th Cir. 1993)).

Plaintiffs argue that Mrs. Rafizadeh has previously consented to being named a nominal defendant in other related litigation and such consent should be sufficient to name her as a nominal defendant in this litigation. The "other related litigation" is a suit filed in the Twenty Fourth Judicial District Court for the parish of Jefferson, Louisiana, styled *Wells Fargo Bank, N.A., Trustee v. Flash Vos Inc., et al.* Case No. 617,514 (the "SBE litigation"). Many of the same parties and allegations involved in this adversary were implicated in the SBE litigation.

While that SBE litigation was pending, ORIX brought another suit against Mrs. Rafizadeh in this Court objecting to her discharge under 11 U.S.C. § 523 (the "dischargeability suit"). The dischargeability suit, filed on October 4, 2005, was dismissed when the parties entered into an agreed order of dismissal. The agreed order was, in part, precipitated by allowing Plaintiffs to name Mrs. Rafizadeh as a nominal defendant in the SBE litigation.

Prior to entry of the agreed order in the dischargeability suit, the Court had requested briefing on whether Plaintiffs could maintain the SBE litigation against Mrs. Rafizadeh despite the discharge injunction.  Based on the representation of Plaintiffs that Mrs. Rafizadeh would be named as a nominal defendant only, Mrs. Rafizadeh and the Plaintiffs entered into the agreed order.  The agreed order was subject to terms which included acknowledgement by ORIX that all pre-petition debts of Mrs. Rafizadeh had been discharged, that ORIX and the Trustee recognized that Mrs. Rafizadeh is subject to the benefits of the discharge injunction, and that ORIX and the Trustee will not seek to recover any pre-petition debt as a personal liability of Mrs. Rafizadeh through the SBE litigation.   The SBE suit was eventually dismissed and this adversary proceeding was filed.

There is no dispute that in this Circuit discharged debtors may be named as nominal defendants.  *See Houston v. Edgeworth (In re Edgeworth)*, 993 F.2d 51, 54 (5th Cir. 1993). Indeed, § 524(e) provides that "discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt."  11 U.S.C. § 524(e).  This section of the Code is utilized primarily in suits where a plaintiff must establish liability on the part of a discharged debtor as a requisite for collecting the judgment from a third party.  *E.g., Edgeworth*, 993 F.2d at 53-54 (considering discharged debtor-physician as a nominal defendant and finding that discharge did not preclude a suit by the plaintiffs to recover from the malpractice insurer); *In re Jet Florida Systems, Inc.*, 883 F.2d 970, 976 (11th Cir. 1989) (holding that Plaintiff may proceed against Debtor as a prerequisite for establishing liability on the part of the insurer).   Therefore, as long as Mrs. Rafizadeh is truly a nominal defendant for conduct occurring up to June 27, 2005, she may be named as a defendant in this proceeding without violating the discharge injunction.

After reviewing the briefing and the hearing on this matter, the Court finds that Plaintiffs' intentions were to include Mrs. Rafizadeh in a nominal status only for conduct occurring up to June 27, 2005.  There are seventeen causes of action and a request for injunctive relief contained in the Complaint.[1]  Each cause of action specifically references as to which defendant it is being asserted.[2]  There is no cause of action asserted against Mrs. Rafizadeh.  There is also the language in the beginning of the complaint stating that Mrs. Rafizadeh is named in a nominal capacity as to causes of action accruing prior to June 27, 2005.  In addition, the Court finds that the prior entry of an agreed order in which Mrs. Rafizadeh consented to being a nominal defendant in the SBE litigation bolsters the Plaintiffs' arguments that Mrs. Rafizadeh was intended to be, at least in part, "nominal" in this adversary proceeding.  Accordingly, the Court finds that while the prayer is requested as to all defendants, Mrs. Rafizadeh's inclusion in the suit for conduct occurring up to June 27, 2005 is truly nominal.

However, Mrs. Rafizadeh argues that her inclusion as nominal does not automatically moot the issue that Plaintiffs failed to request relief from the discharge injunction to name her in this proceeding for conduct occurring prior to her discharge.  If this failure was indeed a violation of the discharge injunction, Mrs. Rafizadeh may have a claim for attorney's fees.

Plaintiffs argue, essentially, that naming Mrs. Rafizadeh as a nominal defendant does not contradict the discharge injunction.  Plaintiffs also assert, as stated above, that the prior entry of

---

[1] These causes of action include five counts for the avoidance of fraudulent transfers under § 544 against various alleged related entities, three counts for avoidance of fraudulent transfers under TUFTA, GUFTA, and or NUFTA against various entities, and claims for breaches of fiduciary duty, aiding and abetting in breaches of fiduciary duty, civil conspiracy, suit on account, single business enterprise, and alter ego.  The suit also requests substantive consolidation of the various entities with the bankruptcy estates, imposition of a constructive trust, and an accounting.

[2] Defendants named in the original complaint include Schumann Rafizadeh, Mondona Rafizadeh, Flash VOS, Inc., BG Real Estate Services, Inc, United Rafizadeh Family, LLP, MBA Services, LLC, Rafizadeh, LLC, HOOBI, LP, HOAPT, LP, COOB, LP, ATOB, LP, KEYLD, LP, KEYUT, LP, HOOBIGP, LLC, KEOBGP, LLC, HOAPTGP, LLC, COOBGP, LLC, ATOBGP, LLC, KEYLDGP, LLC, KEYUTGP, LLC, Super Future Equities, Inc, Azita Management, Inc., Rodrick L. Hughes, Main & Marietta, LP, Mainmar, LLC and Wellspring Sourcing, Inc.

the agreed order allowing for the inclusion of Mrs. Rafizadeh as a nominal defendant in the SBE

litigation is effective as consent in this litigation.

The Court disagrees with Plaintiffs that an agreed order in a separate proceeding to name

Mrs. Rafizadeh as a nominal defendant in the SBE litigation constitutes her consent in this

litigation.  The proceedings are separate.  While somewhat related, there are additional causes of

action and different parties involved.

The determination that Mrs. Rafizadeh is truly nominal controls whether this violates the

discharge injunction.  Section 524 states that the discharge operates as an injunction as to the

collection of a debt on which the discharged debtor is personally liable.  11 U.S.C. § 524(a)(3).

By including Mrs. Rafizadeh as truly nominal for conduct occurring up to June 27, 2005,

Plaintiffs have not sought to collect a debt in violation of the discharge injunction.

Some courts have determined that for a creditor to maintain a suit against a discharged

debtor as a nominal party, the creditor must prove that three conditions exist.  *In re Catania*, 94

B.R. 250, 253 (Bankr. D. Mass. 1989).  These conditions include: (1) the debtor has to be a

necessary party to the action; (2) the plaintiff must bear the responsibility of debtor's legal costs;

(3) there must be no attempt made by the prevailing plaintiff to collect a judgment from the

debtor or his assets.  *In re Catania*, 94 B.R. 250, 253 (Bankr. D. Mass. 1989).  The second

requirement has been a matter of dispute among courts.  Some courts have found that the

plaintiff need not be responsible for the debtor's legal fees.  *In re Greenway*, 126 B.R. 253, 254-

55 (Bankr. E.D. Tex. 1991) (citing *Jet Florida Systems*, 883 F.2d at 976)).  Another case, *In re*

*Czuba*, applied the same first and third factors as *Greenway*, but stated the second factor should

be that "[p]ursuit of the action with the debtor involved will not impose a financial hardship on

the debtor that derogates the sweeping effect of the discharge."  *In re Czuba*, 146 B.R. 225, 228

– 29 (Bankr. D. Minn. 1992) (citing *In re Pappas*, 106 B.R. 268 (D. Wyo. 1989); *In re Catania*, 94 B.R. 250, 253 (Bankr. D. Mass. 1989); *In re Lembke*, 93 B.R. 701, 703 (Bankr. D.N.D. 1988); *In re Greenway*, 126 B.R. at 254-55).

The Court finds it is unnecessary to evaluate these factors (or any conflicts as to the second condition) at this point in the proceeding.  All parties want Mrs. Rafizadeh dismissed. The Court finds that these factors illustrate, however, that it does not violate the discharge injunction for a discharged debtor to be named a nominal defendant in an action where there is no personal liability sought on a discharged debt.  *See In re Munoz*, 287 B.R. 546, 554 (9th Cir. B.A.P. 2002) ("[W]e think that the *Czuba* test constitutes a sound method of construing § 524(a)(2) to determine whether an action is being pursued 'to collect , recover, or offset any [discharged] debt *as a personal liability of  the debtor'* rather than a method of justifying a modification of the injunction.").  No personal liability has been sought as to Mrs. Rafizadeh for her actions prior to her bankruptcy filing.  It does not violate the discharge injunction to seek relief against Mrs. Rafizadeh for actions occurring post-petition.  There has been no violation of the discharge injunction.  Attorney's fees are not warranted.

### *Motion to Dismiss / Motion for Summary Judgment*

Mrs. Rafizadeh has filed a motion to dismiss, motion for summary judgment and/or motion for a more definite statement.  For the reasons set forth below, the Court finds it is proper to consider her motion as a motion for summary judgment.

A party seeking summary judgment may demonstrate: (i) an absence of evidence to support the non-moving party's claims or (ii) the absence of a genuine issue of material fact. *Warfield v. Byron*, 436 F.3d 551, 557 (5th Cir. 2006); *Condrey v. SunTrust Bank of Ga.*, 429 F.3d 556, 562 (5th Cir. 2005).  Material facts are those that could affect the outcome of the

action or could allow a reasonable fact finder to find in favor of the non-moving party. *DIRECTV, Inc. v. Budden*, 420 F.3d 521, 529 (5th Cir. 2005).

The evidentiary support needed to meet the initial summary judgment burden depends on whether the movant bears the ultimate burden of proof at trial.  At all times, a court views the facts in the light most favorable to the non-moving party.  *Rodriguez v. ConAgra Grocery Products, Co.*, 436 F.3d 468, 473 (5th Cir. 2006).  However, to weigh evidence would result in a credibility determination which is not part of the summary judgment analysis.  *Hunt v. Rapides Healthcare Sys., LLC*, 277 F.3d 757, 762 (5th Cir. 2001); *See MAN Roland, Inc. v. Kreitz Motor Express, Inc.*, 438 F.3d 476, 478 (5th Cir. 2006)**.**  A court is not obligated to search the record for the non-moving party's evidence.  *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003).

If the movant does not bear the burden of proof, the movant must show the absence of sufficient evidence to support an essential element of the opposing party's claim.  *Id.; see also Condrey v. Suntrust Bank of Ga.*, 431 F.3d 191, 197 (5th Cir. 2005); *Ballard v. Burton*, 444 F.3d 391, 396 (5th Cir. 2006).  The movant may seek summary judgment if insufficient evidence has emerged from discovery to support the non-moving party's claims.  10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 2727 (3d ed. 1998).  At this time the non-moving party must respond with sufficient evidence to support the challenged element of its case or present evidence to raise a material issue of fact.  *Id.; Celotex Corp. v. Cattrett*, 477 U.S. 317, 324 (1986); *Wheeler v. BL Dev. Corp.*, 415 F.3d 399, 402 (5th Cir. 2005).  Ultimately, the motion should be granted if the non-moving party cannot produce evidence to support an essential element of its claim.  *See Condrey*, 431 F.3d at 197.

Mrs. Rafizadeh asserts she is entitled to summary judgment because "the entire suit does not state a cause of action against her and… there is no fact 'that could affect the outcome of the

action or could allow a reasonable fact finder to find in favor of the non-moving party.'" Mondona Rafizadeh's Motion to Dismiss ¶ 5 (citing *DIRECTTV, Inc.*, 420 F.3d at 529). Plaintiffs respond that it is an "improper legal premise" for the Court to consider Mrs. Rafizadeh's motion as a motion for summary judgment. Plaintiff's Response at ¶ 6. Plaintiffs assert they are "entitled to include her as a nominal party in connection with the affirmative claims that they have asserted against other Defendants and she has not established as a matter of law that the Plaintiffs have no claims that they can recover on against other Defendants." *Id.*

The Court agrees with Plaintiffs that at the time of the filing of the Complaint, Plaintiffs were entitled to include Mrs. Rafizadeh. The facts in the Complaint are complex and allegations are made against family members and entities allegedly connected to Mrs. Rafizadeh. When the Complaint was filed, it was reasonable to assume that Mrs. Rafizadeh may be a necessary party for Plaintiffs to be able to impose liability on the other Defendants.

However, the Court finds that Mrs. Rafizadeh's inclusion in the Complaint is not limited to a nominal status only. For conduct occurring between June 27, 2005, and the date of filing the Complaint, Mrs. Rafizadeh has been named as an actual defendant. The Complaint refers to the alleged malfeasant behavior of the "Rafizadehs" and the "Defendants." The prayer requests relief against all "Defendants." Mrs. Rafizadeh is categorized under "Defendants" in the Complaint. Although no specific cause of action is asserted against Mrs. Rafizadeh, the Court finds that personal liability is generally being sought against her for conduct occurring after June 27, 2005.

At the November 5, 2007 hearing on this matter, Plaintiffs stated that they have no evidence supporting any cause of action against Mrs. Rafizadeh for conduct occurring between June 27, 2005, the date of her bankruptcy petition, and June 21, 2007, the date this suit was filed.

As for her presence as a nominal defendant, Plaintiffs' own motion to dismiss her from this suit demonstrates that her presence is unnecessary for Plaintiffs to pursue liability against the other Defendants.

A party may prevail on a motion for summary judgment if it shows the absence of sufficient evidence to support an essential element of the opposing party's claim. *See Malacara*, 353 F.3d at 405. There is no question this burden has been met. By Plaintiffs' own admission there is no evidence to support claims against Mrs. Rafizadeh. Mrs. Rafizadeh's motion for summary judgment is granted. A separate order will issue.

Signed at Houston, Texas, on November 16, 2007.

MARVIN ISGUR
United States Bankruptcy Judge

10