UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: <br> CYRUS II, LP <br> BAHAR DEVELOPMENT, INC. <br> MONDONA RAFIZADEH, *ET AL.*, <br><br> Debtors. | § § § § § § § § | CASE NO. 05-39857-H1-7 <br> (Jointly Administered) <br><br> Chapter 7 |
| RODNEY D. TOW, <br> AS THE CHAPTER 7 TRUSTEE FOR <br> CYRUS II, L.P., *ET AL.* <br><br> Plaintiffs, <br><br> vs. <br><br> SCHUMANN RAFIZADEH, *ET AL.*, <br><br> Defendants. | § § § § § § § § § § § § § | ADVERSARY PROCEEDING <br> NO. 07-03301 |

## ORIX CAPITAL MARKETS, LLC'S
## MOTION TO RECONSIDER ORDER COMPELLING PRODUCTION
### (Relating to Docket Nos. 329 and 339)

**TO THE HONORABLE MARVIN ISGUR, UNITED STATES BANKRUPTCY JUDGE:**

Pursuant to Rule 59 of the Federal Rules of Civil Procedure, as applied through Rule 9023 of the Federal Rules of Bankruptcy Procedure, ORIX Capital Markets, LLC, as the Special Servicer of the Trust for the Certificateholders of the Merrill Lynch Mortgage Investors, Inc. Mortgage Pass-Through Certificates, Series 1999-C (the "MLMI Trust"), suing on behalf of the MLMI Trust and in the name of Wells Fargo Bank, N.A., Trustee of the MLMI 1999-C1 Trust ("ORIX") files this Motion to Reconsider Order Compelling Production, and would respectfully show this Court as follows:

## PROCEDURAL BACKGROUND

1.  On or about October 2, 2007, Super Future Equities, Inc. ("SFE") served its First Set of Request for Production to ORIX Capital Markets, LLC (the "First Request for Production").

2.  On or about October 16, 2007, ORIX served ORIX Capital Markets, LLC Responses and Objections to Super Future Equities, Inc.'s First Set of Request for Production (the "ORIX Responses and Objections") pursuant to an agreement to respond on an expedited basis. The ORIX Responses and Objections was served within fourteen days of receiving the First Request for Production. A true and correct copy of the ORIX Responses and Objections is attached hereto as Exhibit "A," and incorporated herein for all purposes.

3.  On or about November 12, 2007, SFE filed Super Future Equities, Inc.'s Motion to Compel Production of Documents (the "SFE Motion to Compel") (Docket No. 329).

4.  Given the nature of the documents sought in this case and the past actions of SFE's officers in disseminating documents in ways that are beyond legitimate ends of discovery, ORIX requested SFE to enter into a Protective Order such that the discovery would not be placed on www.predatorix.com. SFE refused.

5.  On or about November 15, 2007, a hearing was held on the SFE Motion to Compel. At the hearing, this Court stated that ORIX had "waived" its burdensome and voluminous objections to the First Request for Production. Further, this Court did not allow any testimony to be taken relating to the burdensomeness and voluminousness objections. Subsequently, the Court entered an Order Compelling Production (the "Order") (Docket No. 339).

6. ORIX requests that this Court reconsider the Order as it relates to Request No. 19 in the First Request for Production.

## ARGUMENT

7. At the hearing on the Motion to Compel, this Court entered the Order over the request of ORIX to put on testimony regarding ORIX's objections based upon relevance, burdensomeness, and voluminousness of the documents requested. Instead, this Court ordered that ORIX "shall immediately produce all documents sought" in the First Request for Production except for "[d]ocuments that are alleged to be confidential or are alleged to be governed by a protective order. . . .". The Order, therefore, requires that ORIX produce all documents requested in the First Request for Production even if production is unduly burdensome, the documents are voluminous, or the documents are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

8. At the hearing, this Court also summarily stated that ORIX had "waived" any burdensome and voluminous objections that it may have had to the First Request for Production. Pursuant to Rule 34 of the Federal Rules of Civil Procedure, ORIX timely served the ORIX Responses and Objections. In fact, ORIX served the ORIX Responses and Objections sixteen days earlier than Rule 34 requires. Pursuant to Rule 34, therefore, ORIX preserved all of its objections, including, but not limited to, burdensome and voluminous. ORIX did not "waive" any objections.

9. As of November 27, 2007, ORIX will have substantially complied with the Order except for Request No. 19 of the First Request for Production. ORIX will have produced 99,599 pages pursuant to the First Request for Production.

10. Request No. 19 states:

**REQUEST FOR PRODUCTION NO. 19:**

Copies of all legal bills submitted by Orix, [sic] KeyCorp Real Estate Capital Services, or KeyCorp, Inc. to the MLMI 1999 C-1 Trust from the inception of the MLMI Trust to the present.

11. ORIX's Response and Objections, in part, state:

**RESPONSE:**

ORIX incorporates its general objections. ORIX objects to this request because ORIX has moved to dismiss SFE's Counterclaim on jurisdictional grounds and, thus, any discovery is premature. ORIX objects to this request because it is overly broad, unduly burdensome, and seeks documents that are neither relevant to the present action, nor reasonably calculated to lead to the discovery of admissible evidence. ORIX further objects to this request because it is not properly limited in time and scope. Although SFE seeks documents dating back to January 1, 1999, Schumann Rafizadeh did not form SFE until December 1, 2004 and SFE, through Schumann Rafizadeh, did not obtain its certificates in the MLMI Trust until April 2005. ORIX objects because this request seeks documents involving individuals and entities who are not parties to this litigation and that are unrelated to SFE. ORIX has duties to the MLMI Trust and to individual borrowers regarding preservation of confidential information. ORIX objects to this request as it calls for the production of documents protected from discovery by the attorney-client privilege and work product doctrine. Finally, ORIX objects to this request because it is merely an attempt to circumvent Judge Stickney's June 5, 2007 Order denying SFE's Motion to Compel in the Northern District Action.

12. On November 1, 1999, there were 106 commercial mortgage-backed loans in the MLMI Trust, including the Arlington Loan. As of November 14, 2007, there are 83 loans in the MLMI Trust.

13. On or about December 8, 2005, ORIX sold its master servicing business to KeyCorp Real Estate Capital, Inc. ("KeyCorp"), including documents and electronically stored information for the MLMI Trust. ORIX, therefore, does not have the current capability to

provide this information involving the loans in master servicing since the sale of its master servicing business. However, 33 loans have been in Special Servicing since November 1, 1999.

14. Request No. 19 is so broad that it requests all legal bills for 8 years for all 33 of the MLMI loans that have ever been transferred to Special Servicing for any reason. It is incomprehensible how SFE can argue it is entitled to these documents other than for the Arlington Loan.

15. Request No. 19 would require ORIX to (1) review the servicing files, including archived files, for all of the MLMI loans that have ever been in Special Servicing over an 8 year period to determine whether any legal bills exist and (2) manually review and redact attorney-client privileged information and work product from the legal bills. Given the nature of the Special Servicer's duties, legal bills for specially serviced loans cover a broad array of services relating to the mortgage loans and the collateral securing them including, but not limited to, legal bills related to title, easements, covenants, lease agreements, subordination agreements, loan modification, loan document compliance, liens, financial and construction documentation, environmental issues, foreclosure and other actions to preserve or recover collateral, litigation against borrowers and guarantors, taxation issues, and other matters related to the operations, development and disposition of the real property collateral.

16. ORIX has produced all legal bills that relate to the Arlington Loan; however, the legal bills on the other loans are simply not relevant to any of the issues in this adversary proceeding. SFE has not filed any claims or affirmative defenses that support discovery of all legal bills of the MLMI Trust nor has ORIX sought any relief related to any loan other than the Arlington Loan. The extraordinary burden of reviewing, redacting and producing what is likely

to be thousands of pages of legal bills wholly unrelated to the claims and defenses in this case vastly outweighs any conceivable relevance that such documents might have to any issue in this adversary proceeding.

17. In support of ORIX's objections, in the case styled *Super Future Equities, Inc. v. Wells Fargo Bank Minnesota, N.A., ORIX Capital Markets, LLC, ORIX USA Corp., John Dinan, Michael Wurst, Clifford Weiner, and James R. Thompson*, Cause of Action No. 3-06-CV-0271-B, pending in the Northern District of Texas (the "Dallas Action"), the District Court for the Northern District of Texas entered Orders denying similar requests by SFE based upon ORIX's objections of irrelevant, voluminous, and burdensome (the "Dallas Action Orders"). True and correct copies of the Dallas Action Orders are attached hereto as Exhibit "B," and incorporated herein for all purposes.

## REQUEST FOR HEARING

18. On December 3, 2007, this Court has set ORIX's Motion for Protective Order for an evidentiary hearing. In the interest of judicial economy and efficiency, ORIX respectfully requests that this Motion to Reconsider also be set on the same date and time since ORIX will already be providing testimony related to the Motion for Protective Order.

## PRAYER

ORIX respectfully requests that this Court (i) reconsider the Order; (ii) deny the Motion to Compel as to Request No. 19, or, in the alternative, (iii) set this Motion to Reconsider for hearing on December 3, 2007, at 8:30 a.m., and after hearing testimony, deny the Motion to Compel as to Request No. 19, and (iv) grant ORIX such other and further relief to which it may be justly entitled.

DATED: November 26, 2007.

        Respectfully submitted,

        **MUNSCH HARDT KOPF & HARR, PC**

By:     */s/ Randall A. Rios*
        Ben B. Floyd
        State Bar No. 07181300
        Randall A. Rios
        State Bar No. 16935865
        Lynn Chuang Kramer
        State Bar No. 24036930
        Bank of America Center
        700 Louisiana, 46th Floor
        Houston, Texas 77002
        Telephone: (713) 222-1470
        Fax: (713) 222-1475

*-AND-*

NAN ROBERTS EITEL (La. # 19910)
**Jones, Walker, Waechter, Poitevent,**
 **Carrère & Denègre, L.L.P.**
The Watergate
2600 Virginia Avenue, NW
Suite 1113
Washington, DC 20037
Telephone: (202) 944-1105
Fax: (202) 944-1109

        R. PATRICK VANCE
        (La. Bar No. 13008)
        (SD TX. Bar No. 30331)
        **Jones, Walker, Waechter, Poitevent,**
         **Carrère & Denègre, L.L.P.**
        201 St. Charles Avenue, 49th Floor
        New Orleans, Louisiana 70170
        Telephone: (504) 582-8000
        Fax: (504) 589-8302

        **ATTORNEYS FOR ORIX CAPITAL MARKETS, LLC, AS SPECIAL SERVICER FOR THE MERRILL LYNCH MORTGAGE INVESTORS INC. COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES SERIES 1999-C1 TRUST**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion was served on the 26th day of November 2007, by United States Mail, first class, postage prepaid, to all parties on the Service List attached hereto and electronically by the Court's ECF system to all parties registered to receive such service.

Jason M Rudd, Karen E Sprole,
Kyung S Lee, Leonard A Hirsch & Clifford Walston
Diamond McCarthy Taylor & Finley, L.L.P.
909 Fannin, Suite 1500
Houston, Texas 77010
*Counsel for Trustee*

John F. Higgins, IV
Thomas Andrew Woolley, III
Porter & Hedges LLP
1000 Main St, 36th Floor
Houston, Texas 77002-6336
*Counsel for Schumann Rafizadeh, Flash Vos, Inc., United Rafizadeh Family, L.L.P., Rafizadeh LLC, MBA Services, Inc., HOOBI, LP, HOOBIGP, LLC, HOAPT, LP, HOAPTGP, LLC, COOB, LP, COOBGP, LLC, ATOB, LP, ATOBGP, LLC, KEYLD, LP, HEYLDGP, LLC, KEYUT, LP, KEYUTGP, LLC and KEOBGP, LLC*

Jeffrey Wayne Glass
Attorney at Law
8980 Lakes at 610 Drive, Suite 250
Houston, Texas 77054
*Counsel for Azita Management, Inc.*

Stephen Henry Kupperman
Barrasso Usdin et al
909 Poydras Street, Suite 1800
New Orleans, Louisiana 70112
*Counsel for Rodrick L. Hughes*

Matthew Scott Okin
Okin & Adams LLP
1113 Vine Street, Suite 201
Houston, Texas 77002
*Counsel for KeyCorp Real Estate Capital Markets, Inc.*

Jon B. Bohn
Bon & Ducloux
806 Main, Suite 1411
Houston, Texas 77002
*Counsel for Super Future Equities, Inc.*

Andrew Harvin
Doyle Restrepo, et al
4700 JP Morgan Case Tower
600 Travis Street
Houston, Texas 77002
*Counsel for Rodrick L. Hughes and Main & Marietta, LP*

Paula K. Tucker
Gardere & Wynne
1601 Elm Street, Suite 3000
Dallas, Texas 75201
*Counsel for UBS Real Estate Securities, Inc.*

Robert L. Paddock
Thompson & Knight LLP
333 Clay Street, Suite 3300
Houston, Texas 77002
*Counsel for Universal Sourcing*

 

                                                  */s/ Randall A. Rios*
                                                  Randall A. Rios