IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br>CYRUS II, LP,<br>BAHAR DEVELOPMENT, INC., AND<br>MONDONA RAFIZADEH, *ET AL.*<br><br>Debtors. | § § § § § § § § | CASE NO. 05-39857-H1-7<br>(Jointly Administered)<br><br><br>Chapter 7 |
| RODNEY D. TOW,<br>AS THE CHAPTER 7 TRUSTEE FOR<br>CYRUS II, L.P., *ET AL.*<br><br>Plaintiffs,<br><br>vs.<br><br>SCHUMANN RAFIZADEH, *ET AL.*,<br><br>Defendants. | § § § § § § § § § § § § § | <br><br><br><br>ADVERSARY PROCEEDING<br>NO. 07-03301 |

## ORIX CAPITAL MARKETS, L.L.C.'S, ORIX USA CORPORATION'S AND WELLS FARGO BANK, N.A.'S OPPOSITION TO TRUSTEE'S EMERGENCY MOTION TO ABATE THE ADVERSARY PROCEEDING

ORIX Capital Markets, L.L.C., Special Servicer of the MLMI 1999-C1 Trust ("ORIX") and ORIX USA Corporation ("ORIX USA") (collectively, the "ORIX Defendants") and Wells Fargo Bank, N.A., Trustee of the MLMI 1999-C1 Trust ("Wells Fargo"), file this Opposition to the Trustee's Emergency Motion to Abate the Adversary (Doc. No. 466) filed January 28, 2008, and respectfully represent as follows:

### PRELIMINARY STATEMENT

1. In May 2006, the Trustee withdrew from a contingent $4.3 million settlement with United Rafizadeh Family, LLP because during the due diligence period the Trustee could not get clear explanations for how assets flowed and transferred within the Rafizadeh enterprise and thus could not be confident in the reasonableness of the settlement number. Now, after

receiving much more information (including discovery revealing assets worth an estimated $25-35 million or more `within the Rafizadeh empire), expending considerable effort and expense in litigation (including significant expenditures caused by Defendants' discovery evasions), and freezing $3.8 million in cash and securities and approximately $8 million in real estate through injunctions, the Trustee proposes to settle at a significantly lower net number than in May 2006. In doing so, the Trustee proposes to saddle the MLMI Trust[1] with ongoing non-meritorious defensive litigation in four different courts. Co-Plaintiff ORIX has informed the Trustee that it will object to the proposed settlement.

2.      Although not obligated to do so under the proposed Settlement Agreement, the Trustee has moved to abate all aspects of this adversary proceeding until this Court has heard and ruled upon the Trustee's yet-to-be-filed Rule 9019 Motion. ORIX opposes the Motion insofar as it relates to (1) outstanding written discovery requests; (2) the deposition of Universal Sourcing scheduled for February 5, 2008 and (3) the hearing on SFE's standing to assert its proposed counterclaim against ORIX, ORIX USA and Wells Fargo scheduled for February 7, 2008 (ORIX USA and Wells Fargo join in opposing this aspect of the Motion.)  ORIX is not asking the Court to permit the parties to propound new discovery requests in the Adversary Proceeding between now and the hearing on the proposed Rule 9019 motion (assuming the motion is promptly filed and scheduled for hearing). Rather, ORIX simply asks that the Court permit and require that currently outstanding and scheduled discovery and the standing hearing proceed in accordance with the Rules and prior requests and notices. It does so for three reasons:  because allowing this discovery to proceed mitigates the risk that the May 2008 trial setting will be jeopardized if

---

[1] ORIX, Wells Fargo, and KeyCorp Real Estate Capital Markets, Inc. ("KRECM") are indemnified for their defense of SFE's Complaint from the MLMI Trust purusant to the MLMI Pooling and Servicing Agreement (the "PSA").

ORIX's objections to the settlement are sustained; because the pending discovery is relevant to issues to be determined on the Rule 9019 motion; and because the discovery and the standing hearing is relevant to SFE's proposed counterclaims against ORIX, ORIX USA and Wells Fargo which are not resolved in the proposed Settlement Agreement.

## BACKGROUND

3. At a mediation held on January 21, 2008, which ORIX was not allowed to attend, the Trustee reached a settlement with some Defendants. Although the settlement provides for the release of all Defendants, not all Defendants were parties to the settlement reached on January 21. Tellingly, the only participants in the mediation for the Defendants were Mondona and Schumann Rafizadeh. No other Defendant, such as SFE, Universal Sourcing, Rodrick Hughes, or Azita Berglund, attended the mediation.

4. ORIX first learned of the settlement on the morning of January 22, 2008, when the Trustee circulated an unsigned term sheet.

5. ORIX immediately noted several material infirmities in the settlement, including: (1) the consideration to be paid on behalf of the Defendants is grossly inadequate, (2) the settlement fails to dispose of SFE's counterclaims and third-party claims asserted against ORIX, ORIX USA, Wells Fargo, KeyCorp, Inc. ("KeyCorp") and KRECM[2] (collectively, the "MLMI Trust Defendants"); (3) the settlement fails to deal with the *Flash Vos v. Cyrus II, et al.*, No. 2005-01295, case pending in the 164th Jud. District of Harris County, Texas; and (4) the settlement assigns to an unidentified Defendant (presumably Schumann Rafizadeh) (a) the Trustee's right to litigate any objection to the claim ORIX filed on behalf of the MLMI Trust; (b) the Trustee's rights to prosecute the Nullity Suit against ORIX in Louisiana, seeking to nullify

---

[2] KeyCorp and KRECM are collectively, the "KeyCorp Entities."

the pre-petition judgment in favor of the MLMI Trust; and (c) the Trustee's rights to pursue the appeal of the pre-petition Louisiana Judgment in favor of the MLMI Trust in the Louisiana State Courts.

6. Thus, the alleged settlement unilaterally reduces and caps the MLMI Trust's potential recovery on its proof of claim based on the Louisiana judgment but leaves it wholly exposed to continuing, one-sided litigation with the Rafizadehs in a variety of forums.

7. The timing of the settlement came just days after this Court ordered SFE on January 17, 2008 to re-answer all of its discovery responses and to produce responsive documents, including SFE's mysterious so-called "patents" about which much has been said but nothing revealed.[3] The Court also ordered SFE to pay the Trustee's fees and expenses for the very expensive Motion to Compel hearing against SFE, wherein the Court found widespread examples of "patently false" testimony and repeated "gross violations" of the Federal Rules of Civil Procedure. Indeed, the Court understandably questioned whether SFE is a "legitimate" business because it operates so far outside of the commercial norms. It is this type of allegation—and many others—that are at the heart of the Adversary Proceeding being co-prosecuted by the Trustee and ORIX. Despite this Court's ruling on January 17, 2008, SFE has failed to produce the patents, patent applications, or Quickbook file ordered by the Court and now presumably will support the Trustee's requested abatement of this proceeding to avoid producing these items before the hearing on the anticipated Trustee's Rule 9019 motion.

8. The Trustee's settlement also came just days before Universal Sourcing and Azita Berglund were to produce documents in response to discovery requests propounded long ago. In

---

[3] SFE never produced the patents, patent applications, or Quickbook file ordered by the Court.

addition, Schumann Rafizadeh and SFE were in the process of supplementing their responses to discovery after this Court's strong message on January 17, 2008 about the illegitimate redacting of names from e-mails. Again, these parties will no doubt join in the Trustee's abatement request, hoping to avoid producing information that, in the case of Mr. Rafizadeh and SFE, they have wrongfully withheld thus far.

9. The Trustee's settlement came after ORIX produced documents responsive to SFE's Fourth, Fifth, and Sixth Requests for Production on standing and after SFE produced minimal documents responsive to ORIX's documents requests regarding SFE's compliance with Section 11.03(c) of the PSA.

10. There may be other pending discovery requests outstanding, particularly to third-parties.

## ARGUMENT

### A. ABATING THE OUTSTANDING DISCOVERY NOW PROVIDES LITTLE OR NO COST SAVINGS TO ANY PARTY.

11. Although no one can predict with certainty the ultimate outcome of the Rule 9019 hearing on whether to approve the compromise, if ORIX is correct in its opposition, then the parties will have lost precious time in preparing this case for its two-week trial in May. The purported cost-saving benefits of delay now are greatly outweighed by the increased costs that would result from a delay of the May trial date.

12. Notwithstanding ORIX's desire for ORIX and the Trustee to continue with a "full-court press" in the Adversary Proceeding, ORIX acknowledges that it would be inefficient to proceed with every pending matter in the Adversary Proceeding before the Rule 9019 hearing. For example, conducting depositions in Hong Kong would likely be uneconomical given the extreme cost of doing so.

13. But there is no similar cost-benefit rationale for abating discovery that was on the verge of being answered and that was or should be substantially complete. That is, the incremental effort or cost to complete the outstanding discovery should be relatively small. For example, Universal Sourcing's responses to discovery were due on January 22, 2008, and Universal Sourcing's counsel was already in possession of, reviewing, and bates-numbering the documents to be produced. SFE was ordered on January 17, 2008 to immediately produce the patents and patent applications and SFE's counsel was already in possession of the documents. There is simply no reason to stop short now. The same is true with respect to SFE's court-ordered supplementation and the offered supplementation by Azita Berglund[4] and Schumann Rafizadeh after this Court's clear disapproval of SFE's games and false testimony on January 17, 2008.

14. The parties have also been awaiting SFE's Court-ordered accounting since November 5, 2007. SFE's counsel represented to the Court that the accounting has been completed (and suggested to ORIX's counsel more than two months ago that the accounting would be completed within days). Thus, there is no reason to delay production of this accounting.

15. ORIX is not asking the Court to allow the parties to propound new discovery requests in the Adversary Proceeding between now and the hearing on the Rule 9019 motion.[5] Rather, ORIX simply asks that the Court permit and require that currently outstanding and

---

[4] Ms. Berglund's counsel repeatedly represented that she had no responsive documents to produce in response to the Trustee's and ORIX's discovery requests. After counsel expressed repeated disbelief as to how she could not have a single responsive document, Ms. Berglund agreed to supplement after the January 17, 2008 hearing on the Motion to Compel against SFE. However, Ms. Berglund has not done so.

[5] Of course, this is without prejudice to ORIX's right to conduct discovery pertinent to the Motion to Compromise itself and the anticipated hearing thereon in the jointly administered bankruptcies of the Debtors.

scheduled discovery go forward in accordance with the Rules and prior requests and notices. Although this is mostly written and document discovery, as of now, the parties do have the long-awaited deposition of Universal Sourcing scheduled for February 5 as well.[6] That deposition should go forward.

### B. THE OUTSTANDING DISCOVERY SHOULD NOT BE ABATED BECAUSE IT IS RELEVANT TO THE TRUSTEE'S ANTICIPATED 9019 MOTION.

16. In addition, the outstanding discovery is relevant to the hearing on the to-be-filed Rule 9019 Motion to Compromise since it is reasonably calculated to lead to the discovery of admissible evidence as to the reasonableness of the settlement amount and terms and whether the Trustee was fully informed when he agreed to it.

17. Indeed, the discovery misconduct of at least certain defendants has hampered a full and fair review of the settlement's reasonableness. For example, the Trustee's and ORIX's requests for evidence of any legitimate business enterprise from the Adversary Defendants have consistently been met with refusals, evasions, and falsehoods, including false testimony from SFE before this Court. It is impossible to evaluate the settlement without having SFE correct its prior false discovery responses and produce long-withheld documents.

18. Moreover, because SFE was not a participant in the mediation, it appears that it is not paying a single penny toward the settlement. Yet SFE's accounting records will reveal very substantial assets that have flowed through that company in the range of approximately $20 million. That is exceedingly pertinent to a settlement that permits SFE to walk away paying nothing, particularly since pursuing this information has been unnecessarily expensive to the

---

[6] Although it has not ultimately been revealed who is to appear for Universal Sourcing on February 5, the effort by SFE to depose Vafa Motlagh in Hong Kong and related discussions certainly suggest that Vafa Motlagh is not the designated corporate representative of Universal Sourcing.

Trustee (and ultimately ORIX through the Funding Agreement) due to SFE's egregious discovery misconduct.

19. Similarly, there has been no cogent and trustworthy explanation for the multiple millions of dollars in assets transferred from URF (of which Mondona Rafizadeh was a 42.8% partner and on the eve of Mondona Rafizadehs bankruptcy) to SFE to Vafa Motlagh to Universal Sourcing, which was just days away from producing documents and two weeks away from producing a corporate representative for deposition.

20. There are serious questions remaining about substantial Rafizadeh assets and transactions about which the Trustee, by reaching a premature settlement, is choosing to remain uninformed. Allowing the outstanding discovery to be answered will assist the Court and the parties in assessing the reasonableness of the Trustee's settlement under applicable law. Given that this discovery should have been substantially completed already but for the delays and evasions of, and extensions granted to, the Defendants.

C. **THIS COURT SHOULD NEITHER DELAY NOR DENY THE MLMI TRUST DEFENDANTS' RIGHT TO DEFEND THEMSELVES FROM SFE'S BASELESS PENDING AND PROPOSED COUNTERCLAIMS AND THIRD-PARTY CLAIMS.**

21. Although the Trustee has informed the MLMI Trust Defendants that the Trustee is "working on" incorporating dismissal of SFE's third-party claims and counterclaims into the settlement, the currently signed term sheet does not dismiss them. Rather, SFE's counterclaims and third-party claims would remain pending against the MLMI Trust Defendants even upon approval of the proposed settlement in its present form. Consequently, the MLMI Trust Defendants should be afforded the opportunity to heard on February 7, 2008, so that the MLMI Trust may pursue the denial of SFE's proposed counterclaims and third-party claims for lack of standing, lack of jurisdiction, and/or failure to state a claim upon which relief can be granted. By

asking this Court to abate the Adversary Proceeding now, the Trustee is asking this Court to unnecessarily deprive the MLMI Trust Defendants of the right to defend themselves from SFE's claims.

WHEREFORE, ORIX and Wells Fargo pray that the Trustee's Motion be denied and for all other relief to which they may be entitled.

DATED: January 29, 2008.

Respectfully submitted,

**MUNSCH HARDT KOPF & HARR, PC**

By: /s/ David C. Mattka
David C. Mattka
State Bar No. 13231500
One American Center
600 Congress Avenue, Suite 2900
Austin, Texas 78701-3057
Telephone: (512) 391-6100
Fax: (512) 391-6149

Randall A. Rios
State Bar No. 16935865
Ruth A. Van Meter
State Bar No. 20661570
Bank of America Center
700 Louisiana, 46th Floor
Houston, Texas 77002
Telephone: (713) 222-1470
Fax: (713) 222-1475

- AND -

**JONES, WALKER, WAECHTER, POITEVENT, CARRÈRE & DENÈGRE, L.L.P.**

By: /s/ *Nan Roberts Eitel*
   Nan Roberts Eitel
   Louisiana Bar No. 19910
   The Watergate
   2600 Virginia Avenue, NW
   Suite 1113
   Washington, DC 20037
   Telephone: (202) 944-1105
   Fax: (202) 944-1109

   R. Patrick Vance
   Louisiana Bar No. 13008
   Southern District Texas Bar No. 30331
   201 St. Charles Avenue, 49th Floor
   New Orleans, Louisiana 70170
   Telephone: (504) 582-8000
   Fax: (504) 589-8302

   COUNSEL FOR ORIX CAPITAL MARKETS, LLC, AS THE SPECIAL SERVICER FOR THE TRUST FOR CERTIFICATEHOLDERS OF THE MERRILL LYNCH MORTGAGE INVESTORS, INC. MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 1999-C, ON BEHALF OF THE TRUST AND IN THE NAME OF WELLS FARGO BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE TRUST, AND WELLS FARGO BANK, N.A., TRUSTEE OF THE MLMI 1999-C1 TRUST

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via electronic means or by regular first class mail on all parties listed below on this 29th day of January, 2008:

Rodney Tow
Tow & Koenig, PLLC
26219 Oak Ridge Drive
The Woodlands, TX  77380
**Chapter 7 Trustee**

Gary Cruciani
Leonard A. Hirsh
Karen E. Sprole
Diamond McCarthy Taylor Finley & Lee LLP
1201 Elm Street, Suite 3400
Dallas, TX  75270

Kyung S. Lee
Jason M. Rudd
Clifford H. Walston
Two Houston Center
909 Fannin, Suite 1500
Houston, TX  77010
**Counsel for Chapter 7 Trustee**

Matthew S. Okin
Okin & Adams LLP
1113 Vine St., Suite 201
Houston, TX  77002
**Counsel for KeyCorp**

Stephen H. Kupperman
Barrasso Usdin Kupperman Freeman
& Sarver, L.L.C.
909 Poydras Street, Suite 1800
New Orleans, LA 70112
**Counsel for Rodrick L. Hughes and Main & Marietta, LP**

Andrew R. Harvin
Peter B. Wells
Doyle, Restrepo, Harvin & Robbins, LLP
JPMorgan Chase Tower
600 Travis Street, Suite 4700
Houston, TX  77002
**Counsel for Rodrick L. Hughes and Main & Marietta, LP**

Jon P. Bohn
Bohn & Ducloux
806 Main Street, Suite 1411
Houston, TX  77002
**Counsel for Super Future Equities, Inc.**

Jeffrey Wayne Glass
8980 Lakes at 610 Drive, Suite 250
Houston, TX  77054
**Counsel for Azita Management and Azita Berglund**

Robert L. Paddock
Thompson & Knight LLP
333 Clay, Suite 3300
Houston, TX  77002
**Counsel for Universal Sourcing, LLC**

Matthew J. Schroder
Gardere Wynne Sewell LLP
1601 Elm Street, Suite 3000
Dallas, TX  75201
**Counsel for UBS Warburg**

/s/ Ruth A. Van Meter
Ruth A. Van Meter