IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br>CYRUS II, LP,<br>BAHAR DEVELOPMENT, INC., AND<br>MONDONA RAFIZADEH, *ET AL.*<br><br>Debtors. | § CASE NO. 05-39857-H1-7<br>§ (Jointly Administered)<br>§<br>§<br>§<br>§ Chapter 7<br>§ |
| RODNEY D. TOW,<br>AS THE CHAPTER 7 TRUSTEE FOR<br>CYRUS II, L.P., *ET AL.*<br><br>Plaintiffs,<br><br>vs.<br><br>SCHUMANN RAFIZADEH, *ET AL.*,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§ ADVERSARY PROCEEDING<br>§ NO. 07-03301<br>§<br>§<br>§<br>§<br>§ |

### ORIX CAPITAL MARKETS, L.L.C.'S, ORIX USA CORPORATION'S AND WELLS FARGO BANK, N.A.'S OPPOSITION TO THE TRUSTEE'S SECOND EMERGENCY MOTION TO ABATE THE ADVERSARY PROCEEDING

ORIX Capital Markets, L.L.C., Special Servicer of the MLMI 1999-C1 Trust ("ORIX") and ORIX USA Corporation ("ORIX USA") (collectively, the "ORIX Defendants") and Wells Fargo Bank, N.A., Trustee of the MLMI 1999-C1 Trust ("Wells Fargo") (collectively, the "MLMI Trust Defendants"), file this Opposition to the Trustee's Second Emergency Motion to Abate the Adversary Proceeding (Doc. No. 470), filed January 29, 2008, and respectfully represent as follows:

### ARGUMENT

1.  Notwithstanding the Trustee's Second Motion to Abate, virtually every reason to deny full abatement that the MLMI Trust Defendants offered in their January 29 Opposition is still probative and still demonstrates that two aspects of the Adversary Proceeding should not be

**ORIX'S AND WELLS FARGO'S RESPONSE TO SECOND MOTION TO ABATE – PAGE 1**

Houston 1048499_1 6167.43

abated: (a) the February 7 evidentiary hearing on SFE's standing to assert its counterclaims and third-party claims against the MLMI Defendants, and (b) the pending and outstanding discovery to various Defendants and third-parties, including all necessary supplementation.

A.  **THE PROPOSED SETTLEMENT MERELY CALLS FOR THE SFE CLAIMS TO BE DISMISSED WITHOUT PREJUDICE; THEREFORE, ABATING THE FEBRUARY 7 HEARING WILL NOT LEAD TO A CONCLUSIVE AND FINAL ADJUDICATION EVEN IF THE TRUSTEE'S MOTION TO COMPROMISE IS APPROVED.**

2. Although the Trustee has now apparently re-negotiated the settlement (but with no signed term sheet reflecting any new terms) to provide for SFE's dismissal of its counterclaims and third-party claims, the Trustee neglects to disclose in his Second Motion to Abate that SFE's dismissal would be **without** prejudice.

3. A dismissal without prejudice does not make SFE's lack of standing "moot," as the Trustee alleges. Even if the Trustee's compromise is approved, SFE's claims will remain unresolved and will not be *res judicata*, leaving the MLMI Trust defendants exposed to these same claims in the future.

4. The breach of fiduciary duty and negligence claims SFE brought against the MLMI Defendants are nothing more than an attempt to obtain leverage over ORIX and somehow distract attention from the Rafizadehs' frauds. Dismissal "without prejudice" permits that tactic to continue.

5. Indeed, SFE would be immediately free to shop for a new forum in which to assert the same claims - a forum in which SFE has provided "false answers," made "multiple misrepresentations," and testified in an, "at best, . . .reckless manner."[1] The proposed dismissal

---

[1] Order (entered January 30, 2008), Doc. No. 476.

without prejudice and abatement of the standing hearing is simply and plainly SFE's invitation to "forum shop." SFE chose to assert its counterclaims in this forum, and SFE chose not to dismiss its counterclaims with prejudice. Accordingly, SFE should not be heard to complain about having to defend its standing to assert the counterclaims in this forum.

6. Extending the Trustee's proposed abatement to the February 7 standing hearing between SFE and the MLMI Trust Defendants would make sense only if SFE were dismissing its claims with prejudice. Then, in that circumstance, if the Trustee's compromise were approved, SFE and the MLMI Trust Defendants would potentially realize some small cost-savings from deferring the February 7 hearing.[2]

7. Moreover, the Trustee is not a party to the SFE counterclaims and third-party claims, and the Trustee will not incur any costs if the February 7 hearing proceeds. There is no benefit to the Estates if the February 7 hearing is abated.

8. An abatement now would result in substantial prejudice to the MLMI Trust Defendants after they have expended significant time, effort, and money to defend against SFE's claims and prepare for next week's hearing.[3]

9. It is particularly ironic that the Trustee argues the settlement "buys peace" and the failure to abate the entire proceeding deprives the Defendants of the peace they are trying to buy. In agreeing that SFE dismiss its claims against the MLMI Trust Defendants without prejudice - which SFE likely embraced with relief after the admonitions it received from this Court on

---

[2] At this point, however, any cost-savings would be minuscule. ORIX has produced thousands of pages of documents, filed several briefs and motions in response to the SFE counterclaims, propounded discovery on the counterclaims, and is fully prepared to proceed with the evidentiary hearing on February 7. There is little cost to be deferred or avoided at this point, other than the actual hearing itself.

[3] It should be noted that this Court has discretion to award attorneys' fees and costs if the counterclaims are dismissed without prejudice. ORIX and Wells Fargo reserve all rights to seek attorneys' fees and costs.

January 17 - the Trustee not only failed to obtain peace on these counterclaims, he ensured a future war in a different forum.

**B. ALTHOUGH THE COURT DOES NOT TRY THE UNDERLYING CLAIMS ON A MOTION TO COMPROMISE, THE COURT MUST EVALUATE THE MERITS OF THE CLAIMS BEING SETTLED AND MAKE A REASONED JUDGMENT ABOUT THE PROBABLE OUTCOME OF THE LITIGATION.**

10. The Trustee argues that the pending and outstanding discovery - including the correction of SFE's false answers and misrepresentations and production of withheld documents - should not be pursued because the Trustee need not conduct a "full mini-trial" on the merits of the claims being settled.

11. ORIX concurs that the Court need not adjudicate the entirety of the underlying case in evaluating the compromise. If that were so, then the case should not and could not be settled until every bit of contemplated and necessary discovery for the Adversary Proceeding was completed, such as discovery of foreign entities that received transfers of multiple millions of dollars of Rafizadeh assets, including but not limited to, Wellspring Sourcing, Flash VOS Pty, and One World Future Pty.

12. Nevertheless, the Court must be provided facts permitting it to make a reasoned judgment on the merits of the claims being settled. Part of making an informed judgment is understanding the complicated relationships between the parties, and the pending discovery is probative of that and other related matters.

13. In the seminal case on approval of bankruptcy settlements, the Supreme Court clearly articulated that a court must have "some basis for distinguishing between well-reasoned conclusions arrived at after a comprehensive consideration of all relevant factors, and mere boilerplate approval phrased in appropriate language but unsupported by evaluation of the facts

or analysis of the law." *Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 434 (1968).

14.     In *TMT Trailer*, the Supreme Court reversed a bankruptcy settlement approved by both the District Court and the Fifth Circuit Court of Appeals because of an insufficient record:

> Here there is no explanation of how the strengths and weaknesses of the debtor's causes of action were evaluated or upon what grounds it was concluded that a settlement which allowed the creditor's claims in major part was "fair and equitable." Although we are told that the alternative to settlement was "extensive litigation at heavy expense" and "unnecessary delay," there is no evidence that this conclusion was based upon an educated estimate of the complexity, expense, and likely duration of the litigation. Litigation and delay are always the alternative to settlement, and whether that alternative is worth pursuing necessarily depends upon a reasoned judgment as to the probable outcome of litigation.
>
> The record before us leaves us completely uninformed as to whether the trial court ever evaluated the merits of the causes of actions held by the debtor, the prospects and problems of litigating those claims, or the fairness of the terms of compromise. More than this, the record is devoid of facts which would have permitted a reasoned judgment that the claims of action should be settled in this fashion.

*TMT Trailer*, 390 U.S. at 434, 440 - 41.

15.     This Court should cause the Defendants to produce the already overdue and outstanding discovery because, at a minimum, it permits the Court to be informed about matters about which the Trustee intentionally chose to remain uninformed by settling when he did, and the outstanding discovery could be probative of the relationships, in particular, between SFE and Universal Sourcing. These relationships are at the heart of this case after virtually every United Rafizadeh Family, LP asset - many millions of dollars - was transferred to and through them.

16.     The Trustee settled based on what he knew as of January 21. What he knew was, in part, wrong or substantially incomplete because he was misled by the Defendants' false answers and false testimony and wrongly withheld documents. Truthful and complete answers,

assuming the Defendants provide them, would help assess the reasonableness of the settlement decision the Trustee made on January 21.

17. Although the Trustee represents that the pending discovery would not have had a "material impact" on his assessment of a settlement value for the case,[4] it is surprising that he can make that representation when he does not know what the discovery supplementation will reveal. It was an exercise in poor judgment for him to have spent such substantial time and expense in pursuing, for example, true and correct responses to the SFE discovery (through three motions to compel, including the retention of a patent expert) and then to settle mere days before receiving that critical information for which he had fought so hard. In effect, if not design, an abatement now inhibits an objecting party from demonstrating that the Trustee failed to reasonably complete his investigation with information that was or would be readily available to him within a matter of days or after the settlement.

18. Given that this discovery should have been completed already and much of it is (or at least should be) ready to produce, there is no reason for the Trustee to deprive ORIX and the Court of this information that may be helpful in evaluating the reasonableness of the settlement.

19. Moreover, at a minimum, to determine the reasonableness of the settlement it is important to better understand the relationships between and among SFE, Universal Sourcing and the other Defendants. The only Defendant attending the mediation with the Trustee was Schumann Rafizadeh. Schumann Rafizadeh and the Trustee met themselves (along with Mondona Rafizadeh), without their counsel, and brokered their settlement that releases every

---

[4] Trustee's Second Motion to Abate, p. 6 (Doc. No. 470 filed January 29, 2008).

single defendant based on terms agreed to by Schumann Rafizadeh and only subsequently agreed to by the other defendants. Although the settlement does not specify the source of the funds to be paid to the Trustee, it does state that all funds remaining after payment of allowed claims shall be "returned to Schumann Rafizadeh, on behalf of the Settling Parties." It is at least curious that the Defendants contend SFE, Universal Sourcing, Wellspring Sourcing, and others have only arms-length legitimate relationships with Schumann Rafizadeh when the Settlement itself is *res ipsa loquitur* on the very issue at the heart of the case.

### C.   ORIX ONLY SEEKS COMPLETION OF PENDING DISCOVERY AND DOES NOT ASK THAT DISCOVERY CONTINUE UNABATED.

20.   The Trustee further suggests that ORIX is "demanding that discovery continue unabated." That is incorrect. Rather, ORIX simply asks that the already pending and noticed discovery be completed.

21.   As explained in ORIX's response to the First Motion to Abate, the incremental cost in completing the discovery should be minimal. And there should be no incremental cost to the Estates in having certain defendants complete and supplement the outstanding written discovery.

22.   Universal Sourcing was under an original deadline imposed by the Court to appear for a deposition by January 29 and to produce documents ten days in advance. The Trustee and ORIX extended those dates by agreement to production on January 22 and a deposition on February 5. Universal Sourcing's responses should be substantially complete, given that (a) Universal Sourcing did not participate in the mediation, (b) the term sheet was not circulated until January 22, and (c) no motion to abate discovery was filed until January 29, one week after the production's due date.

23. SFE was ordered on January 17 to re-answer all discovery, to begin a supplemental production immediately, and to complete its supplemental document production by February 1. As of January 22 - five days after that hearing - SFE had not produced a single additional document when the Trustee circulated the term sheet for SFE's review. As of the morning of January 31 - fourteen days after the hearing - SFE has not produced a single piece of paper related to the patents or its accounting. As of January 31, 24 hours before the Court's deadline, that discovery supplementation should be complete. If it is not, SFE has not taken the Court's January 17 ruling seriously.

24. Schumann Rafizadeh, Rodrick Hughes, and Azita Berglund were likewise prepared to supplement deficient responses. Indeed, it was Schumann Rafizadeh's improper redaction of emails to withhold witness names (belatedly adopted by SFE as its own production) that also prompted the Court to rule the production was improperly redacted. Mr. Rafizadeh's counsel promptly understood the issues caused for Mr. Rafizadeh by the SFE ruling and orally agreed to supplement his production.

25. If discovery is entirely abated, SFE in particular will have benefited from its discovery misconduct to the detriment of the Court's and ORIX's better understanding its business.

WHEREFORE, ORIX and Wells Fargo pray that the Trustee's Motion be denied as requested herein and for all other relief to which they may be entitled.

DATED: January 31, 2008.

        Respectfully submitted,

        **MUNSCH HARDT KOPF & HARR, PC**

By: */s/ David C. Mattka*
    David C. Mattka
    State Bar No. 13231500
    One American Center
    600 Congress Avenue, Suite 2900
    Austin, Texas 78701-3057
    Telephone: (512) 391-6100
    Fax: (512) 391-6149

    Randall A. Rios
    State Bar No. 16935865
    Ruth A. Van Meter
    State Bar No. 20661570
    Bank of America Center
    700 Louisiana, 46th Floor
    Houston, Texas 77002
    Telephone: (713) 222-1470
    Fax: (713) 222-1475

        – AND –

    **JONES, WALKER, WAECHTER,**
    **POITEVENT, CARRÈRE & DENÈGRE, L.L.P.**

By: */s/ Nan Roberts Eitel*
    Nan Roberts Eitel
    Louisiana Bar No. 19910
    The Watergate
    2600 Virginia Avenue, NW
    Suite 1113
    Washington, DC 20037
    Telephone: (202) 944-1105
    Fax: (202) 944-1109

R. Patrick Vance
Louisiana Bar No. 13008
Southern District Texas Bar No. 30331
201 St. Charles Avenue, 49th Floor
New Orleans, Louisiana 70170
Telephone: (504) 582-8000
Fax: (504) 589-8302

COUNSEL FOR ORIX CAPITAL MARKETS, LLC, AS THE SPECIAL SERVICER FOR THE TRUST FOR CERTIFICATEHOLDERS OF THE MERRILL LYNCH MORTGAGE INVESTORS, INC. MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 1999-C, ON BEHALF OF THE TRUST AND IN THE NAME OF WELLS FARGO BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE TRUST, AND WELLS FARGO BANK, N.A., TRUSTEE OF THE MLMI 1999-C1 TRUST

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via electronic means or by regular first class mail on all parties listed below on this 31st day of January, 2008:

Rodney Tow
Tow & Koenig, PLLC
26219 Oak Ridge Drive
The Woodlands, Texas 77380
**Chapter 7 Trustee**

Gary Cruciani
Leonard A. Hirsh
Karen E. Sprole
Diamond McCarthy Taylor Finley & Lee LLP
1201 Elm Street, Suite 3400
Dallas, Texas 75270
**Counsel for Chapter 7 Trustee**

Kyung S. Lee
Jason M. Rudd
Clifford H. Walston
Diamond McCarthy Taylor Finley & Lee LLP
Two Houston Center
909 Fannin, Suite 1500
Houston, Texas 77010
**Counsel for Chapter 7 Trustee**

Matthew J. Schroder
Jeremy Williams
Gardere Wynne Sewell LLP
1601 Elm Street, Suite 3000
Dallas, Texas 75201
**Counsel for UBS Real Estate Securities, Inc.**

Stephen H. Kupperman
Barrasso Usdin Kupperman Freeman
& Sarver, L.L.C.
909 Poydras Street, Suite 1800
New Orleans, Louisiana 70112
**Counsel for Rodrick L. Hughes and Main & Marietta, LP**

Andrew R. Harvin
Peter B. Wells
Doyle, Restrepo, Harvin & Robbins, LLP
JPMorgan Chase Tower
600 Travis Street, Suite 4700
Houston, Texas 77002
**Counsel for Rodrick L. Hughes and Main & Marietta, LP**

Jon P. Bohn
Bohn & Ducloux
806 Main Street, Suite 1411
Houston, Texas 77002
**Counsel for Super Future Equities, Inc.**

Jeffrey Wayne Glass
Attorney at Law
2401 Fountainview, Suite 1000
Houston, Texas 77057
**Counsel for Azita Management, Inc. and Azita Berglund, Individually**

Robert L. Paddock
Charlie Lestage
Thompson & Knight LLP
333 Clay Street, Suite 3300
Houston, Texas 77002
**Counsel for Universal Sourcing, LLC**

Matthew Scott Okin
Okin & Adams LLP
1113 Vine St., Suite 201
Houston, Texas 77002

Robert J. E. Edwards
Amy E. Hatch
David D. Ferguson
Polsinelli Shalton Flanigan Suelthaus PC
700 West 47th Street, Suite 1000
Kansas City, Missouri 64112
**Counsel for KeyCorp Real Estate Capital Markets, Inc.**

Edward L. Rothberg
Hugh M. Ray, III
Weycer Kaplan Pulaski and Zuber PC
1400 Summit Tower
11 Greenway Plaza
Houston, Texas 77046
**Co-Counsel for Schumann Rafizadeh**

John F. Higgins, IV
Thomas Andrew Woolley, III
Porter & Hedges LLP
1000 Main St, 36th Floor
Houston, Texas 77002-6336
**Counsel for Schumann Rafizadeh, Flash Vos, Inc., United Rafizadeh Family, L.L.P., Rafizadeh LLC, MBA Services, Inc., HOOBI, LP, HOOBIGP, LLC, HOAPT, LP, HOAPTGP, LLC, COOB, LP, COOBGP, LLC, ATOB, LP, ATOBGP, LLC, KEYLD, LP, HEYLDGP, LLC, KEYUT, LP, KEYUTGP, LLC and KEOBGP, LLC**

*/s/ Ruth A. Van Meter*
Ruth A. Van Meter