UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | |
| CYRUS II, L.P., BAHAR DEVELOPMENT, INC., and MONDONA RAFIZADEH | § § § | Jointly Admin. Under Case No. 05-39857-H1-7 |
| | § § | (Chapter 7) |
| Debtors. | § § | |
| | § § | |
| RODNEY D. TOW, AS THE CHAPTER 7 TRUSTEE, *ET AL*. | § § § | Adversary Proceeding No. 07-3301 |
| Plaintiffs. | § § § | |
| v. | § § | |
| SCHUMANN RAFIZADEH, *ET AL*, | § § § | |
| Defendants. | § | |

**DEFENDANT SCHUMANN RAFIZADEH'S SUPPLEMENTAL BRIEF IN SUPPORT OF REQUEST FOR DISCOVERY RELATED TO DOUBLE RECOVERY ON THE PROOF OF CLAIM FILED BY ORIX CAPITAL MARKETS, LLC (DOC. 425)***
***Set for oral argument on Thursday, May 15, 2008 at 9:00 a.m.**

This supplemental brief is being submitted to the Court to assist with the oral argument referred to above and disclose to opposing counsel additional authorities to be raised during that hearing. Orix Capital Markets, LLC, as Special Servicer for Wells Fargo Bank, N.A., Trustee on behalf of the Trust for the Certificate Holders of Merrill Lynch Mortgage Investors Mortgage Pass-Through Certificates Series 1999-C1 ("MLMI Trust") has agreed to the filing of this supplemental brief and Schumann Rafizadeh ("Rafizadeh") has agreed that the MLMI Trust can file a response by Tuesday May 13, 2009.[1] All arguments set forth in Rafizadeh's original brief are incorporated herein by reference.

---

[1] It is important to note that the MLMI Trust is the real party in interest in this case. Orix is not the real party in interest. It is merely the special servicer for the MLMI Trust whose trustee is Wells Fargo, N.A.

0479619

### PURSUANT TO RULE 17 OF THE FEDERAL RULES OF CIVIL PROCEDURE DEFENDANTS HAVE THE RIGHT TO ASSERT THAT WELLS FARGO AS TRUSTEE OF THE MLMI LACKS THE CAPACITY TO SEEK A DOUBLE RECOVERY IN VIOLATION OF THE TRUST AGREEMENT

Trusts established for certain specific purposes may contain restrictions on the capacity of the trustee to act. For instance, a trustee of a trust to pay for cancer treatment may be forbidden by the settlor from investing trust assets in cigarette stocks. The MLMI Trust contains a similar limitation on the actions of Wells Fargo, Trustee (and its agents). The Trustee, as a matter of capacity, may not violate REMIC[2] or take actions to jeopardize REMIC status. As discussed more fully below, under Rule 17 of the Federal Rules of Civil Procedure, Rafizadeh challenges the capacity of Wells Fargo, Trustee through Orix, to pursue this claim on behalf of the MLMI Trust. Rafizadeh believes the MLMI Trust has already been paid the entire amount claimed in this case and that any further or double recovery would violate REMIC. As such Rafizadeh asserts that the case should be dismissed because the Trustee is violating the limited capacity granted to it under the trust agreement to collect on a debt only once in order to avoid the receipt of prohibited income. In order to establish this point, Rafizadeh needs discovery on money received by the Trustee and applied to the Arlington loan.

For a trustee like a REMIC or indenture trustee to sue on behalf of a trust, the trustee must have the capacity to sue on behalf of the trust, granted by the instrument itself. *Thomas v. N.A. Chase Manhattan Bank*, 994 F.2d 236, 243 (5th Cir. 1993). In *Thomas,* the Fifth Circuit Court of Appeals remanded a case to district court for a determination of whether the plaintiff/trustee had capacity under the trust instrument to bring the lawsuit. It stated,

> Of course, in addition to satisfying Article III, <u>Thomas must have the capacity to sue on behalf of SLT. See Fed. R. Civ. P. 17(a)</u> ("Every action shall be prosecuted in the name of the real party in interest".). Rule 17(a) provides that a "trustee of an express trust … may sue in that person's own name without joining the party for whose benefit the action is brought …". "Courts must look to the

---

[2] "Real Estate Mortgage Investment Conduit", see generally 26 U.S.C. §860A-860F.

substantive law creating the right being sued upon to determine compliance with the real party in interest requirement …".  *Piambino v. Bailey*, 610 F.2d 1306, 1321 (5th Cir.), cert. denied, 449 U.S. 1011 (1980); see also *Lubbock Feed Lots, Inc. v. Iowa Beef Processors, Inc*., 630 F.2d 250, 256-57 (5th Cir. 1980).  Because SLT is a Missouri trust, we look to Missouri law to determine Thomas's capacity to sue on its behalf.  <u>Under that law, the trustee of an express trust has the power "to prosecute or defend actions, claims, or proceedings for the protection of trust assets and of the trustee in the performance of his duties", Mo. Rev. Stat. § 456.520(3)(25), **unless limited by the trust instrument**</u>, see Mo. Rev. Stat. § 456.510(1).  But, because the record is silent on whether the SLT trust instrument limits the trustee's ability to bring suit on its behalf, we cannot determine whether Thomas is the real party in interest, as required by Fed. R. Civ. P. 17(a).  We must remand, therefore, to the district court for findings of fact on that issue (emphasis supplied).

*Thomas v. Chase Manhattan Bank, N.A.*, 994 F.2d 236, 243 (5th Cir. 1993) (emphasis added).

The underlined portion of the quote indicates that all defendants have the right under Rule 17 to challenge the authority of the trustee to proceed with a particular claim or remedy under the terms of the trust.  Hence, a trustee's violation of the terms of a trust is not merely a breach to be resolved between the trustee and the settlors or the beneficiaries.  This is an issue that can be raised by the defendant in a lawsuit filed by a trustee even where the defendant is not a party to the trust agreement.    This was the precise holding of Judge Rosenthal in *Nationsbank, N.A. v. McGraw-Hill Co*., 1996 U.S. Dist. LEXIS 22414 (S.D.Tex. 1996).   There, the defendants specifically moved to dismiss the tort claims of the plaintiff/trustee on grounds of standing because such claims were not authorized by the trust agreement.  Judge Rosenthal stated,

> The Indenture Trustee derives its authority and power from the Trust Indenture. "Unlike the ordinary trustee, who has historic common-law duties imposed beyond those in the trust agreement, an indenture trustee's … duties and obligations are exclusively defined by the terms of the indenture agreement." *Meckel v. Continental Resources, Inc*., 758 F.2d 811, 816 (2d Cir. 1985).  "<u>The rights and powers of the [Indenture] Trustee are a function of the Trust Indenture and cannot be generally expanded in contradiction of the Indenture by reference to broad common law principles.</u>" (citations omitted)  . . . The Trust authorizes the Indenture Trustee to pursue specified remedies to enforce rights "under this Indenture" in the event of a default. The specific remedies include: (a) declaring the principal and interest on the bonds due; (b) enforcing the rights of the

> bondholders by suit; (c) suing upon the bonds; (d) enjoining unlawful activities under the indenture; and (e) applying for the appointment of a receiver. Trust Indenture § 8.02. <u>The Trust does not authorize the Trustee to bring a tort action against a third-party for losses arising from the third-party's ratings of the muni-bonds and GIC.</u> *National City Bank*, 409 N.W.2d at 867; see *Continental Bank*, 1990 U.S. Dist. LEXIS 11624, 1990 WL 129452 at *4-5; see also *Central Bank of Denver, N.A. v. Deloitte & Touche*, 928 P.2d 754, 1996 WL 123182 (Colo.App. 1996); cf. *United Bank of Arizona v. Sun Mesa Corp.*, 119 F.R.D. 430, 431 (D.Ariz. 1988). <u>No provision in the Trust Indenture authorizes the Indenture Trustee to bring an action for fraud and negligence against a third-party, such as defendant McGraw-Hill (emphasis supplied).</u>

*Nationsbank, N.A. v. McGraw-Hill Co.*, 1996 U.S. Dist. LEXIS 22414, 15-16 (S.D. Tex. 1996). On this basis, Judge Rosenthal dismissed the tort claims asserted by the plaintiff/trustee against the defendants.

The same result was reached in *Premier Bank v. Tierney*, 114 F.Supp.2d 877, 880 (W.D. Mo. 2000). There, the plaintiff was the trustee for industrial revenue bonds. The trustee brought a claim for negligence against a former director of the obligor. At the behest of the defendant, the Court dismissed the negligence claim because it was not authorized by the trust agreement.

The MLMI Trust is a New York Trust. The authority of a trustee acting under New York state law is enumerated in N.Y. CLS EPTL § 11-1.1(b), **subject to any limitations specified in the trust agreement**. *Dye v. Lewis*, 67 Misc.2d 426, 427; 324 N.Y.S.2d 172, 175 (N.Y.Sup.Ct. 1971). *Emphasis added*. Furthermore, N.Y.CLS EPTL § 7-2.4 expressly states:

> If the trust is expressed in the instrument creating the estate of the trustee, every sale, conveyance or other act of the trustee in contravention of the trust, except as authorized by this article and by any other provision of law, is **void**.

An action in contravention of a trust can be declared invalid by the court. *Schaefer v. Fisher*, 137 Misc. 420, 421; 242 N.Y.S. 308, 309; (N.Y.Sup.Ct. 1930). In Schaefer, the trustee conspired to sell property in violation of the trust agreement and a creditor had standing to object to the action and seek damages for the sale.

Here, the trust instrument[3] specifically prohibits the following actions, any one of which would void the Trustee's actions as taken without capacity.

a. Sections 3.20(d). 3.20(e) and 10.1(i) of the PSA specifically state that the Trust's servicer (Orix) may not take action to cause the trust to fail to qualify as a REMIC trust under the Code or result in the imposition of any tax on prohibited transactions.

b. The Trustee is "prohibited from collecting prohibited income." A REMIC trust may hold only principal, interest, and permitted investments such as foreclosure property. The Trust is required to apply all recoveries to principal and interest only, such that all money received is applied to pay principal and interest.[4]

c. Likewise, when the trust passes through a loss and issues a certificate of non-recoverability, the trust cannot then collect – such collection would not be able to be applied to principal and interest and would result in prohibited income.

d. Any asset that is held by the Trust that is not a "permitted asset" could result in forfeiture of the entire REMIC qualification. Any accounting malfeasance would have the same result. Thus, the Trustee and the servicer are required to promptly and correctly account and hold only permitted assets – namely, real estate loans.

e. The Trustee and Servicer's capacity is specifically limited to defined "servicing standards" If the collection would cause the violation of those standards, the trust lacks capacity to collect.

Rafizadeh, like all parties to litigation, has the right under Rule 17 to challenge capacity of a trustee to file suit. As indicated above, this applies even when the defendant is not a beneficiary of the trust. The Defendants in this case likewise have standing to point out that the Trustee through Orix is not authorized to collect on the claim and to request the Court to declare Orix's actions in contravention of the trust document void. However, Rafizadeh needs discovery in order to establish this defense. To date, the Court has improperly restricted Rafizadeh from

---

[3] The trust was created by a document called the "Pooling and Servicing Agreement" ("PSA"). The PSA is attached as Exhibit "A" to Docket # 88 of Adv. No. 05-3715.

[4] See generally section 2.03 of the PSA.

seeking such discovery. Rafizadeh respectfully urges the Court to permit discover on the double recovery issue and grant such other and further relief as is just and proper.

DATED: May 9, 2008

Respectfully Submitted,

WEYCER, KAPLAN, PULASKI & ZUBER, P.C.

By: ___/s/ Hugh M. Ray, III_____
     EDWARD L. ROTHBERG
     State Bar No. 17313990
     HUGH M. RAY, III
     State Bar No. 24004246
     JESSICA L. HICKFORD
     State Bar No. 24055661
     Eleven Greenway Plaza, Suite 1400
     Houston, TX 77046
     Telephone:   (713) 961-9045
     Facsimile:   (713) 961-5341

**Attorneys for Schumann Rafizadeh**

## CERTIFICATE OF SERVICE

       I hereby certify that a true and correct copy of the foregoing was served by electronic mail and/or first class mail, postage prepaid, on the 9th day of May, 2008, on the following parties:

**Chapter 7 Trustee**
Rodney Tow
Tow & Koenig, PLLC
10077 Grogans Mill Road, Suite 145
The Woodlands TX 77380

**Chapter 7 Trustee's Counsel**
Gary Cruciani
Leonard A. Hirsch
Karen E. Sprole
Diamond McCarthy Taylor Finley & Lee LLP
1201 Elm Street, Suite 3400
Dallas, TX 75270

Kyung S. Lee
Jason M. Rudd
Clifford H. Walston
Two Houston Center
909 Fannin, Suite 1500
Houston, TX 77010

Nan Roberts Eitel
Jones Walker Waechter Poitevent Carrère & Denègre, LLP
The Watergate
2600 Virginia Avenue, NW, Suite 1113
Washington, DC 20037
**Counsel for Orix Capital Markets, LLC,**

Ben B. Floyd
Randall A. Rios
Lynn Chuang Kramer
Munsch Hardt Kopf & Harr, PC
Bank of America Center
700 Louisiana, 46th Floor
Houston, TX 77002
**Counsel for Orix Capital Markets, LLC**

Stephen H. Kupperman
Barrasso Usdin Kupperman Freeman & Sarver, L.L.C.
909 Poydras Street, Suite 1800
New Orleans, LA 70112
**Counsel for Rodrick L. Hughes and Main & Marietta, LP**

Andrew R. Harvin
Peter B. Wells
Doyle, Restrepo, Harvin & Robbins, LLP
JPMorgan Chase Tower
600 Travis Street, Suite 4700
Houston, TX 77002
**Counsel for Rodrick L. Hughes and Main & Marietta, LP**

Jon P. Bohn
Bohn & Ducloux
806 Main Street, Suite 1411
Houston, TX 77002
**Counsel for Super Future Equities, Inc.**

Jeffrey Wayne Glass
8980 Lakes at 610 Drive, Suite 250
Houston, TX 77054
**Counsel for Azita Management and Azita Berglund**

Barnet B. Skelton, Jr.
Barnet B. Skelton, Jr., P.C.
1111 Bagby, 47th Floor
Houston, TX 77002
**Counsel for Universal Sourcing, LLC**

Matthew S. Okin
Okin & Adams LLP
1113 Vine St., Suite 201
Houston, Texas 77002
**Counsel for Keycorp.**


           */s/ Hugh M. Ray, III*
           Hugh M. Ray, III

0479619

Case 07-03301   Document 586   Filed in TXSB on 05/09/08   Page 8 of 8