UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | |
| CYRUS II, L.P., BAHAR DEVELOPMENT, INC., and MONDONA RAFIZADEH | § § § § | Jointly Admin. Under Case No. 05-39857-H1-7 (Chapter 7) |
| Debtors. | § § | |
| RODNEY D. TOW, AS THE CHAPTER 7 TRUSTEE, *ET AL.* | § § § § | Adversary Proceeding No. 07-3301 |
| Plaintiffs. | § § | |
| v. | § § | |
| SCHUMANN RAFIZADEH, *ET AL*, | § § § | |
| Defendants. | § | |

**DEFENDANT SCHUMANN RAFIZADEH'S MOTION FOR
PARTIAL SUMMARY JUDGMENT ON COUNT 14 (ALTER EGO) AND
ON COUNT 13 (SINGLE BUSINESS ENTERPRISE)**

> THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 20 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING. REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEYS.
>
> **THERE WILL BE A HEARING ON THIS MOTION ON AUGUST 14, 2008 AT 1:30 P.M. IN COURTROOM 404, 515 RUSK HOUSTON, TEXAS.**

Schumann Rafizadeh, Defendant, hereby moves for the Court to grant partial Summary Judgment dismissing Count 14 (Alter Ego) of the Original Complaint, and to reconsider its decision on Count 13 (Single Business Enterprise). In support, Mr. Rafizadeh would show the Court:

**Summary**

1.      Plaintiffs petition this Court to pierce the corporate or partnership veil of all "Rafizadeh Entities" based on a cause of action entitled "alter ego". Alter ego is a remedy, not a cause of action, and it is exclusively a remedy for actual fraud. As discussed below the Fifth Circuit has held in the context of an alter ego case that the phrase "actual fraud" means what this Court called "representational fraud" (i.e. misrepresentation of a material fact with intention to induce action or inaction, reliance on the misrepresentation by a person who, as a result of such reliance, suffers injury). Moreover, according to the Texas Supreme Court, this definition of fraud is applicable regardless of whether the plaintiff is attempting to pierce the corporate veil by utilizing either an alter ego or single business enterprise theory. The complaints filed in this case do not allege a single instance where any of the Defendants made a representation to any of the Plaintiffs or any creditor. In fact, during testimony, the Plaintiffs conceded that no defendant made any such misrepresentation. Without such a showing, the Plaintiffs cannot succeed on either an alter ego or single business enterprise claim.

**Summary Judgment Evidence Submitted**

2.      Evidence submitted with respect to the Defendant's Partial Motion for Summary Judgment includes:

- Plaintiffs' Original Complaint verified by Saul Solomon, Managing Director at UHY Advisors TX, L.P.;
- Plaintiffs' Supplemental Complaint verified by Saul Solomon, Managing Director at UHY Advisors TX, L.P.;
- Plaintiff's Second Supplemental Complaint verified by Greg May, Director and Senior Litigation Counsel of ORIX USA Corporation and Assistant Secretary of ORIX Capital Markets, LLC; and
- Testimony from hearings before this Court cited in this Motion.

**Background of Facts**

3. On June 21, 2007, the Chapter 7 Trustee and Orix Capital Markets, LLC ("Orix") filed the Complaint to recover funds from a number of defendants including Schumann Rafizadeh.[1] The Complaint asserts seventeen causes of action including breach of fiduciary duty, conspiracy, suit on account, single business enterprise and substantive consolidation (already dismissed).[2]

4. Count 14 asks this Court to pierce the corporate or partnership[3] veil of each Rafizadeh entity to force each one to become jointly and severally liable to the Trustee and Orix for damages sought in the Complaint and make all entities liable for debts of the Debtors.[4]

5. Prior to these bankruptcy proceedings, Orix filed two separate suits in Louisiana state court.[5] The first, an action to recover from Mondona, BDI and Cyrus II, was filed in 2001 under a breach of contract and guarantor liability theory.[6] The second suit, filed in 2005, asserted revocatory actions under Louisiana law ("LA SBE Action").[7] Prior to the injunction hearing in the second suit, the judgment debtors in the second suit filed for bankruptcy.[8] The Trustee substituted into the LA SBE Action as the proper party plaintiff in 2006.[9]

---

[1] Docket number #1 of adversary proceeding 07-03301.
[2] Id.
[3] Alter ego is inapplicable with regard to a partnership because there is no veil that needs piercing, even when dealing with a limited partnership, because the general partner is always liable for the debts and obligations of the partnership to third parties. Pinebrook Props., Ltd. v. Brookhaven Lake Prop. Owners Ass'n, 77 S.W.3d 487, 500 (Tex. App. Texarkana 2002).
[4] Docket # 1 at paragraph 339.
[5] Docket # 1 at paragraphs 52 and 117.
[6] Docket # 1 at paragraph 52.
[7] Docket # 1 at paragraph 117.
[8] See Docket #1 for Bankruptcy case No. 05-39859, *In re Mondona Rafizadeh*; Docket #1 for Bankruptcy case No. 05-39858, *In re Bahar Development, Inc.*; Docket #1 for Bankruptcy case No. 05-39857, *In re Cyrus II Partnership*.
[9] Docket #404 at paragraph 20 in Bankruptcy case No. 05-39857.

6. In 2007, the Louisiana court dismissed, without prejudice, the causes of action in the LA SBE Action.[10] Actual fraud or what this Court calls "representational fraud" by any of the <u>current</u> Defendants was never included in any of the causes of action brought by Orix or the Trustee from 2001-2007.[11]

7. Judgment was rendered in Louisiana against Cyrus II, BDI, and Mondona Rafizadeh based upon a contract executed through Cyrus' general partner BDI acting through its president, Mondona Rafizadeh.[12] The Louisiana Court rendered this judgment, in part, due to the actions of Cyrus II in submitting false rent rolls for the Arlington property.[13] Accordingly, the court found "fraud" by Cyrus II.[14] However, the LA SBE Action did not allege the required representational fraud by any of the <u>current</u> Defendants and the suit for breach of contract did not contain any fraud allegations against the LA SBE Action defendants.[15] No fraud finding of any kind was ever rendered against any Defendant in this proceeding.[16]

8. At no time in this litigation has Orix asserted that representational fraud was perpetuated by any of the Defendants.[17] The <u>only allegation</u> of fraud was asserted against Mondona Rafizadeh, a non-defendant.[18] Plaintiffs have not brought causes of action alleging

---

[10] Docket # 1 at paragraph 355.
[11] Original, First Amended, Second Amended, Third Amended, and Fourth Amended Petitions in case No. 617,514 in the Twenty Fourth Judicial District Court for the Parish of Jefferson, State of Louisiana.
[12] Docket # 1 at paragraph 52.
[13] Id.
[14] Id.
[15] Original, First Amended, Second Amended, Third Amended, and Fourth Amended Petitions in case No. 617,514 in the Twenty Fourth Judicial District Court for the Parish of Jefferson, State of Louisiana.
[16] Orix sued Mondona in Adversary case No. 05-3715 claiming Mondona's debt to Orix should be discharged due to fraud. Orix lost its summary judgment motion and eventually dismissed the adversary proceeding. Mondona has since been dismissed from this case, with prejudice.
[17] See Docket entry #1, 290, and 520 in Adversary case No. 05-3301.
[18] Docket # 1 at paragraph 52.

fraud against Mondona in their Complaint.[19] Plaintiffs have failed to show how Mr. Rafizadeh or any of the other Defendants used BDI to perpetuate fraud against Orix in this transaction.[20]

9. Of those entities that are accused of being the alter ego of BDI, many of those entities did not exist as of the date of the Arlington Loan. Others existed, but were unknown to Love Funding in originating the loan. As conceded by the Plaintiffs,[21] the following entities did not exist as of the creation of the Arlington Loan:

   a. Super Future Equities, LLC

   b. Flash Vos Pty, Ltd.

   c. Wellspring Sourcing, Ltd.

   d. Universal Sourcing, LLC

   e. One World Sourcing, Ltd.

   f. All of the "Alphabet Soup" entities

   g. Main & Marietta, L.P. and

   h. Mainmar, LLC

10. Since none of the entities existed, at the time the Arlington Loan was made, or for that matter the time that any creditor in this case existed, they could not have made fraudulent misrepresentations which could render them liable as alter egos for the debts of these bankruptcy estates.

---

[19] See Docket entry #1, 290, and 520 in Adversary case No. 05-3301.
[20] Id.
[21] See Complaint at ¶67 (COOB), 112 (Alphabet Soup); 120 (SFE); 132 (Hughes Entities). See First Amended Complaint at ¶ 370 (One World Future, Pty. Ltd.); 369 (Flash Vos Pty., Ltd.); 374 (Wellspring Sourcing, Ltd.).

**Summary Judgment Standard**

11. The Court is readily familiar with the Summary Judgment standard, so the talismanic *Celotex* case is not recited here. As this Court correctly and completely stated the legal standard:

> A party seeking summary judgment may demonstrate: (i) an absence of evidence to support the non-moving party's claims or (ii) the absence of a genuine issue of material fact. *Warfield v. Byron*, 436 F.3d 551, 557 (5th Cir. 2006); *Condrey v. SunTrust Bank of Ga.*, 429 F.3d 556, 562 (5th Cir. 2005). Material facts are those that could affect the outcome of the action or could allow a reasonable fact finder to find in favor of the non-moving party. *DIRECTV, Inc. v. Budden*, 420 F.3d 521, 529 (5th Cir. 2005).
>
> The evidentiary support needed to meet the initial summary judgment burden depends on whether the movant bears the ultimate burden of proof at trial. At all times, a court views the facts in the light most favorable to the non-moving party. *Rodriguez v. ConAgra Grocery Products, Co.*, 436 F.3d 468, 473 (5th Cir. 2006). However, to weigh evidence would result in a credibility determination which is not part of the summary judgment analysis. *Hunt v. Rapides Healthcare Sys., LLC*, 277 F.3d 757, 762 (5th Cir. 2001); See *MAN Roland, Inc. v. Kreitz Motor Express, Inc.*, 438 F.3d 476, 478 (5th Cir. 2006). A court is not obligated to search the record for the non-moving party's evidence. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003).
>
> If the movant bears the burden of proof, a successful motion must present evidence that would entitle the movant to judgment at trial. *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003); *Beck v. Tex. State Bd. of Dental Exam'rs*, 204 F.3d 629, 633 (5th Cir. 2000). Upon an adequate showing, the burden shifts to the non-moving party to establish a genuine issue of material fact. *Warfield*, 436 F.3d at 557. The non-moving party has a duty to respond with specific evidence demonstrating a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); *Wheeler v. BL Dev. Corp.*, 415 F.3d 399, 402 (5th Cir. 2005). When identifying specific evidence in the record, the non-movant must articulate how that evidence supports its position. *Johnson v. Deep E. Texas Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004).

*Padilla v. Wells Fargo Home Mortg., Inc. (In re Padilla)*, 2007 Bankr. LEXIS 2655 (Bankr. S.D. Tex. August 3, 2007).

**Fraudulent Transfer is Not Actual Fraud**

12. Throughout the hundred-plus pages of Plaintiffs' Complaint, Supplemental Complaint, and Second Supplemental Complaint, the word "fraud" is used numerous times. However, Plaintiffs have somehow reasoned that "avoidable fraudulent transfers" constitute actual common law or representational fraud. Plaintiffs either are equivocating or are simply unaware of the distinction.

13. The Texas Supreme Court described the distinction between a "fraudulent conveyance" and "actual fraud" in *Nobles v. Marcus*, 533 S.W.2d 923, 925 (Tex. 1976), where it stated,

> A fraudulent conveyance is a transfer made by a debtor with the intent to hinder, delay, or defraud his creditors by placing the debtor's property beyond the creditors' reach. Fraudulent conveyance requires a technical pleading that relies on specific allegations, including one that alleges the transfer to have been a fraud against the rights of the creditors; ***it is in addition to, and separate from, an action for fraud.***(emphasis supplied).

14. Thus, a fraudulent conveyance is "a conveyance or transfer of property, the object of which is to put such property beyond the reach of creditors."[22] This definition differs distinctly from actual fraud, which, as discussed below requires a misrepresentation made with intent to deceive or cheat another. A fraudulent transfer does not require such a showing. Fraudulent transfer is not actual fraud.

**Alter Ego Requires a Showing of Actual Fraud**

15. The theory of alter ego as a means to pierce the corporate veil and hold shareholders liable for acts of their corporations was set out by the Texas Supreme Court in *Castleberry v. Branscum*, 721 S.W.2d 270 (Tex. 1986).

---

[22] Black's Law Dictionary (6th ed. 1990).

16. Post-*Castleberry*, changes made by the Texas legislature prevented contractual liability under an alter ego theory absent a showing of actual fraud by amending Tex. Bus. Corp Act art 2.21 (Vernon Supp. 1999). It states as follows:

> A holder of shares, an owner of any beneficial interest in shares, or a subscriber for shares whose subscription has been accepted, or any affiliate thereof or of the corporation, shall be under no obligation to the corporation or to its obligees with respect to: . .(2) any contractual obligation of the corporation *or any matter relating to or arising from the obligation* on the basis that the holder, owner, subscriber, or affiliate is or was the alter ego of the corporation, or on the basis of actual fraud or constructive fraud, a sham to perpetrate a fraud, or other similar theory, ***unless the obligee demonstrates that the holder, owner, subscriber, or affiliate caused the corporation to be used for the purpose of perpetrating and did perpetrate an actual fraud on the obligee primarily for the direct personal benefit of the holder, owner, subscriber, or affiliate;***

The Court should note that since Art 2.21 applies to owners as well as affiliates that it can be utilized for both "vertical" and "horizontal" veil piercing.

17. In *Rimade, Ltd. v. Hubbard Enterprises, Inc.,* 388 F.3d 138 (5th Cir. 2004), the 5th Circuit Court of Appeals defined the type of fraud which must be shown to pierce the corporate veil under Texas law. It stated as follows,

> We must first determine whether Hubbard, using HEI as a sham, perpetrated an actual fraud on the Plaintiffs when he failed to disclose to them that their bank had canceled the Letter. ***Texas law defines fraud as the "misrepresentation of a material fact with intention to induce action or inaction, reliance on the misrepresentation by a person who, as a result of such reliance, suffers injury."*** *Trustees of the N.W. Laundry & Dry Cleaners Health & Welfare Trust Fund v. Burzynski*, 27 F.3d 153, 157 (5th Cir. 1994) (internal quotation marks and citation omitted).

*Id*. at 143 (emphasis added). The underlined portion of the quote plainly defines the type of fraud which much be established under Texas law to pierce the corporate veil. It is representational fraud.

18. Thus, under the current version of Article 2.21, the Plaintiffs must show Defendants caused BDI to be used for the purpose of perpetuating <u>and did perpetuate an actual</u>

fraud by making material misrepresentations primarily for Defendants direct personal benefit. Mere constructive fraud is insufficient to render the Defendants liable. *See Southern Union Co. v. City of Edinburg*, 129 S.W.3d 74 (Tex. 2003) (reversing decision of appellate court that constructive fraud was sufficient for a finding of single business enterprise under Art. 2.21). Here, the plaintiffs have not plead and even have admitted that the Defendants did not make any representations as required by the Texas definition of "actual fraud" in connection with the claims they seek to recover.

19.     Orix has repeatedly claimed that this is a "contract case", in the context of resisting discovery regarding the application of settlement proceeds.[23] Article 2.21 applies if the claim is "relating to or arising from" a contract. The money the Plaintiffs seek to recover consists entirely Orix's breach of contract damages, as the Trustee has escrowed sufficient funds to pay all other unsecured creditors.[24] The suit, when originally brought in Louisiana, was brought by Orix to collect on its unpaid judgment for breach of a loan contract and guarantee. Article 2.21 applies.

20.     Nowhere in Plaintiffs' Complaint is an allegation of concealment or false misrepresentations made by statements or conduct of any Defendants that induced reliance. The Complaint also fails to specify any injury based upon Orix's reliance in acting upon a statement or conduct by a Defendant. Plaintiffs have not met the legal prerequisites to pierce the corporate veil of the companies and partnerships they seek to collapse under an alter ego theory.

---

[23] See *Orix's Response to United Rafizadeh's Brief to the Court Regarding Issues of Payment and Allocation of Proceeds Received in Settlement* at ¶ 8. [Docket No. 61 in Case No. 05-39857].
[24] See Order Approving Compromise between Trustee and Orix and Compromise Agreement at ¶7. [Docket No. 292 in Case No.05-39857].

### No Evidence Exists of Actual Fraud by Defendant Schumann Rafizadeh

21. The Trustee testified at the Motion to Compromise hearing on March 18, 2008 that he was unable to uncover any evidence of false statements made by Mr. Rafizadeh or any of the other Defendants prior to the inception of the loan. The only found misrepresentations were made by Mondona Rafizadeh, a non-defendant in this adversary suit:

> Page 116
> 5  Q. (BY MR. HIGGINS) In this litigation, you have not learned – or have you
> 6  learned of any false statements by Mr. Rafizadeh prior to the
> 7  inception of the loan being made?
> 8  A. (BY MR. TOW) Oh, no.  No.
> 9  Q. Have you learned of any false statements being made by any
> 10 of the settling Defendants other than the Debtors in this case
> 11 prior to the inception of the loan?
> 12 A. Only the statements that were referred to in the Judgment
> 13 and so they exclude everybody but the three Defendants and,
> 14 really, they may just exclude Mondona Rafizadeh.
> 15 Q. And –
> 16 A. I mean, may just include Mondona Rafizadeh.
> 17 Q. And so the record's clear, Ms. Rafizadeh is not a
> 18 Defendant in this lawsuit, is she?
> 19 A. No.

Testimony of Rodney Tow March 18, 2008, Docket 732 in Case No. 05-39857, Page 116.

22. This conclusion is even more applicable to those entities created after the debts was incurred. In *Fluorine on Call Ltd. v. Fluorogas Ltd.*, 380 F.3d 849, 863 (5th Cir. 2004), the Fifth Circuit Court of Appeals specifically held that a parent corporation cannot be derivatively liable under an alter ego or single business enterprise theory for a debt of a subsidiary when the debt was incurred prior to the parent's acquisition of the subsidiary. With respect to these theories, the Fifth Circuit stated,

> Both theories, therefore, presume that the corporations are unified at the time of the wrongful act. It is illogical, for example, to hold a parent liable for controlling another corporation's debts when it had no control at the time the debts were incurred (footnote omitted)

*Id*. at 861-862. The same is true here. It is illogical for the entities created after the debt was incurred to be considered as alter egos or as part of a single business enterprise. *See also Southern Union Co., supra* at 85 (Texas Supreme Court affirmed appellate court ruling that Southern Union could not be part of a single business enterprise prior to the date it acquired subsidiary companies which incurred the debt in question).

23. Fed. R. Civ. P. 9(b) requires very precise pleading for claims of fraud, and provides independent confirmation of the principal that "actual fraud" requires a statement alleging a material misrepresentation. When explaining what must be alleged for a Texas fraud complaint to comply with Rule 9(b), the 5th Circuit Court of Appeals stated,

> "At a minimum, Rule 9(b) ***requires allegations of the particulars of time, place, and contents of the false representations,*** as well as the identity of the person making the misrepresentation and what he obtained thereby." Tel-Phonic Servs., Inc. v. TBS Int'l, Inc., 975 F.2d 1134, 1139 (5th Cir. 1992) (internal quotation marks and citation omitted). Put simply, Rule 9(b) requires "the who, what, when, where, and how" to be laid out. Williams, 112 F.3d at 179. Review of a dismissal for failure to comply with Rule 9(b) is de novo. United States ex rel. Russell v. Epic Healthcare Mgmt. Group, 193 F.3d 304, 308 (5th Cir. 1999).

*Benchmark Elecs., Inc. v. J.M. Huber Corp*., 343 F.3d 719, 724 (5th Cir. Tex. 2003). The underlined portion of the quote plainly requires allegations of false representations in order to maintain a fraud case under Texas law.

24. Plaintiffs have failed to plead any false representations made by any of the Defendants. Instead, Plaintiffs have alleged several instances of fraudulent transfers against the Defendants, equivocating on the use of the word "fraud". A fraudulent transfer is not a fraud.

### The Court Should Reconsider Its Ruling And Also Dismiss Count 13-The SBE Claim

25. The Court refused to dismiss Count 13—the SBE Claim, because the Plaintiffs alleged that some "fraud" occurred. The Court was unsure whether "fraudulent transfer" type

fraud or some fraud other than "representational fraud" could establish liability under a single business enterprise theory.

26. However, the Texas Supreme Court has ruled that Art 2.21 applies in veil piercing cases whether or not the plaintiff uses an alter ego or single business enterprise theory. In *Southern Union Co., supra* at 86-87, it stated,

> We need not decide today whether a theory of "single business enterprise" is a necessary addition to Texas law regarding the theory of alter ego for disregarding corporate structure and the theories of joint venture, joint enterprise, or partnership for imposing joint and several liability. That is because ***whatever label might be given to the City's attempt to treat the Valero entities as a single entity, article 2.21 of the Texas Business Corporation Act controls***, and the questions submitted to the jury were intended to embody the requirements of article 2.21 (emphasis supplied).

27. Since Art 2.21 applies, the Plaintiffs must show actual fraud. As held in *Rimade, Ltd, supra,* actual fraud means representational fraud.

28. Consequently, since Plaintiff have failed to plead representational fraud, and in fact have admitted that the Defendants did not make any misrepresentations in connection with the debts of the three bankruptcy estates, the single business enterprise theory must also fail.

### Fraudulent Transfer is neither a Tort nor, by itself, "Fraud"

29. Plaintiffs have plead a cause of action for fraudulent transfer and have muddied the water by conflating the words "transfer to hinder, delay or defraud" and "fraud". They have alleged that fraudulent transfer is a tort. This is simply not accurate. See, e.g., *Granfinanciera v. Nordberg*, 492 U.S. 33 (1989); *Duell v. Brewer*, 92 F.2d 59 (2d Cir. 1937) (Learned Hand, J.). These cases and their conclusions are addressed at length in Docket #712, which is incorporated by reference.

30. Since fraudulent transfer is not a tort, it is not by itself "fraud" or "representational fraud" for purposes of Article 2.21. Granted, a fraudulent transfer can be made

to defraud (as well as hinder or delay). However, to "defraud" by fraudulent conveyance would require real fraud - a false representation, knowingly false when made, that induces reasonable reliance, and then damages. Again, no knowingly false representation that actually induced reasonable reliance is plead.

WHEREFORE, for the reasons stated herein, no evidence exists of actual fraud perpetuated by the Defendant as required for the remedy of alter ego and so, as a matter of law, Defendant is entitled to judgment on this issue. Therefore, Defendant, Schumann Rafizadeh requests that a partial summary judgment be granted in his favor on Counts 13 and 14, and for such other and further relief to which he may show himself justly entitled.

Dated: July 10, 2008

        Respectfully Submitted,

        WEYCER, KAPLAN, PULASKI & ZUBER, P.C.

        By: */s/ Hugh M. Ray, III*
            EDWARD L. ROTHBERG
            State Bar No. 17313990
            HUGH M. RAY, III
            State Bar No. 24004246
            Eleven Greenway Plaza, Suite 1400
            Houston, TX 77046
            Telephone: (713) 961-9045
            Facsimile: (713) 961-5341

        ATTORNEYS FOR SCHUMANN RAFIZADEH

## CERTIFICATE OF SERVICE

  I hereby certify that on July 10, 2008, a true and correct copy of foregoing document was served by the ECF system and/or U.S. Mail upon the following parties:

Kyung S. Lee
Diamond McCarthy Taylor Finley &
  Lee LLP
909 Fannin, Suite 1500
Houston, Texas 77010
Counsel to Plaintiff

Andrew Harvin
Peter Wells
Doyle, Restrepo, Harvin & Robbins, L.L.P.
600 Travis,
Suite 4700
Houston, Texas  77002
Counsel to Mr. Hughes and other entities

John Higgins
Thomas Andrew Woolley, III
Porter & Hedges LLP
1000 Main, 36th Floor
Houston, TX  77002

Randall A. Rios
Munsch, Hardt, et al.
600 Louisiana, Suite 4600
Houston, Texas 77002

Nan Eitel
Jones Walker, et al.
Washington, D.C.,
2600 Virginia Ave. NW, Suite 1113
Washington, DC 20037

                */s/ Hugh M. Ray, III*
                Hugh M. Ray, III