UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | |
| CYRUS II, L.P., BAHAR DEVELOPMENT, INC., and MONDONA RAFIZADEH | § § § § | Jointly Admin. Under Case No. 05-39857-H1-7 |
| | § | (Chapter 7) |
| Debtors. | § § | |
| | § § | |
| RODNEY D. TOW, AS THE CHAPTER 7 TRUSTEE, *ET AL*. | § § § | Adversary Proceeding No. 07-3301 |
| Plaintiffs. | § § § | |
| v. | § § | |
| SCHUMANN RAFIZADEH, *ET AL*, | § § § | |
| Defendants. | § | |

**MOTION TO STRIKE SUPPLEMENTAL NOTICE OF THE TRUSTEE'S RETENTION OF TESTIFYING EXPERT WITNESSES AND TO EXCLUDE WITNESSES FOR <u>UNTIMELY DESIGNATION AND FAILURE TO COMPLY WITH RULE 26</u>**
(Relates to Docket #778)

> **THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 20 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEYS.**

Schumann Rafizadeh, Defendant, hereby objects to the Supplemental Notice of Trustee's Retention of Testifying Expert Witnesses in Adversary filed by Rodney Tow, Chapter 7 Trustee (the "Trustee") and requests the Court strike the designation of witnesses and exclude their testimony. Mr. Rafizadeh would show the Court as follows:

**Summary of Objection**

1. Orix Capital Markets, LLC ("Orix") and the Trustee (collectively "Plaintiffs") were required to designate their testifying experts by June 23, 2008. Under Rule 26(a)(2), such designation must be accompanied by certain information. The Trustee's supplemental notice, filed on August 4, 2008, is six weeks after the Court's deadline and does not contain the information required by Rule 26. The Trustee's designation of Leonard Hirsch and David Mattka, as testifying witnesses regarding attorney fees and costs is of dubious utility as the testimony would be that their own fees are reasonable. As untimely and incomplete disclosures of irrelevant testimony, these additional witnesses should be excluded and the designation struck.

**Background of Motion**

2. In the Court's scheduling order signed on April 4, 2008, Plaintiffs were required to serve their expert reports no later than June 23, 2008. Defendants were required to serve their expert reports no later than July 23, 2008.

3. On August 4, 2008, over month after the deadline, the Trustee filed a supplemental notice of his retention of testifying expert witnesses. The Trustee purported to designate Leonard Hirsch and David Mattka, counsels for the Trustee and Orix, respectively, and each states that they will testify as experts regarding the reasonableness of the attorney fees and costs incurred in this adversary proceeding.

4. The "designation" was not accompanied by a written report prepared and signed by the proposed witness as plainly required by Fed. R. Civ. P. 26(a)(2)(b). In fact, with only approximately two months before the scheduled final pre-trial conference, Plaintiffs still have not provided the required written expert reports of counsel, which should have included a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or

other information relied upon in forming such opinions; any exhibits to be used as a summary of or support for such opinions; the qualifications of the witness; and a listing of any other cases in which the witness has testified as an expert at trial or in deposition within the preceding four years.

5. The Advisory Committee Note to Rule 26 of the Federal Rules of Civil Procedure state that such reports must be "detailed and complete." Fed. R. Civ. P. 26 advisory committee's note. Notwithstanding the clear deadline set forth in the Scheduling Order, Rule 26(a)(2)(C), the proper designation of a retained expert, including the required written report, shall be made at least 90 days before the trial date or the date the case is to be ready for trial, which was set for October 21, 2008.

6. Accordingly, Mr. Rafizadeh moves to strike Plaintiffs' "legal fee" experts for failure to meet the deadline established by the Scheduling Order and Rule 26 of the Federal Rules.

7. Moreover, The Trustee has retained the firm of Diamond McCarthy as special counsel under a very limited scope of services – none of which include the provision of expert witness testimony.

### The Court has Discretion to Strike Expert Designations

8. Federal Rule of Civil Procedure 26(a)(2)(C) requires the disclosure of testifying experts at the time and in sequence directed by the court. This Court set a deadline of June 23, 2008 for Plaintiffs to serve their expert reports. The addition of Mr. Hirsch and Mr. Mattka as expert witnesses comes nearly six weeks after the Court's deadline.

9.  A trial court has broad discretion to preserve the integrity and purpose of a pre-trial order. Fed. R. Civ. P. 16. In exercising its discretion to permit untimely expert reports, the Court is guided by the following factors:

(1) Any explanation for the party's failure to comply with the scheduling order;

(2) The importance of the witnesses' testimony;

(3) The prejudice to the opposing party in allowing the witness to testify; and

(4) The possibility of curing such prejudice by granting a continuance.

*Barrett v. Atlantic Richfield Co.*, 95 F.3d 375,380 (5th Cir. 1996), citing *Sierra Club, Lonestar Chapter v. Cedar Point Oil Co.*, 73 F.3d 546, 572 (5* Cir. 1996), see also *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004). Applying the four factors enumerated by the Fifth Circuit, Mr. Rafizadeh submits that the untimely designated experts should be excluded from testifying in this suit.

10.  **Plaintiffs' Explanation.**  The Trustee has not provided any explanation for his failure to timely designate Mr. Hirsch and Mr. Mattka as expert witnesses. Plaintiffs' original complaint requests reasonable attorneys' fees and costs and was filed on June 24, 2007.[1] If the Plaintiffs anticipated the need for testimony regarding the reasonableness of attorney fees and costs when the complaint was filed the year before, they had ample opportunity to designate experts to testify on this issue well before the June 23rd deadline. The Plaintiffs did not move to modify the scheduling order or show cause for not complying with it or with Rule 26.

11.  **Importance of the Testimony**.  The supplemental notice designating Mr. Hirsch and Mr. Mattka fails to show the importance of their testimony. The Trustee has simply stated counsel will testify as to the reasonableness of the legal fees and costs incurred by the Plaintiffs. The Court has practiced law. The Plaintiffs may not need testimony. Indeed, the expert

---

[1] Docket #1.

testimony of Plaintiffs' own lawyers as to the reasonableness of their own actions is so suspect as to be legally irrelevant. If Plaintiffs had hired an outside expert, that testimony could have some probative value. However, there is little probative value from allowing Plaintiffs' own counsel to "rubber stamp" an opinion that their own legal fees were reasonable.

12.     **Prejudice to Defendants.**  The Trustee has also not explained away the prejudice to Defendants by designating new experts on the cusp of discovery cutoff. Indeed, the Trustee's counsel has refused to produce time entries – thus prohibiting analysis of the reasonableness of their legal fees. Contrary to the position in the notice, there is no order for a second factual hearing, and the legal fees, if allowed, would be part of Plaintiffs' damage claim in the Instant Adversary. The last-minute claim for legal fees is prejudicial to Defendants.

13.     **A Continuance.**  A substantial continuance has not been sought by Plaintiffs and would, indeed, be the subject of great opposition by them. If Plaintiffs are completely ready for trial, then they should be forced to trial without their last-minute experts. If Plaintiffs need time to find an expert that is part of the damage model for their case in chief, they need a continuance. If a continuance is granted, it should be as to the whole of Plaintiffs' case, not just the legal fee claim.

**"Supplementation" was not required under Rule 26(e)**

14.     The Plaintiffs used the word "supplemental" when designating their legal fee experts. The use of that word is not appropriate to these circumstances.

15.     When a party has discovered disclosures under Rule 26(a) are incomplete or incorrect, the party is under a duty to supplement if the information was unknown during the discovery process. Fed. R. Civ. P. 26(e)(1). That scenario is not currently before this Court. Both Mr. Hirsch and Mr. Mattka have been heavily involved in this adversary proceeding and

there has been no reasonable explanation by the Trustee for his untimely designation of counsel as testifying witnesses.

16. The Trustee's designation of Leonard Hirsch and David Mattka was past the deadline directed by the Court; therefore, this Court should not permitted testimony by Mr. Hirsch or Mr. Mattka on the issue of legal costs.

WHEREFORE, PREMISES CONSIDERED, Schumann Rafizadeh asks that the Court to exclude expert testimony of the two late-designated experts, and to strike the Trustee's expert designation of Leonard A. Hirsch and David C. Mattka, and grant such other and further relief to which he may show himself entitled.

Dated: August 6, 2008

                Respectfully Submitted,

                WEYCER, KAPLAN, PULASKI & ZUBER, P.C.

                By: */s/ Hugh M. Ray, III*
                      EDWARD L. ROTHBERG
                      State Bar No. 17313990
                      HUGH M. RAY, III
                      State Bar No. 24004246
                      Eleven Greenway Plaza, Suite 1400
                      Houston, TX 77046
                      Telephone:   (713) 961-9045
                      Facsimile:    (713) 961-5341

                ATTORNEYS FOR SCHUMANN RAFIZADEH

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 25, 2008, a true and correct copy of foregoing document was served by first class mail, postage prepaid, upon the following parties, and that a copy was served by e-mail:

**Chapter 7 Trustee**
Rodney Tow
Tow & Koenig, PLLC
26219 Oak Ridge Drive
The Woodlands TX 77380

**Chapter 7 Trustee's Counsel**
Gary Cruciani
Leonard A. Hirsch
Karen E. Sprole
Diamond McCarthy Taylor Finley & Lee LLP
1201 Elm Street, Suite 3400
Dallas, TX 75270

Kyung S. Lee
Jason M. Rudd
Clifford H. Walston
Two Houston Center
909 Fannin, Suite 1500
Houston, TX 77010

Nan Roberts Eitel
Jones Walker Waechter Poitevent Carrère & Denègre, LLP
The Watergate
2600 Virginia Avenue, NW, Suite 1113
Washington, DC 20037
**Counsel for Orix Capital Markets, LLC,**

Ben B. Floyd
Randall A. Rios
Lynn Chuang Kramer
Munsch Hardt Kopf & Harr, PC
Bank of America Center
700 Louisiana, 46th Floor
Houston, TX 77002
**Counsel for Orix Capital Markets, LLC**

Andrew R. Harvin
Peter B. Wells
Doyle, Restrepo, Harvin & Robbins, LLP
JPMorgan Chase Tower
600 Travis Street, Suite 4700
Houston, TX 77002
**Counsel for Rodrick L. Hughes and Main & Marietta, LP**

Jon P. Bohn
Bohn & Ducloux
806 Main Street, Suite 1411
Houston, TX 77002
**Counsel for Super Future Equities, Inc.**

Jeffrey Wayne Glass
8980 Lakes at 610 Drive, Suite 250
Houston, TX 77054
**Counsel for Azita Management and Azita Berglund**

Barnet B. Skelton, Jr.
Barnet B. Skelton, Jr., P.C.
1111 Bagby, 47th Floor
Houston, TX 77002
**Counsel for Universal Sourcing, LLC**

Matthew J. Schroder
Gardere Wynne Sewell LLP
1601 Elm Street Street, Suite 3000
Dallas, Texas 75201
**Counsel for UBS Warburg**

Matthew S. Okin
Okin & Adams LLP
1113 Vine St., Suite 201
Houston, Texas 77002
**Counsel for Keycorp**

- 9 -

Stephen H. Kupperman
Barrasso Usdin Kupperman Freeman & Sarver, L.L.C.
909 Poydras Street, Suite 1800
New Orleans, LA 70112
**Counsel for Rodrick L. Hughes and Main & Marietta, LP**

>*/s/ Hugh M. Ray, III*
>HUGH M. RAY, III

0490955