UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | |
| CYRUS II, L.P., BAHAR DEVELOPMENT, INC., and MONDONA RAFIZADEH | § § § § | Jointly Admin. Under Case No. 05-39857-H1-7 (Chapter 7) |
| Debtors. | § § | |
| RODNEY D. TOW, AS THE CHAPTER 7 TRUSTEE, *ET AL*. | § § § § | Adversary Proceeding No. 07-3301 |
| Plaintiffs. | § § | |
| v. | § § | |
| SCHUMANN RAFIZADEH, *ET AL*, | § § § | |
| Defendants. | § § | |

**OBJECTION TO PLAINTIFFS' MOTIONS FOR LEAVE TO FILE
THIRD AND FOURTH SUPPLEMENTAL AND AMENDED COMPLAINTS
[RELATES TO DOCKET NOS. 746 AND 776]**

Schumann Rafizadeh, United Rafizadeh Family, L.L.P., Rafizadeh, LLC, COOB, LP, COOBGP, LLC, ATOB, LP, ATOBGP, LLC, HOOBI, LP, HOOBIGP, LLC, HOAPT, LP, HOAPTGP, LLC, KEYLD, LP, KEYLDGP, LLC KEYUT, LP., KEYUTGP, LLC, Flash VOS, Inc., BG Real Estate Services, Inc., and MBA Services, Inc. (collectively, the "Defendants") file this Objection to Plaintiffs' Motions for Leave to File Third and Fourth Supplemental and Amended Complaints (the "Objection"), and in support thereof, respectfully state to the Court as follows:

**I. FACTUAL BACKGROUND**

**A.  The Prior Amendments**

1.  On June 21, 2007, Rodney D. Tow, Chapter 7 Trustee (the "Trustee"), and Orix Capital Markets, LLC ("Orix"), as the Special Servicer of the Trust for the Certificateholders of

1402134v1

the Merrill Lynch Mortgage Investors, Inc. Mortgage Pass-Through Certificates, Series 1999-C1 (the "Trust"), (collectively, "Plaintiffs") filed their Verified Original Complaint and Request for Injunction Relief (the "Original Complaint") [Docket No. 1]. The Original Complaint was 98 pages, 368 paragraphs, included 17 causes of action against 26 defendants and requested injunctive relief.

2. On October 29, 2007, Plaintiffs filed their Verified Supplemental Complaint and Request for Temporary Restraining Order and Preliminary Injunctive Relief (the "Supplemental Complaint") [Docket No. 290]. The allegations and causes of action from the Original Complaint were adopted by reference in the Supplemental Complaint. The Supplemental Complaint also added five (5) new defendants (Flash VOS Pty, Ltd., One World Future Pty, Ltd., Universal Sourcing, LLC, Vafa Motlagh and Azita Berglund), four (4) new causes of action, and requested additional injunctive relief. Together, the Original Complaint and Supplemental Complaint totaled 144 pages, 593 paragraphs, and 21 causes of action against 31 defendants.

3. On April 11, 2008, Plaintiffs filed their Second Supplemental Complaint and Request for Temporary Restraining Order and Preliminary Injunctive Relief (the "Second Supplemental Complaint"). The allegations and causes of action from the Original Complaint and Supplemental Complaint were adopted by reference in the Second Supplemental Complaint. In the Second Supplemental Complaint, the Plaintiffs sought additional injunctive relief against Schumann Rafizadeh and Super Future Equities, Inc. ("SFE") related to the deregistration of Flash VOS Pty, Ltd. and One World Future Pty, Ltd. The Second Supplemental Complaint combined with the Original Complaint and Supplemental Complaint totaled 177 pages and 665 paragraphs.

B.  **The Current Amendments**

4. On July 21, 2008, the Plaintiffs filed their Motion for Leave to File Third Supplemental and Limited Amended Complaint. A draft of the Third Supplemental and Limited Amended Complaint (the "Third Supplemental Complaint") was filed on July 21, 2008 [Docket No. 745]. The Third Supplemental Complaint seeks to adopt by reference the allegations and causes of action from the Original Complaint, Supplemental Complaint and Second Supplemental Complaint. The Third Supplemental Complaint also seeks to add a 32nd defendant (One World Technologies Co. Ltd.), new factual allegations, and an additional cause of action for attorney's fees. If allowed, the Third Supplemental Complaint would bring the Plaintiffs' allegations to 194 pages and 700 paragraphs.

5. On August 4, 2008, the Plaintiffs filed their Motion for Leave to File Fourth Supplemental and Limited Amended Complaint. A draft of the Fourth Supplemental and Limited Amended Complaint (the "Fourth Supplemental Complaint") was filed on July 31, 2008 [Docket No. 770]. The Fourth Supplemental Complaint seeks to adopt by reference the allegations and causes of action from the Original Complaint, Supplemental Complaint, Second Supplemental Complaint, and Third Supplemental Complaint. In the Fourth Supplemental Complaint, the Plaintiffs seek to add four (4) new causes of action that are completely distinct from those in the prior complaints. If the Fourth Supplemental Complaint is allowed, the Plaintiffs would have 26 causes of action against 32 defendants alleged in 207 pages and 736 paragraphs.

6. On August 7, 2008, the Court entered an Order requiring responses to the Plaintiffs' Motion for Leave to File Third Supplemental and Amended Complaint to be filed no later than August 18, 2008 [Docket No. 796]. On August 7, 2008, the Court also entered an Order requiring responses to Plaintiffs' Motion for Leave to File Fourth Supplemental and

Amended Complaint to be filed no later than August 18, 2008 [Docket No. 797]. In each order, the Court stated that it would rule on the pleadings and no hearing would be necessary.

## II. ARGUMENT & AUTHORITIES

### A. Amendment is Not Automatic

7. To be permitted leave to amend, the moving party must offer some reasonable explanation for its delay in amending its complaint. *Southmark Corp. v. Schulte Roth & Zabel*, 88 F.3d 311, 316 (5th Cir. 1996), *cert. denied*, 519 U.S. 1057 (1997). While this court has discretion to grant or deny a motion for leave to amend pleadings, a court should deny leave if "there is a substantial reason to do so." *Leffall v. Dallas Ind. School Dist.*, 28 F.3d 521, 524 (5th Cir. 1994).

8. In exercising its discretion, a court may consider factors such as (1) undue delay; (2) bad faith; (3) dilatory motive; (4) prejudice to the other party; and (5) futility of the amendment. *See Davis v. United States*, 961 F.2d 55, 57 (5th Cir. 1991) (*citing Foman v. Davis*, 371 U.S. 179, 182 (1962)); *Rolf v. City of San Antonio,* 77 F.3d 823, 828 (5th Cir. 1996).

9. Courts also consider the timing of the amendment and the number of times that a party has previously amended their pleadings. *See generally Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 644 (5th Cir. 2007) (denying motion to amend after court had granted to previous motions to amend).

### B. The Lateness of the Amendments Creates Undue Prejudice

10. The Defendants, particularly Schumann Rafizadeh, United Rafizadeh Family, LLP, and Rafizadeh LLC, will suffer undue prejudice if the Third Supplemental Complaint and the Fourth Supplemental Complaint are allowed just seventeen (17) days before the discovery

period ends and less than sixty days before trial.[1] The Plaintiffs should not be allowed to amend their pleadings for the <u>third</u> and <u>fourth</u> times on the eve of the discovery deadline and just months before trial. *See Pope v. MCI Telecommunicatons Corp.*, 937 F.2d 258, 263 (5th Cir. 1991) (denying a motion for leave to amend after the close of discovery and on the eve of trial because it would have interfered with the trial date).

11. Recognizing the risk in the timing of the amendments, the Plaintiffs attempt to minimize the nature of the amendments by referring to the new complaints as "limited amendments" with a "limited number of allegations." *See* Plaintiffs' Motion for Leave to File Third Supplemental and Limited Amended Complaint; *see also* Plaintiffs' Motion for Leave to File Fourth Supplemental and Limited Amended Complaint at ¶ 18 (stating that the proposed amendment adds only a "few new factual allegations").

12. To the contrary, the additions in the Third Supplemental Complaint and Fourth Supplemental Complaint are much more substantive the Plaintiffs would have this Court believe.

### (i) Third Supplemental Complaint

13. In the Third Supplemental Complaint, the Plaintiffs seek to add another foreign defendant (a Hong Kong company) and a number of allegations that Mr. Rafizadeh controls One World Technologies, Wellspring Sourcing, Universal Sourcing, Vafa Motalgh, and SFE. Despite what Plaintiffs may believe, Schumann Rafizadeh does not control any of these entities. These new allegations must be investigated by Mr. Rafizadeh and his counsel. Mr. Rafizadeh has consistently represented to the Plaintiffs that he does not know all of the relationships between One World Technologies, Wellspring Sourcing and Universal Sourcing, and discovery will be required to test the Plaintiffs allegations.

---

[1] The Court stated that it would rule on the allowance of the amendments on August 22, 2008, which is seventeen days before the discovery deadline of September 8, 2008 and approximately 60 days before trial is set to begin on October 21, 2008.

14. If the Plaintiffs are going to allege that Mr. Rafizadeh controls all of these entities, as they have done in the Third Supplemental Complaint, Mr. Rafizadeh should be afforded the opportunity to defend himself against such allegations. That defense cannot be adequately prepared in a case as complex as this one when the discovery period is about to expire and the trial is right around the corner.

15. At a minimum, Mr. Rafizadeh should be allowed to take some additional discovery from One World Technologies and Wellspring Sourcing with respect to these allegations. This is complicated by the fact that One World Technologies and Wellspring Sourcing are Hong Kong companies. Even if the Court were to allow the Third Supplemental Complaint on August 22, 2008, it is not realistic that to believe Mr. Rafizadeh, or anyone else, would have the opportunity to take meaningful discovery of One World Technologies before the trial. *See Acosta-Mestre v. Hilton Int'l of P.R.*, 156 F.3d 49, 52-53 (1st Cir. 1998) (denying plaintiffs motion for leave to amended because it would require additional discovery and would interfere with the trial date).

   **(ii)   Fourth Supplemental Complaint**

16. While the Fourth Supplemental Complaint does not add any additional parties, it adds substantial new allegations and four (4) new causes of action. This case has been represented by the Plaintiffs, the Defendants and the Court to be either a fraudulent transfer case or an alter-ego case. Regardless of how the case is viewed, the Fourth Supplemental Complaint puts a whole new spin on the prior allegations. The Trustee has added a slew of new allegations and claims related to his status as alleged limited partner in the Rafizadeh family partnership. The Plaintiffs allege that the Fourth Supplemental Complaint just builds upon the prior complaints by alleging additional transfers. *See* Plaintiffs' Motion for Leave to File Fourth

Supplemental Complaint at ¶ 18. This is either a gross generalization of the claims or a misstatement of the allegations.

17. The Fourth Supplemental Complaint does not allege that the transfers from URF were fraudulent, but rather that Rafizadeh, LLC and Schumann Rafizadeh breached duties owed to the Chapter 7 Trustee. Defending against the breach of fiduciary duty claims will be much different than defending against the fraudulent transfer claims asserted in the prior complaints.

18. These new allegations will also require a significant amount of legal research on the rights and obligations of a chapter 7 trustee in a family limited partnership such as United Rafizadeh Family, LLP. For example, does the Trustee have all of the same rights as Mondona Rafizadeh in the family partnership or is the Trustee simply an assignee of the limited partner's rights? Is the limited partnership agreement an executory contract? *See In re LeRoux*, 167 B.R. 318, 320-21 (Bankr. D. Mass 1994) (holding that limited partnership agreement was executory). Was the Trustee required to assume the limited partnership agreement? *See* 11 U.S.C. § 365(d)(1) (requiring a Chapter 7 trustee to assume an executory contract within 60 days after the order of relief). What is the effect of the Trustee's failure to assume the limited partnership agreement?

19. None of these issues were raised in any of the prior complaints. In fact, the relief sought in the Fourth Supplemental Complaint is a completely new theory of liability. The Defendants should have the opportunity investigate and test the Plaintiffs' factual and legal allegations. The dispositive motion deadline has already passed and certain of these issues may be appropriately addressed in a dispositive motion.

20. Simply stated, the Plaintiffs' Motion for Leave to File the Fourth Supplemental and Limited Amended Complaint should be denied because adding these new allegations and a

new theory of recovery so close the trial date in a lawsuit that already spans over 20 causes of action and 32 defendants creates undue prejudice.

C. **Are the New Complaints Amendments or Supplements or Both?**

21. The Plaintiffs have called each of the proposed new pleadings "Supplemental and Limited Amended Complaint." However, amended complaints and supplemental complaints are different and are treated differently under the Federal Rules of Civil Procedure. The Plaintiffs should be compelled to state whether the proposed complaints are amendments or supplements or which portions of the new complaints are amendments and supplements.

22. In the Motions for Leave to Amend, the Plaintiffs have sought leave to amend under Rule 15(a) of the Federal Rules of Civil Procedure. However, Rule 15(a) only addresses amended pleadings. Supplemental pleadings are provided for in Rule 15(d).

23. Among the differences between the Rule 15(a) and (d), the Court is not governed by the same standard when determining whether to grant leave to amend or supplement a complaint. *See Burns v. Exxon Corp.*, 158 F.3d 336, 343 (5th Cir. 1998) (stating that "the text of Rule 15(a) provides that leave should be freely granted, the text of Rule 15(d) does not similarly provide"). Rule 15(d) provides that that the court *may* permit a supplemental pleading setting forth changed circumstances. *Id*.

24. Rule 15(d) also only allows supplemental pleadings to address transactions or events that happened after the date of the *pleading to be supplemented*. Clearly, some of the events in the proposed Third Amended Complaint and Fourth Amended Complaint happened prior to the filing of the Second Amended Complaint (April 11, 2008), which is presumably the pleading to be supplemented.

25. Finally, the time period for responding to an amended pleading is governed by Rule 15(a)(3), which sets the deadline for the date to respond to the amended pleading at 10 days

from the date the amended pleading is served. Rule 15(d) does not contain such a provision and it is unclear if the Defendants would be required to respond to a supplemental complaint. If the Court allows the proposed complaints, the Defendants request additional time to respond to the Third Amended Complaint and the Fourth Amended Complaint.[2]

### D. In the Alternative, the Court Should Continue the Trial Setting

26. If the Court chooses to allow the Plaintiffs to file the Third Supplemental Complaint and the Fourth Supplemental Complaint, the Court should condition the amendment on the continuance the trial setting of October 21, 2008. Rule 15(a) allows the Court the authority to impose conditions when granting leave to amend. *See Polycast Technology Corp. v. Uniroyal, Inc.*, 728 F.Supp. 926, 939 (S.D.N.Y. 1989).

27. As noted above, the requested amendments will unduly prejudice the Defendants in their preparation for a trial on the merits. The Court has already addressed some of the hurdles in getting this case prepared for an October 2008 trial including the service and appearance of certain foreign defendants, the request for international discovery on jurisdictional and substantive issues, the potential jury trial demands and withdrawal of the reference issues, and continuing discovery disputes. It simply is not feasible to have a trial in this case begin on October 21, 2008 with these issues and the new matters raised by the proposed amended complaints.

WHEREFORE, the Defendants respectfully request that this Court (i) deny the relief requested in the Motion for Leave to file the Third and Fourth Supplemental and Amended Complaint, (ii) in the alternative, continue the trial scheduled for October 21, 2008, and (iii) grant the Defendants such other and further relief to which it may be entitled.

---

[2] If the Court allows the proposed complaints, the Defendants also request that the Court require the Plaintiffs to refile the complaint as a single document. Otherwise, there will be 5 separate "live" pleadings in this case that will be unnecessarily inconvenient and cumbersome at trial.

Respectfully submitted this 18th day of August 2008.

    /s/ Thomas A. Woolley, III
John F. Higgins
State Bar No. 09597500
Thomas A. Woolley, III
State Bar No. 24042193
PORTER & HEDGES, L.L.P.
1000 Main, 36th Floor
Houston, TX 77002
Telephone: (713) 226-6000

**ATTORNEYS FOR THE DEFENDANTS**

**CERTIFICATE OF SERVICE**

  I hereby certify that a true and correct copy of the foregoing document was served by electronic mail and/or regular mail on the 18th day of August, 2008, upon those persons or entities listed below:

**Chapter 7 Trustee**
Rodney Tow
Tow & Koenig, PLLC
10077 Grogans Mill Road, Suite 145
The Woodlands TX 77380

Gary Cruciani
Leonard A. Hirsch
Karen E. Sprole
Diamond McCarthy Taylor Finley & Lee LLP
1201 Elm Street, Suite 3400
Dallas, TX 75270
**Special Counsel Chapter 7 Trustee**

Kyung S. Lee
Jason M. Rudd
Clifford H. Walston
Two Houston Center
909 Fannin, Suite 1500
Houston, TX 77010
**Special Counsel for Chapter 7 Trustee**

Nan Roberts Eitel
Jones Walker Waechter Poitevent Carrère & Denègre, LLP
The Watergate
2600 Virginia Avenue, NW, Suite 1113
Washington, DC 20037
**Counsel for Orix Capital Markets, LLC,**

Ben B. Floyd
Randall A. Rios
Ruth Van Meter
Munsch Hardt Kopf & Harr, PC
Bank of America Center
700 Louisiana, 46th Floor
Houston, TX 77002
**Counsel for Orix Capital Markets, LLC**

Stephen H. Kupperman
Barrasso Usdin Kupperman Freeman & Sarver, L.L.C.
909 Poydras Street, Suite 1800
New Orleans, LA 70112
**Counsel for Rodrick L. Hughes and Main & Marietta, LP**

Andrew R. Harvin
Peter B. Wells
Doyle, Restrepo, Harvin & Robbins, LLP
JPMorgan Chase Tower
600 Travis Street, Suite 4700
Houston, TX 77002
**Counsel for Rodrick L. Hughes and Main & Marietta, LP**

Jon P. Bohn
Bohn & Ducloux
806 Main Street, Suite 1411
Houston, TX 77002
**Counsel for Super Future Equities, Inc.**

Jeffrey Wayne Glass
8980 Lakes at 610 Drive, Suite 250
Houston, TX 77054
**Counsel for Azita Management and Azita Berglund**

Barnet B. Skelton, Jr.
Barnet B. Skelton, Jr., P.C.
1111 Bagby, 47th Floor
Houston, TX 77002
**Counsel for Universal Sourcing, LLC**

Matthew J. Schroder
Gardere Wynne Sewell LLP
1601 Elm Street, Suite 3000
Dallas, Texas 75201

Matthew S. Okin
Okin & Adams LLP
1113 Vine St., Suite 201
Houston, Texas 77002
**Counsel for Keycorp.**

/s/ Thomas A. Woolley, III
Thomas A. Woolley, III

1402134v1        11