UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| CYRUS II, LP | § | CASE NO. 05-39857 |
| BAHAR DEVELOPMENT, INC. | § | (Jointly Administered) |
| MONDONA RAFIZADEH, et al., | § | |
| | § | |
| Debtors | § | Chapter 7 |
| | § | |

| | | |
|---|---|---|
| RODNEY D. TOW, | § | |
| AS THE CHAPTER 7 TRUSTEE FOR | § | |
| CYRUS II, L.P., et al | § | |
| | § | |
| Plaintiffs | § | ADV.  NO. 07-03301 |
| | § | |
| VS. | § | |
| | § | |
| SCHUMANN RAFIZADEH, et al | § | |
| | § | |
| Defendants | § | |

**RESPONSE AND OBJECTION OF DEFENDANTS UNIVERSAL SOURCING, LLC and VAFA MOTLAGH TO PLAINTIFFS' MOTION FOR LEAVE TO FILE THIRD SUPPLEMENTAL AND LIMITED AMENDED COMPLAINT**

Defendants UNIVERSAL SOURCING, LLC and VAFA MOTLAGH (subject to his pending Motion to Dismiss) ("Defendants") file their Response and Objection to Plaintiffs' Motion for Leave to File Third Supplemental and Limited Amended Complaint[1] filed by Rodney D. Tow, Chapter 7 Trustee (the "Trustee"), and Orix Capital Markets, LLC ("Orix"), as the Special Servicer of the Trust for the Certificateholders of the Merrill Lynch Mortgage Investors, Inc.

---

[1] Doc. No. 746.

Mortgage Pass-Through Certificates, Series 1999-C (the "Trust"), (collectively, "Plaintiffs") and respectfully state as follows:

## I. OVERVIEW OF RESPONSE

1.    With the current trial setting only 3 months away and with numerous pre-trial deadlines approaching, Plaintiffs have requested leave to file a third supplemental and "limited" amended complaint which adds a corporation chartered in Hong Kong (incorrectly called "One World Technologies, Co., Ltd." and "One World Technologies, Inc.") as a Defendant with respect to the existing Single Business Enterprise (Count 13), Alter Ego (Count 14), Constructive Trust (Count 16) claims and adds a new claim for attorneys' fees (Count 22).

2.    The actual name of the entity Plaintiffs seek to add as a Defendant is a Hong Kong corporation named One World Technologies Co., Limited. Plaintiffs allege that One World Technologies Co., Limited was formed February 5, 2007, and has one shareholder, Vafa Motlagh.

3.    Although Plaintiffs claim to have "new evidence" justifying the filing of the Third Amended Complaint, the fact is that in an email dated May 27, 2008, a true and correct copy of which is attached as Exhibit 1, Orix counsel Nan Eitel stated Plaintiffs' intention to file an amended complaint adding One World Technologies Co., Ltd. as a defendant and sought Defendants' consent to such filing. The timing of that request was in sync with Vafa Motlagh's imminent court ordered deposition, scheduled to begin on May 29, 2008.

4.     The request for Defendants' consent was facially unreasonable because no copy of the proposed complaint was provided.  In any event, consent was not granted and no further word on the subject was heard until July 21, 2008, over two months later, when the instant motion (Doc. No. 746) was filed by Plaintiffs.

5.     This motion was filed in tandem with Plaintiffs' Third Motion to Compel (Doc. No. 744), which was designed to obtain (and succeeded in obtaining) entry of an order compelling Universal Sourcing to bring Motlagh back to the United States where he could be served as purported agent of One World Technologies, Co., Limited.

6.     There are no "new" facts regarding One World Technologies Co., Limited that justify Plaintiffs' delay in seeking to add it as a party at this late date. Plaintiffs knew long prior to Motlagh's May 29 deposition that One World Technologies, Co., Limited existed and, in fact, examined him about the alleged wire transfers described in the motion. Plaintiffs are guilty of egregiously undue delay. To require Defendants and the proposed new party to respond to these allegations (especially in light of two prior amendments and yet a fourth amendment requested), conduct discovery and prepare for trial, with trial only two months away, imposes an undue and substantial prejudice upon Defendants that requires denial of the amendment.

7.     Moreover, it is evident that the proposed amendment is futile.  The proposed Third Supplemental and Amended Complaint states no colorable single business enterprise, alter ego or constructive trust claims or remedies

against One World Technologies, Co., Limited (or any other party).  Not only is there no allegation of actual fraud (or facts constituting actual fraud) by One World Technologies, Co., Limited, which is fatal to each claim, Plaintiffs admit that the only shareholder of the company is Vafa Motlagh, thereby precluding an alter ego claim with respect to any other party.

8.     In the final analysis, One World Technologies Co., Limited is a remote subsequent transferee of alleged fraudulent transfers which occurred years before its formation.   There is no justification for compounding the already mind-numbing complexity of this proceeding by adding a party that could later be sued as a transferee under 11 U.S.C. § 550 in the event the underlying transfers which occurred in 2000-2004 are avoided.   Accordingly, the motion should be denied.

## II.  FACTORS JUSTIFYING DENIAL OF LEAVE TO AMEND

### A.     Standard for Granting Leave to Amend

9.     Before granting leave to amend, the Fifth Circuit requires the examination of five factors: (1) whether there has been undue delay, (2) plaintiff's bad faith or dilatory motive, (3) plaintiff's repeated failure to cure deficiencies by previous amendments, (4) undue prejudice to the opposing party, and (5) futility of amendment.  *Smith v. EMC Corporation*, 393 F2d 590, 595 (5th Cir. 2004) (Citing *Foman v. Davis*, 371 U.S. 178, 182 (1962) and *Rosenweig v. Azurix Corp.*, 332 F3d 854, 864 (5th Cir. 2003)).  Although only one factor is sufficient to justify denial of leave to amend, all five factors are

present with respect to Plaintiffs' request for leave to file a Third Supplemental and Amended Complaint.

10.    Although Rule 15(a) does not impose a time limit for permissive amendment, "at some point, time delay on part of a plaintiff can be procedurally fatal." *Whitaker v. City of Houston*, 963 F2d 831, 836 (5th Cir. 1992).  In such a situation, the plaintiff bears the burden of showing the delay to be due "to oversight, inadvertence or excusable neglect." *Id.*

**B.    Undue Delay**

11.    Plaintiffs were prepared to file an amendment adding One World Technologies Co., Limited as a Defendant on May 27, 2008.    Plaintiffs interrogated Motlagh about One World Technologies Co., Limited, during his deposition on May 29-30, 2008.  Plaintiffs appear to have cooled to the idea of filing the amendment when consent was not granted by Defendants but then sat on the proposed pleading for almost sixty (60) days in the face of impending trial before making their move.

12.    The amendment does not impact only One World Technologies Co., Limited.  Each party named in Counts 13, 14, and 16 is materially affected by the addition of a new party for whose actions any one or more of them may be held liable on a variety of theories.  It is simply beyond the pale for the Court to require the existing Defendants and the new Defendant to prepare for trial based on newly alleged facts which could have been alleged <u>at least</u> two months earlier.  Moreover, there is no new evidence, no surprise and no other conceivable justification for adding a claim for attorneys' fees at this late date.

That claim would be based upon facts totally under the control of Plaintiffs and there can be no blame cast on Defendants to excuse the delay in asserting it.

## C.      Bad faith and dilatory motive

13.     In May 2008, Plaintiffs aborted the filing of an amended complaint which would have added One World Technologies Co., Limited as a defendant. While Defendants were never shown the complaint drafted in May, it is evident that the delay in filing the motion for leave to amend from May 27 to July 21 was deliberate and calculated. Plaintiffs make no effort to justify their delay other than to state that they have recently learned about transfers <u>from</u> One World Technologies Co., Limited <u>to</u> SFE. They already knew about the transfers to One World Technologies Co., Limited before the Motlagh deposition, knew Motlagh was an owner and director of the company and had substantial documentary evidence of the role it played in the technology business of SFE and Flash Vos.

14.     The eleventh hour filing of the motion for leave to amend had nothing to do with new evidence and everything to do with putting a "full court press" on Defendants as trial and a myriad of deadlines approached.  The decision to sue had long been made and the factual basis for suit had long been known before Plaintiffs decided to file the motion to amend.  The Court should not reward Plaintiffs and penalize Defendant for Plaintiffs' conscious dilatory tactic.

**D.      Repeated failure to cure pleading deficiencies**

15.    Plaintiffs continue to walk the line between amending and supplementing complaints.  The motive is unclear but the fact is that there is absolutely nothing alleged in the proposed Third Supplemental and Amended Complaint to justify relation back of the new allegations regarding One World Technologies Co., Limited or the new claim for attorneys' fees.

16.    Despite the filing of several motions to dismiss and for summary judgment addressing the fatal flaws in Plaintiffs' single business enterprise, alter ego and constructive trust claims, Plaintiffs return to the well again and make the same glaring pleading omissions: (1) no allegation of actual fraud (required for all three counts); (2) no allegation of ownership of shares by alleged alter ego (required for alter ego); (3) no allegation of fiduciary duty (required for constructive trust, as is actual fraud).

17.    Plaintiffs have had enough bites at the apple and should not be given another.  The same is true with respect to the "new" count for attorneys' fees.  It seems incredible, given the extravagant fee "feeding frenzy" that has characterized Plaintiffs' approach to this case, that they would leave out such an important claim until the discovery cutoff is almost nigh.  As to One World Technologies Co., Limited, the additional count is superfluous since no claims are asserted against it under the fraudulent transfer act, which is the only basis on which the claim is made.   At any rate, Plaintiffs have shown no excuse for filing yet another supplement or amendment involving claims that are already the subject of dispositive motions.

**E.    Substantial prejudice**

18.    Not only do Plaintiff's actions demonstrate undue delay, bad faith and dilatory motives and repeated failures to cure pleading deficiencies, but it is also evident that another amendment would cause undue and substantial prejudice to the Defendants.   The Fifth Circuit noted in *Overseas Inns, S.A., P.A. v. U.S.A.*, 911 F2d 1146, 1150 (5th Cir. 1990), that granting leave to amend a complaint after a summary judgment motion has been filed "undermines [the movant's] right to prevail on a motion that necessarily was prepared without reference to an unanticipated amended complaint...A party should not, without adequate grounds, be permitted to avoid summary judgment by the expedient of amending its Complaint." (Quoting with approval the opinion of the district court in *Overseas Inns, S.A., P.A. v. U.S.A.*, 685 F.Supp. 968 N.D. Tex. 1988)).

19.    Schumann Rafizadeh filed his motion for summary judgment on Plaintiffs' single business enterprise and alter ego claims on July 10, 2008 (Doc. No. 730).   On July 30, 2008, Vafa Motlagh filed his motion to dismiss (Doc. No. 767) under Rule 12(b)(6) on those and other claims, including constructive trust. On August 7, 2008, Universal Sourcing, LLC filed a motion for summary judgment (Doc. No. 791) on counts 8 (conspiracy), 13 (single business enterprise), 14 (alter ego) and 16 constructive trust).   Several other Defendants filed motions for summary judgment at that time (see Doc. Nos. 792-795).

20.    Given the number of pending motions for dismissal or summary judgment on the very counts Plaintiffs seek to amend, Defendants are severely

prejudiced by the addition of new factual allegations and a new party involved in the same claims that are subject to pending dispositive motions.

21.   Of even greater prejudice, however, is the burden placed on Defendants in responding to new claims and factual allegations on the eve of trial.  The prejudice to the existing Defendants is bad enough, but the party suffering the most grievous prejudice, One World Technologies Co., Limited, is not before the Court. However, it is self evident that requiring a newly added party, from a foreign country to respond to the 700+ paragraphs alleged in three (maybe four) complaints and somehow prepare for trial in less than 60 days is patently absurd.  This is especially true since Plaintiffs seem averse to serving process on the appropriate Central Authority under the Hague Convention, preferring instead to use private detectives.  Even if service is effected properly and expeditiously, the new Defendant will be required to answer or otherwise respond less than a month before trial and without the opportunity to conduct any discovery.  In the civil context, this is only slightly better than the trial preparation opportunities afforded to GITMO detainees and constitutes undue prejudice as a matter of law.

**F.    Futility of amendment**

22.   Leave to amend should not be granted when the amendment would be futile.  *Foman v. Davis*, 371 U.S. 172, 182 (1962); *U.S. ex. rel. Willard v. Humana Plan of Texas, Inc.*, 336 F.3d at 387; *Walton v. Mental Health Ass'n.*, 168 F.3d 661, 665 (3d Cir. 1999); *Hunt v. HEB Federal Credit Union (In re Hunt)*, 215 B.R. 505, 510 (Bankr. W.D. Tex.1997).  "[I]t is also appropriate for

the Court to consider judicial economy and the most expeditious way to dispose of the merits of the litigation." *Id.* at 510, n. 6, *citing Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981). When the complaint, as amended, would still fail to state a claim, that too would render amendment a futile act, justifying denying leave to amend. *Addington v. Farmer's Elevator Mutual Ins. Co.*, 650 F.2d 663, 667 (5th Cir. 1981); *In re Hunt*, 215 B.R. at 510.

23. Defendants incorporate by reference and reallege the matters stated in the motions to dismiss and for summary judgment discussed in paragraph 19 above. The motions in question demonstrate that the single business enterprise and alter ego claims fail as a matter of law and do not state claims upon which relief can be granted because (a) there is no allegation or proof of actual fraud, as required by Tex. Bus. Corp. Act. Art. 2.21; and (b) as to Universal Sourcing, LLC, Wellspring Sourcing Co., Limited and any entity formed after the petitions were filed in June of 2005 (such as One World Technologies Co., Limited), such parties can be neither part of a business enterprise nor alter egos of persons or entities before they came into existence.

24. With respect to the issue considered by the Court during the August 14, 2008 hearing on Schumann Rafizadeh's motion for summary judgment (Doc. No. 730) as to what constitutes "actual fraud" for the purposes of Tex. Bus. Corp. Act. Art. 2.21, that issue was resolved by the Fifth Circuit in *Rimade, Ltd. v. Hubbard Enterprises, Inc.,* 388 F.3d 138 (5th Cir. 2004). The Fifth Circuit defined the type of fraud which must be shown to pierce the corporate veil under Texas law:

> We must first determine whether Hubbard, using HEI as a sham, perpetrated an actual fraud on the Plaintiffs when he failed to disclose to them that their bank had canceled the Letter. ***Texas law defines fraud as the 'misrepresentation of a material fact with intention to induce action or inaction, reliance on the misrepresentation by a person who, as a result of such reliance, suffers injury.'*** *Trustees of the N.W. Laundry & Dry Cleaners Health & Welfare Trust Fund v. Burzynski*, 27 F.3d 153, 157 (5th Cir. 1994) (internal quotation marks and citation omitted).

*Id.* at 143.  The underlined portion of the quote plainly requires that the type of fraud which much be established under Texas law to pierce the corporate veil is representational or actual fraud.

25.    This definition of "actual fraud" is consistent with long standing Fifth Circuit jurisprudence.  In *Mack v. Newton*, 737 F.2d 1343, 1362 (5th Cir. 1984), the distinction between the word "fraud," as used in "actual fraud," and the word "fraud," as used in "actual intent to delay, hinder or defraud," is explained:

> We note that this case was not tried, nor is the judgment based, on a theory of actual fraud.  While the interrogatories concerning Newton, Mesker, and Equico causing Dairyland to cease doing business as an ongoing concern on January 31, 1975 (number 3), and Newton and Mesker on and after January 31, 1975 transferring Dairyland cattle (of unspecified number and value) to Dairy Cows without fair consideration (numbers 4 & 5), do refer to 'actual intent to hinder, delay or defraud' creditors, such language merely tracks the statutory definition of a fraudulent conveyance under section 67d(2)(d) of the Bankruptcy Act and (except for 'defraud') the Texas fraudulent conveyance statute. [A]n action for fraudulent conveyance is distinct from an action for fraud.  *Nobles v. Marcus,* 533 S.W.2d 923, 925 (Tex.1976) ... Moreover, recovery cannot be based on common-law fraud because there is no evidence or finding of detrimental reliance by creditors or the damage occasioned thereby.

11

*Id.* at 1362 n.25.   Thus, even an intentionally fraudulent transfer made with actual intent to defraud, is not "fraud."

26.   This makes sense because, as pointed out by the *Newton* court,

> …the Texas statute, like the Bankruptcy Act, does not provide for recovery other than recovery of the property transferred or its value from one who is, directly or indirectly, a transferee or recipient thereof. The Texas statute does not purport to do anything other than render the transfer 'void' with respect to designated persons. It operates against the title of an 'innocent' transferee who has not paid value just as fully as against the title of a transferee who has participated in a fraud. It does not purport to vary its operation on the basis of participation in wrongdoing or the lack thereof. Nowhere does it purport to prohibit any transfers or to render the making or receiving of them illegal or wrongful. The statute contains no words such as 'damages' or 'liability' or 'actionable.'

*Id.* at 1361-62.   Unlike the perpetrator of an actual fraud, the transferor of a fraudulent transfer made with actual intent to defraud incurs no liability whatsoever for his actions, even if made for his own personal benefit.   As a result, since Plaintiffs allege no facts establishing (or even hinting at) actual fraud respecting any Defendant, including One World Technologies Co., Limited, the single business enterprise and alter ego counts fail as a matter of law and any amendment allowing such claims would be futile.

27.   Similarly, the kind of "fraud" required to establish a claim for constructive trust is "actual fraud."   *In re Haber Oil Co.,Inc.*, 12 F.3d 426, 436-37 (5th Cir. 1994).   As shown in Universal Sourcing, LLC's motion for summary judgment, Plaintiffs have neither alleged actual fraud by Universal nor any cognizable fiduciary duty of Universal owed to Plaintiffs, the estates or any

prepetition creditor.  The same is true for Wellspring Sourcing Co., Limited, Vafa Motlagh and One World Technologies Co., Limited.  Accordingly, an amendment on the constructive trust claim would be futile.

28.    Another fatal flaw to Plaintiffs' alter ego claim is the failure to allege stock ownership by the alleged alter egos. Under Texas law, for the alter ego doctrine to apply against an individual under this test, the individual must own stock in the corporation. *Bollore v. North Atlantic Trading Co.*, 448 F.3d 317, 325 (5th Cir. 2006); *Permian Petroleum Co. v. Petroleos Mexicanos*, 934 F.2d 635, 643 (5th Cir. 1991) ("Texas courts will not apply the alter ego doctrine to directly or reversely pierce the corporate veil unless one of the 'alter egos' owns stock in the other."); *Zahra Spiritual Trust v. United States*, 910 F.2d 240, 245 (5th Cir. 1990)(holding that a finding of unity between the individual and the corporation "alone cannot establish an alter ego relationship under Texas law, because [Appellants] are not direct shareholders of [the corporation]"); *Castleberry v. Branscomb*, 721 S.W.2d 270, 272 (Tex. 1986) (stating that, to be considered a corporation's alter ego, an individual must have "ownership *and* control") (emphasis added); *Lucas v. Texas Industries, Inc*, 696 S.W.2d 372, 374 (Tex. 1984) (same); *Patterson v. Wizowaty*, 505 S.W.2d 425, 428 (Tex. App.--Houston 1974) (noting that there is "no Texas authority for the proposition that an individual can be held personally liable under the alter ego doctrine when he owns none of the outstanding stock of the corporation").

29.    In the instant case, there is no allegation that Schumann Rafizadeh or any other natural or artificial person other than Vafa Motlagh is a shareholder of One World Technologies Co., Limited, Universal Sourcing, LLC or Wellspring Sourcing Co., Limited (other than Motlagh's wife, Hu Ying). Likewise, there no allegation that these parties are shareholders of any of the other "Rafisadeh Entities." Plaintiffs thus rely exclusively on Schumann Rafizadeh's alleged overarching managerial control of all other parties to support their case that they are alter egos of each other. Without proof of ownership, proof of control, standing alone, is insufficient under Texas law to support an alter ego finding. *Id.* Since Plaintiffs cannot show the required proof of ownership, allowing an amendment to add One World Technologies Co., Limited as a Defendant would be futile.  Accordingly, the amendment must be denied.

30.    Another basis for finding amendment of Plaintiffs' alter ego and single business enterprise claims to be futile, is that they are being used impermissibly to expand the remedies available for recovering avoided transfers under Bankruptcy Code § 550 and the remedies provisions of the relevant state fraudulent transfer acts alleged by Plaintiffs. In *Mack v. Newton*, 737 F.2d at 1356, 1362,the Fifth Circuit held that there is no liability for committing a fraudulent transfer other than as may be imposed on parties who are actual transferees.  "We are persuaded that the Texas statute [currently Tex. Bus. & Comm. Code § 24.009], like the Bankruptcy Act, does not provide for recovery other than recovery of the property transferred or its value from one

who is, directly or indirectly, a transferee or recipient thereof .... Nowhere does it purport to prohibit any transfers or to render the making or receiving of them illegal or wrongful." *Id.* at 1361.

31.    The current remedies section of the Bankruptcy Code, 11 U.S.C. § 550, likewise limits the potential parties from whom recovery may be had to transferees.  *See In re Brentwood Lexford Partners*, 292 B.R. 255, 275 (Bankr. N.D. Tex. 2003) (refusing to expand remedies for fraudulent transfer under civil conspiracy theory since this would impermissibly exceed the scope of remedies afforded by § 550). There is no reason why alter ego and single business enterprise theories should survive the same analysis of the courts in *Mack v. Newton* and *In re Brentwood Lexford Partners* respecting conspiracy claims.  To allow recovery from alter egos and members of single business enterprises would improperly expand the remedies available under the Code.   *In re Brentwood Lexford Partners*, 292 B.R. at 275.  Accordingly, amendment as to these claims must be denied as futile.

WHEREFORE, PREMISES CONSIDERE, Defendants Universal Sourcing, LLC and Vafa Motlagh (subject to his Motion to Dismiss) respectfully pray that Plaintiffs' Motion for Leave to File Third Supplemental and Limited Amended Complaint be denied.

Respectfully submitted,

BARNET B. SKELTON, JR., P.C.


By    /s/  *Barnet B. Skelton, Jr.*
     Barnet B. Skelton, Jr.
State Bar No. 18456400
1111 Bagby Street, Suite 4700
Houston, Texas 77002
(713) 659-8761 (Telephone)
(713) 659-8764 (Facsimile)
barnetbjr@msn.com

ATTORNEY FOR UNIVERSAL SOURCING,
LLC AND VAFA MOTLAGH

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing instrument was filed electronically on August 18, 2008 in compliance with Local Rule LR5.3.  As such, this response was served on all counsel of record who are deemed to have consented to electronic service.  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule LR5.3, all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing instrument by U.S. First Class Mail and/or facsimile on the 18th day of August, 2008.


     /s/  *Barnet B. Skelton, Jr.*
     BARNET B. SKELTON, JR.