UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § § | |
| CYRUS II, L.P., BAHAR DEVELOPMENT, INC., and MONDONA RAFIZADEH | § § § § § | Jointly Admin. Under Case No. 05-39857-H1-7 |
| | § | (Chapter 7) |
| Debtors. | § § § | |
| RODNEY D. TOW, AS THE CHAPTER 7 TRUSTEE, *ET AL.* | § § § § | Adversary Proceeding No. 07-3301 |
| Plaintiffs. | § § | |
| v. | § § | |
| SCHUMANN RAFIZADEH, *ET AL*, | § § | |
| Defendants. | § | |

## MOTION TO RECONSIDER *SUA SPONTE* ORDER BIFURCATING TRIAL OR IN THE ALTERNATIVE MOTION FOR CONTINUANCE

> THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 20 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING. REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEYS.

COMES NOW SCHUMANN RAFIZADEH ("Schumann") and files this Motion to Reconsider the *Sua Sponte* Order Bifurcating Trial issued by the Court on August 22, 2008 (the "Order"), or alternatively Motion for Continuance (the "Motion"). Schumann would respectfully show the Court as follows:

## INTRODUCTION

1. On August 22, 2008, the Court issued the Order granting leave for the Plaintiffs to file and serve their Third and Fourth Amended Complaints. The Court also recognized the strain that the complexity of this case alongside the addition of new claims and causes of action would cause on the parties in preparing for an October 21, 2008 trial. Based upon the indication that certain defendants might file jury demands and motions to withdraw the reference, the Court removed this case from the October 21st trial setting, *except* for the claims against Rodrick Hughes, MainMar, LLC, and Main & Marietta, L.P. (collectively "Hughes").

2. The Order bifurcating the trial is improper for a number of reasons. Chief among those reasons is that such a bifurcation will only result in two trials of equal complexity and length involving the same issues. A bifurcated trial will be both inefficient and uneconomical for the parties and the Court. Such a separation runs the risk of inconsistent results and will prejudice the parties not participating in the first stage of the trial because their respective liability must be presumed (without adjudication) before the Court can ever reach the issues against Hughes.

3. The Order presents a difficult scenario considering the facts of this case, and should be reviewed under applicable law. While the trial court has discretion to manage its docket and separate trials through bifurcation, the purpose of such an action should be to dispose of a case in a way that both advances judicial efficiency and is fair to the parties. These two goals should be the focus of any bifurcation.

4. This is a fraudulent transfer case in which the Plaintiffs allege that a series of transfers from BDI qualify as fraudulent pursuant to the Uniform Fraudulent Transfer Act ("UFTA"). Those transfers, and the standards set forth in the UFTA serve as a foundation for this case. One of those transfers involved property located at 806 Main, Houston, Texas. It is this

property that connects Hughes to this lawsuit. However, Hughes obtained ownership of this building from Azita Management Inc. ("AMI"). AMI obtained ownership from HOOBI, LP. HOOBI, LP obtained ownership from URF. URF obtained ownership from Parisa II, LP. That is, Hughes is not only a subsequent transferee of the property, he is a fourth generation subsequent transferee. In order to impose liability on Hughes, the Plaintiffs must show that each one of the preceding transfers was fraudulent and qualifies under the standards of UFTA. In order to obtain a judgment against Hughes, the Plaintiffs must prove their entire case against all of these other defendants.

5. The other claims alleged against Hughes relate to conspiracy, alter ego and single business enterprise, which also require a showing of wrong doing on behalf of the other defendants before liability can be imposed upon Hughes.

6. Yet, because they are not parties to the first phase of the trial, these defendants will not have an opportunity to present their defenses or make their case regarding their actions. As a result, the Order results in two trials involving the same issues. Or worse yet, a first phase of the trial that condemns the second phase (which is both legally and sequentially a prerequisite).

7. Additionally, Hughes has cross-claims against many of the other defendants. There is no indication in the Order as to when or where those claims will be tried. If Hughes intends to pursue those claims in the second phase of the trial, or if he intends to defend other claims in the second phase of the trial (i.e. his participation in alleged conspiracies or alter egos), his presence will be required at the second phase of the trial anyway.

8. The stated purpose behind this bifurcation was Hughes's insistence that a quick trial was necessary because this case impairs his ability to conduct business. What this ignores is the reality that a trial on these limited issues will not absolve these impediments because a

judgment on the first phase will only be interlocutory and not subject to any kind of finality.

9. For these reasons, as more thoroughly explained below and supported by reasoned precedent, the Order should be withdrawn and this case continued in its entirety.

## THE LAW OF BIFURCATION

10. Under Rule 42:

> The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States.

FED. R. CIV. P. 42(b).

11. "While judgment on a claim severed under Rule 21 is final for purposes of appeal, judgment on a claim bifurcated under Rule 42(b) is not an appealable final judgment, absent a Rule 54(b) certification." *Chrysler Credit Corp. v. County Chrysler, Inc.* 928 F.2d 1509, 1519 n.8 (10th Cir. 1991). (*citing among others United States v. O'Neil*, 709 F.2d 361, 368 & n.6 (5th Cir. 1983); *Belmont Place Assoc. v. Blyth, Eastman, Dillon & Co.*, 565 F.2d 1322, 1323 (5th Cir. 1978).

12. "The Advisory Committee Note to the 1966 amendment, though cryptic, suggests that . . . the changes in Rule 42 were intended to give rather delphic encouragement to trial of liability issues separately from those of damages, while warning against routine bifurcation of the ordinary ... case." *In re Bendectin Litigation*, 857 F.2d 290 (6th Cir. 1988) (*citing* 9 C. WRIGHT, A. MILLER & F. ELLIOTT, FEDERAL PRACTICE & PROCEDURE, § 2388 at 280 (1971 & Supp. 1987)).

13. The purpose of the rule is to enable the trial judge to dispose of a case in a way that: (1) advances judicial efficiency; and (2) is fair to the parties. *Id.*

> The provision for separate trials in Rule 42(b) is intended to further convenience, avoid delay and prejudice, and serve the ends of justice. It is the interest of efficient judicial administration that is to be controlling, rather than the wishes of the parties. The piecemeal trial of separate issues in a single suit is not to be the usual course. It should be resorted to only in the exercise of informed discretion when the court believes that separation will achieve the purposes of the rule.

*Id.* at 279 (footnotes omitted).

14. *In re Bendectin Litigation,* the Sixth Circuit provided a thorough history of this Rule and discussed its intended application. The Court stated:

> Neither Rule 42(b) nor the textual elaboration cited gives any precise guidelines for the trial judge in considering the propriety of ordering separate trials, probably because of the wide variety of circumstances in which it might come into play. Consequently, courts have adopted a case-by-case approach. "Essentially, the question is one that seems to depend on the facts of each case, a matter to be determined by the trial judge exercising a sound discretion." *Southern Ry. Co. v. Tennessee Valley Authority,* 294 F.2d 491, 494 (5th Cir. 1961). "In deciding whether one trial or separate trials will best serve the convenience of the parties and the court, avoid prejudice, and minimize expense and delay, **the major consideration is directed toward the choice most likely to result in a just final disposition of the litigation**." *In re Innotron Diagnostics,* 800 F.2d 1077, 1084 (Fed. Cir. 1986) (citation omitted). Courts, including our own, have measured trial court decisions to try issues separately by whether fairness was advanced in the particular case:
>
>> We add the caveat expressed in *Frasier v. Twentieth Century-Fox Film Corp.*, 119 F. Supp. 495, 497 (D.Neb. 1954) that separation of issues "should be resorted to only in the exercise of informed discretion and in case and at a juncture which move the court to conclude **that such action will really further convenience or avoid prejudice**" and observe further that "[a] paramount consideration at all times in the administration of justice is a fair and impartial trial to all litigants. Considerations of economy of time, money and convenience of witnesses must yield thereto." *Baker v. Waterman S.S. Corp.* 11 F.R.D. 440, 441 (S.D.N.Y. 1951). *Moss v. Associated Transport Inc.,* 344 F.2d 23, 26 (6th Cir. 1965).

*Id.* (emphasis added).

15. None of these factors are present here.

16. "A decision to employ the bifurcation procedure is reviewed deferentially. However, the

district judge must carve at the joint .The judge must not divide issues between separate trials in such a way that the same issue is reexamined by different juries." *In re Rhone-Poulenc Rorer*, 51 F.3d 1293, 1303 (7th Cir. 1995). Additionally, there are collateral estoppel issues that surround two trials with two outcomes. *Id.*

17. There are four interests that should be served in considering a bifurcation:

    a. Economy is served because a preliminary issue is resolved;

    b. Convenience of all is served in trying the less complex/case dispositive issues first;

    c. Expedition is served because the primary issues will be ready for trial before the remaining issues; and

    d. Avoidance of prejudice and confusion is served in trying issues that involve different proof and different witnesses first.

*In re Innotron Diagnostics*, 800 F.2d 1077 (Fed. Cir. 1986).

18. "The district court has broad discretion to bifurcate a trial to permit deferral of costly and possibly unnecessary proceedings pending resolution of potentially dispositive preliminary issues." *Jinro Am., Inc. v. Secure Invs., Inc.*, 266 F.3d 993 (9th. Cir. 2001).

## ANALYSIS AND APPLICATION

19. Resolving the issues against Hughes first will not dispose of this case or other preliminary matters. Resolving the issues against Hughes first will result in two trials, examining the same issues, with a possibility of different results. Moreover, if the issues against the other defendants are resolved in their favor, the first phase of this trial (issues against Hughes) will be a fruitless nullity.

20. The Order of Bifurcation should be re-examined to achieve the goals that the Rule was designed to promote. This current bifurcation:

    a. Results in two trials on the same issues;

b. Does not dispose of preliminary issues, but rather focuses on issues that are four generations removed from the primary issues;

c. Is not dispositive of any of the issues in the case;

d. Does not focus on less complex issues because the underlying preliminary issues must be resolved before Hughes's liability comes into question;

e. Will prejudice the remaining parties if any collateral estoppel issues or law of the case issues arise;

f. Is the equilivent of a trial against the remaining defendants although they are not there to defend themselves; and

g. Will result in increased costs and Court resources to have two trials on the same issues.

21. While Hughes's concerns regarding his ongoing business are understandable, they should not be the primary concern of the Court in determining if bifurcation is appropriate. As recited in the Order, it appears that this was the only concern that the Court considered in making this determination and issuing the Order. However, "[i]t is the interest of efficient judicial administration that is to be controlling, rather than the wishes of the parties." *In re Bendectin Litigation*, 857 F.2d 290 (6th Cir. 1988).

### ADDITIONAL RELIEF

22. In addition to the foregoing bifurcation issues, the Order also granted leave for the Plaintiffs' to file and serve their Third and Fourth Supplemental and Amended Complaints. The Order does not state if Schumann is required to answer the Complaints pursuant to Rule 15(b)(3) or if another deadline is acceptable. As such, Schumann asks for additional time to respond and file his Answers due to the length and complexity of the issues therein (the Complaints now total approximately 700 paragraphs in length). Schumann would ask for at least thirty (30)

days from the date of service to file his Answers, Counter-claims, Cross-claims, and affirmative defenses.

23. Moreover, the Court has not determined if the Supplemental and Amended Complaints are in fact supplemental or amended. This distinction is important because there are differing response requirements (a supplement under Rule 15(d) states no response is required unless the Court orders one; an amendment requires an answer be filed within ten days) and the parties must know which pleadings they are going to trial on. If these are supplemental complaints, the preceding three are also part of the live issues. If these are amendments, then the preceding three Complaints have been succeeded. Schumann requests that the Plaintiffs consolidate all live complaints into one pleading to create clarity in this multi-party, multi-claim complex litigation. Schumann further requests for the additional time as stated hereinabove.

## CONCLUSION

24. For the reasons stated herein, the Court should withdraw its Order bifurcating this case and continue the entire trial for at least one hundred and twenty (120) days.

DATED: August 29, 2008

Respectfully Submitted,

WEYCER, KAPLAN, PULASKI & ZUBER, P.C.

By: /s/ *Tanya N. Garrison*
EDWARD L. ROTHBERG
State Bar No. 17313990
HUGH M. RAY, III
State Bar No. 24004246
TANYA N. GARRISON
State Bar No. 24027180
Eleven Greenway Plaza, Suite 1400
Houston, TX 77046
Telephone: (713) 961-9045
Facsimile: (713) 961-5341

ATTORNEYS FOR SCHUMANN RAFIZADEH

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by electronic mail and/or first class mail, postage prepaid, on August 29, 2008, on the following parties:

**Chapter 7 Trustee**
Rodney Tow
Tow & Koenig, PLLC
26219 Oak Ridge Drive
The Woodlands TX 77380

**Chapter 7 Trustee's Counsel**
Gary Cruciani
Leonard A. Hirsch
Karen E. Sprole
Diamond McCarthy Taylor Finley & Lee LLP
1201 Elm Street, Suite 3400
Dallas, TX 75270

Kyung S. Lee
Jason M. Rudd
Clifford H. Walston
Two Houston Center
909 Fannin, Suite 1500
Houston, TX 77010

Nan Roberts Eitel
Jones Walker Waechter Poitevent Carrère & Denègre, LLP
The Watergate
2600 Virginia Avenue, NW, Suite 1113
Washington, DC 20037
**Counsel for Orix Capital Markets, LLC,**

Ben B. Floyd
Randall A. Rios
Lynn Chuang Kramer
Munsch Hardt Kopf & Harr, PC
Bank of America Center
700 Louisiana, 46th Floor
Houston, TX 77002

**Counsel for Orix Capital Markets, LLC**

Andrew R. Harvin
Peter B. Wells
Doyle, Restrepo, Harvin & Robbins, LLP
JPMorgan Chase Tower
600 Travis Street, Suite 4700
Houston, TX 77002
**Counsel for Rodrick L. Hughes and Main & Marietta, LP**

Jon P. Bohn
Bohn & Ducloux
806 Main Street, Suite 1411
Houston, TX 77002
**Counsel for Super Future Equities, Inc.**

Jeffrey Wayne Glass
8980 Lakes at 610 Drive, Suite 250
Houston, TX 77054
**Counsel for Azita Management and Azita Berglund**

Barnet B. Skelton, Jr.
Barnet B. Skelton, Jr., P.C.
1111 Bagby, 47th Floor
Houston, TX 77002
**Counsel for Universal Sourcing, LLC**

Matthew S. Okin
Okin & Adams LLP
1113 Vine St., Suite 201
Houston, Texas  77002
**Counsel for Keycorp**

{RAF000\00002\0493641.DOC;1\TNG}
- 9 -

Stephen H. Kupperman
Barrasso Usdin Kupperman Freeman & Sarver, L.L.C.
909 Poydras Street, Suite 1800
New Orleans, LA 70112
**Counsel for Rodrick L. Hughes and Main & Marietta, LP**

John Higgins
Thomas Andrew Woolley, III
Porter & Hedges LLP
1000 Main, 36th Floor
Houston, TX 77002
**Counsel for Flash Vos, et al**

David C. Mattka
Munsch Hardt Kopf & Harr, PC
One American Center
600 Congress Avenue, Suite 2900
Austin, TX 78701-3057


                                                    */s/ Tanya N. Garrison*
                                                    TANYA N. GARRISON