UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | |
| CYRUS II, L.P., BAHAR DEVELOPMENT, INC., and MONDONA RAFIZADEH | § § § § | Jointly Admin. Under Case No. 05-39857-H1-7 |
| | § | (Chapter 7) |
| Debtors. | § § | |
| RODNEY D. TOW, AS THE CHAPTER 7 TRUSTEE, *ET AL.* | § § § § | Adversary Proceeding No. 07-3301 |
| Plaintiffs. | § § § | |
| v. | § § | |
| SCHUMANN RAFIZADEH, *ET AL*, | § § § | |
| Defendants. | § | |

**SCHUMANN RAFIZADEH'S REPLY TO RESPONSE TO MOTION FOR SUMMARY JUDGMENT ON CONSPIRACY OR AIDING AND ABETTING**
[Relates to Docket Nos. 795 and 876]

This is Schumann Rafizadeh's reply to Plaintiffs' response to his Motion for Summary Judgment on Conspiracy and Aiding and Abetting Fraudulent Transfers (Docket #795 "Motion" and #876 "Response"). Plaintiffs admit that summary judgment is appropriate on the issue sought, that they may not recover for any aiding and abetting or conspiracy to make fraudulent transfers, but rather only for breach of fiduciary duty:

**Summary**

1.  Plaintiffs can be forgiven for making a mistake while drafting their voluminous complaint. The complaint in its various iterations and amendments repeatedly states that there was a "conspiracy" and that Defendants "aided and abetted" "fraudulent transfers". Based on the clear language of the complaint, Schumann and other Defendants sought summary judgment that Plaintiffs were not entitled to recover on any claim for aiding and abetting or conspiring to

{RAF000\00002\0504552.DOC;1\HMR}

commit fraudulent transfers. Plaintiffs now concede that the only basis for aiding and abetting or conspiracy claim is a breach of fiduciary duty. Accordingly, summary judgment is proper on the issues raised as the summary judgment simplifies the issues to be tried and conserves judicial resources.

**The Complaint States "Aiding and Abetting" and "Conspiracy" for Fraudulent Transfers**

2. The Plaintiffs would have the Court believe that a summary judgment was filed as to a non-existent claim. The text of the complaint destroys that hypothesis.

3. The complaint states, repeatedly, that the gravamen is to recover for a conspiracy to commit fraudulent transfers (such transfers may or may not have breached any fiduciary duties)

   a. Moreover, **some or all of the Defendants have participated in a conspiracy to transfer former Debtor and URF assets overseas**, notably through transfers to Wellspring Sourcing and Vafa Motlagh in China, Flash VOS Pty in Australia, and One World Future Pty in Australia. ¶562.

   b. **assisting, aiding, encouraging, abetting and conspiring with Schumann Rafizadeh** to breach his fiduciary duties to BDI **and to defraud BDI's creditors through intentional fraudulent transfers**. ¶ 96.

   c. **knowingly and intentionally assisted, aided, encouraged, abetted and conspired** with the Rafizadehs to breach their fiduciary duties to BDI **and to defraud BDI's and Mondona Rafizadeh's creditors through intentional fraudulent transfers**. ¶ 114.

   d. URF, Rafizadeh, LLC, Flash VOS, COOB and COOBGP, LLC knowingly participated in the BDI/URF Transfers, the BDI/URF Note Transfers, the BDI/FV Transfers and the BDI/COOB Transfer, **assisting, aiding, encouraging, abetting and conspiring with Schumann Rafizadeh** to breach his fiduciary duties to BDI **and to defraud BDI's creditors through intentional fraudulent transfers**. ¶ 290.

   e. The Alphabet Soup Entities knowingly received the assets fraudulently transferred from BDI, **assisting, aiding, encouraging, abetting and conspiring with Schumann Rafizadeh** to breach his fiduciary duties to

       BDI **and to defraud BDI's creditors through intentional fraudulent transfers**. ¶ 291.

  f. Moreover, **some or all of the Defendants have participated in a conspiracy to transfer former Debtor and URF assets overseas**, notably through transfers to Wellspring Sourcing and Vafa Motlagh in China, Flash VOS Pty in Australia, and One World Future Pty in Australia. ¶649.

Original, First Amended and Second Amended Complaints (emphasis added)

  4. The gravamen of these counts of the complaint, indeed, is a claim for conspiracy that 1) breached fiduciary duties <u>and</u> 2) made fraudulent transfers. The use of the word "and" clearly indicates a second prepositional phrase as the object of the verbs "aiding" and "conspiring". Whether Plaintiffs meant to or not, they plead for relief from parties allegedly "aiding" "Schumann Rafizadeh" "to defraud" "through intentional fraudulent transfers".

## Plaintiffs Concede the Motion

  5. Plaintiffs state that the Defendants have mis-read the complaint and the Plaintiffs concede that they are not seeking to recover for conspiring to make or aiding and abetting fraudulent transfers. Rather, Plaintiffs argue they are only seeking damages based on breaches of fiduciary duty and conspiracies related thereto.

  6. Plaintiffs also allege alter ego is an appropriate remedy for this breach of fiduciary duty conspiracy. Logically, no alter ego remedy can be based on a non-existent conspiracy for fraudulent transfers. The Court's alter-ego analysis may be shortened by the Plaintiffs' concession that they are not alleging a conspiracy to commit fraudulent transfers.

  7. Defendants are entitled to a summary judgment that, notwithstanding language in the complaint that clearly alleges liability for conspiracy or aiding and abetting transfers, the Plaintiffs are only entitled to recover for conspiracies or aiding and abetting breaches of fiduciary duties. The elements of a cause of action under TUFTA are different for those of breach of

fiduciary duty. The limitations periods are also computed differently. The Plaintiffs' must prove all of the elements of a claim for breach of fiduciary duty and justify the expiration of the applicable limitations period for <u>that</u> cause of action, not fraudulent transfer.

## **Mr. Rafizadeh has Standing**

8. Oddly, though Mr. Rafizadeh is named as a member of the alleged conspiracy in <u>every</u> allegation of conspiracy (see paragraphs 564, 96, 114, 290, 291 and 649), Plaintiffs allege he "lacks standing" to object to the claim for conspiracy.

9. Constitutionally, Mr. Rafizadeh has Article III standing to object because he is a defendant and an individual who has been sued in the United States courts with a right to appear and be heard. Prudentially, Mr. Rafizadeh has standing to object because he is literally <u>named as a conspirator</u>. Mr. Rafizadeh has standing under any definition of standing.

10. The cases cited by Plaintiffs in support of their proposition are inapposite to the present situation. *Scottsdale Ins. Co. v. Knox Park Constr. Co.*, 488 F.3d 680 (5th Cir. 2007), cited by plaintiffs, holds that an insured who has no prospect of losing or winning money (because of a <u>release</u>) cannot participate in a suit. Here, Schumann has not been released and his money is at risk (as is that of his alleged conspirators).

11. Plaintiffs seek alter-ego remedies against Schumann and the other alleged conspirators. Thus, any damages sought against the other conspirators are also sought against Schumann. Plaintiffs omitted that crucial fact from their standing analysis.

12. Also, Plaintiffs cite the Ninth Circuit's 1957 opinion of *In re Mantin*, 248 F.2d 530 (9th Cir. 1957), which deals with a defendant who sought a dismissal not just for himself, but for defaulted non-answering defendants. The case at bar involves defendants who have answered and jointly defended the common issues of being part of the same conspiracy.

13. Under every equitable and legal principle under which the judicial system operates, Mr. Rafizadeh has the right to seek a summary judgment that he is not part of the conspiracy <u>to which Plaintiffs have specifically named him as a conspirator</u>. Plaintiffs' claim to the contrary is beyond cavil.

WHEREFORE, Mr. Rafizadeh prays that the Court grant summary judgment on all claims relating to conspiracies and aiding and abetting fraudulent transfers as sought in his motion for summary judgment (Docket #795).

Dated: November 3, 2008

        Respectfully Submitted,

        WEYCER, KAPLAN, PULASKI & ZUBER, P.C.

        By: _/s/ Hugh M. Ray, III_
            EDWARD L. ROTHBERG
            State Bar No. 17313990
            HUGH M. RAY, III
            State Bar No. 24004246
            Eleven Greenway Plaza, Suite 1400
            Houston, TX 77046
            Telephone:   (713) 961-9045
            Facsimile:    (713) 961-5341
        ATTORNEYS FOR SCHUMANN RAFIZADEH

# CERTIFICATE OF SERVICE

  I hereby certify that a true and correct copy of the foregoing was served by electronic mail and/or first class mail, postage prepaid, on November 3, 2008, on the following parties:

**Chapter 7 Trustee:**
Rodney Tow
Tow & Koenig, PLLC
26219 Oak Ridge Drive
The Woodlands TX 77380

**Chapter 7 Trustee's General Counsel:**
Joseph M. Hill
Timothy Wentworth
Cage, Hill & Niehaus
5851 San Felipe, Suite 950
Houston, Texas 77057

**Chapter 7 Trustee's Counsel:**
Gary Cruciani
Leonard A. Hirsch
Karen E. Sprole
Diamond McCarthy Taylor Finley & Lee LLP
1201 Elm Street, Suite 3400
Dallas, TX 75270

Kyung S. Lee
Jason M. Rudd
Clifford H. Walston
Two Houston Center
909 Fannin, Suite 1500
Houston, TX 77010

**Counsel for Rodrick L. Hughes and Main & Marietta, LP:**
Stephen H. Kupperman
Barrasso Usdin Kupperman Freeman & Sarver, L.L.C.
909 Poydras Street, Suite 1800
New Orleans, LA 70112

Andrew R. Harvin
Peter B. Wells
Doyle, Restrepo, Harvin & Robbins, LLP
JPMorgan Chase Tower
600 Travis Street, Suite 4700
Houston, TX 77002

**Counsel for Azita Management and Azita Berglund:**
Jeffrey Wayne Glass
8980 Lakes at 610 Drive, Suite 250
Houston, TX 77054

**Counsel for Universal Sourcing, LLC:**
Barnet B. Skelton, Jr.
Barnet B. Skelton, Jr., P.C.
1111 Bagby, 47th Floor
Houston, TX 77002

**Counsel for Keycorp**
Matthew S. Okin
Okin & Adams LLP
1113 Vine St., Suite 201
Houston, Texas 77002

**Counsel for Super Future Equities, Inc.:**
Jon P. Bohn
Bohn & Ducloux
806 Main Street, Suite 1411
Houston, TX 77002

**Counsel for ORIX Capital Markets, LLC:**
Nan Roberts Eitel
Jones Walker Waechter Poitevent Carrère & Denègre, LLP
The Watergate
2600 Virginia Avenue, NW, Suite 1113
Washington, DC 20037

David C. Mattka
Munsch Hardt Kopf & Harr, PC
One American Center
600 Congress Avenue, Suite 2900
Austin, TX 78701-3057

Ben B. Floyd
Randall A. Rios
Lynn Chuang Kramer
Munsch Hardt Kopf & Harr, PC
Bank of America Center
700 Louisiana, 46th Floor
Houston, TX 77002

                                      */s/ Hugh M. Ray, III*
                                      HUGH M. RAY, III