IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| CYRUS II, LP | § | CASE NO. 05-39857-H1-7 |
| BAHAR DEVELOPMENT, INC. | § | (Jointly Administered) |
| MONDONA RAFIZADEH | § | |
| | § | (CHAPTER 7) |
| DEBTORS. | § | |

**OBJECTION TO REPORT AND RECOMMENDATION**
**AGAINST WITHDRAWAL OF MAIN CASE ORDER OF REFERENCE**
(Relates to Docket #1009 in Adv. No. 07-3301)

Pursuant to BLR 5011 and Fed. R. Bankr. P. 9033, Mondona Rafizadeh ("Mondona" or "Debtor") hereby objects to the Bankruptcy Court's Report and Recommendation not to withdraw the order of reference for the main bankruptcy cases jointly administered under Case No. 05-39857-H1-7 ("Report" Docket #1009 in Adv. No. 07-3301). Mondona does not object to the bankruptcy court's recommendation to withdraw the reference for Adv No. 07-3301. The grounds for this objection are as follows:

## Factual Background of Which the Court May Take Notice

1.  On June 24, 2005, Mondona Rafizadeh filed a chapter 7 bankruptcy, along with two entities related to her – Cyrus II, LP and Bahar Development, Inc. The three cases (05-39859, 05-39857 and 05-39858) were jointly administered under the lowest case number, Cyrus II – 05-39857. This is called the "Main Case".

2.  The Main Case is the forum for parties to file proofs of claim, and for the bankruptcy trustee to sell assets collect money and distribute funds to creditors. Main case actions are administrative in nature and differ from adversary proceedings, which are lawsuits. The clerk maintains a different service list for the main case, parties have different methods for

serving motions, and different bankruptcy rules generally apply to actions in the main case.

3.  Two years after the Main Cases commenced, on June 21, 2007, the Trustee filed adversary proceeding number 07-3301 ("Adversary Proceeding"). The Bankruptcy Court recently recommended that the order of reference for the Adversary Proceeding be withdrawn for the Adversary Proceeding, but that the order of reference for the Main Case not be withdrawn.

4.  The defendants in adversary proceeding number 07-3301 have made jury demands and refused to consent to a trial before the Bankruptcy Court. ORIX Capital Markets, LLC ("Orix") has funded the estates with funds sufficient to pay all general unsecured claims in full, and subordinated payment of its claim to those claims.

5.  Orix has paid for the Trustee's actions in the Adversary Proceeding to recover alleged fraudulent transfers. The trustee's actions in the Adversary Proceeding govern nearly all of the administrative tasks to be undertaken in the above-captioned main bankruptcy cases, including, for instance:

    a.  Distribution of any recovery from the Adversary Proceeding, which may include approval of a compromise of the Adversary Proceeding;

    b.  Employment of professionals to pursue the Adversary Proceeding, and approval of fees relating to the same;

    c.  Any challenge to Orix's claim, or to Orix's administrative claim, relating to its funding of the Adversary Proceeding;

    d.  Other matters ancillary to the Trustee's pursuit of the Adversary Proceeding, such as applications to pay administrative expenses for document storage of documents used in the adversary proceeding, Orix's motion to remove the trustee (if re-urged), among others.

6.  Thus, Mondona asked that, to the extent the court withdraws the reference of the Adversary Proceeding, that the court also withdraw the standing order of reference for the Main Case, bankruptcy cases 05-39857 (Cyrus II, LP), 05-39858 (Bahar Development, Inc.) and 05-39859 (Mondona Rafizadeh) as they are so intertwined that, as discussed below, it makes sense

for a single judge to resolve all of these issues..

7. Additionally, Mondona pointed out that there have been multiple appeals (at least 3) of the Bankruptcy Court's decisions to the District Court. It is likely that those appellate decisions, regardless of outcome, will be appealed to the Fifth Circuit. However, if the reference is withdrawn to the Main Cases, future decisions will be made at the District Court level and there will only be one level of appeal – to the Fifth Circuit. The Bankruptcy Court's Report made no reference to the efficiency of removing an entire level of appeal.

## The Bankruptcy Court Ignored the Efficiency of Having a Single Judge

8. The Bankruptcy Court simply ignored the fact that the Adversary Proceeding is the sole asset left in the case or that funding, compromising, and paying counsel in the adversary constitutes the bulk of the administrative actions pending in the Bankruptcy Court or any of the other facts listed in Mondona's Motion to Withdraw Reference (Docket #840 in the Main Case No. 05-39857).

9. The Court's recommendation is 28 pages, but the Bankruptcy Court dealt with Mondona's motion in a single, curt, dismissive paragraph:

> iv. The Bankruptcy Cases
>
> This Report and Recommendation has [sic] mostly deals with the adversary proceeding and only deals with the bankruptcy cases tangentially. In large part, this Court views the motion to withdraw the reference of the bankruptcy cases as frivolous forum shopping. No real justification has been offered. No jury demand has been made. There are no overlapping issues to be tried, no efficiencies to be had. No *Holland America* factors justify the withdrawal of the reference of the bankruptcy cases.

Report at p. 26.

10. The Bankruptcy Court did not explain why it is more efficient to decide issues and subject them to another level of appeal. The Bankruptcy Court focused on *Holland America* factors that deal with adversary proceedings. The Bankruptcy Court's use of factors such as

"jury demand" are meaningless in administrative main-case matters.

11.     If the main case remains in the Bankruptcy Court and the Adversary Proceeding is withdrawn to the District Court, then many decisions ancillary to the Adversary Proceeding, such as payment of Trustee's counsel's fees, Orix's funding of the litigation, and the wisdom of a compromise, can be subject of an appeal to the District Court and piecemeal determination.

12.     A realistic approach favors the District Court deciding issues that could otherwise be subject of piecemeal review:

> For example, the fact that a bankruptcy court's determination on non-core matters is subject to de novo review by the district court could lead the latter to conclude that in a given case unnecessary costs could be avoided by a single proceeding in the district court.

*Orion Pictures Corp. v. Showtime Networks (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1101 (2nd Cir. 1993).  While *Orion Pictures* dealt with the "core vs. non-core" factor, a factor that is automatically outweighed by the timely assertion of a jury trial right, the logic applies by analogy that the court may easily perceive the efficiency of having a single judge determine both the litigation and administrative issues.

13.     Indeed, the Bankruptcy Court was previously aware that one should withdraw the main case when there is a single dispositive adversary proceeding – and so recommended in <u>February of 2008</u>.  In *In re Electro-Mechanical Industries*, Case No. 07-36393 (Bankr. S.D. Tex. 2008) (Isgur, J.), Judge Isgur recognized that the main case progress rested upon resolution of an adversary proceeding involving a patent and so he recommended that the reference be withdrawn (at Docket #83, attached as Exhibit "A").

14.     In the *Electro-Mechanical Industries* case, Judge Isgur recommended withdrawal of the <u>entire case</u> because the main case hinged on the outcome of the single adversary.  The same logic he used then is true here:

>Without a determination of the patent infringement issue, this chapter 11 case cannot proceed in a meaningful fashion. Accordingly, this Court recommends that the District Court withdraw the reference of this bankruptcy case, as a whole. This Court further recommends that the District Court then refer the bankruptcy case to the undersigned judge following a determination of (1) the liability issues with respect to the patent; and (2) that portion, if any, of the damages determination as the District Court deems appropriate.

*Electromechanical Industries* Report (Exhibit "A") at p. 8.

15. The Bankruptcy Court did not follow its own logic in the present case. The only asset for the Chapter 7 trustee to collect from is the Adversary Proceeding. The Adversary Proceeding must be withdrawn. Yet, the Bankruptcy Court concluded that there was <u>no basis</u> to withdraw the main case. Instead, the Bankruptcy Court fixated on the "forum shopping" argument.

16. Presumably the Bankruptcy Court reached its forum shopping conclusion instinctively, because it took no evidence of forum shopping. Of course, the Debtor would rather have all issues decided in the District Court. To that extent, there is forum shopping in *every* motion to withdraw the reference. Yet the Debtor is not a party to the Adversary Proceeding. The same bankruptcy court that claims "forum shopping" dismissed her from the Adversary Proceeding with prejudice in a published opinion. *Tow, et al. v. Rafizadeh, et al. (In re Cyrus II, et al.)*, 2007 Bankr. LEXIS 3898 (Bankr. S.D. Tex. 2007) (Docket #341, 342).

17. The only clear evidence of forum shopping is by the Chapter 7 Bankruptcy Trustee who, after he began losing the fraudulent transfer "SBE Litigation" in Louisiana in March of 2007, voluntarily dismissed the SBE Litigation in Louisiana in June of 2007. On the same day the SBE Litigation was dismissed, the Trustee filed the Adversary Proceeding in the Bankruptcy Court, seeking the same relief against the same defendants.

18. Regardless of the Bankruptcy Court's Report, the District Judge still has "broad discretion" to withdraw the reference for cause. *Official Comm. of Unsecured Creditors of*

*Enron Corp. v. Lay (In re Enron Corp.)*, 295 B.R. 21, 25 (S.D.N.Y. 2003). Mondona believes that it is more efficient and sensible to have a single judge decide all issues related to the main case and Adversary Proceeding.

WHEREFORE, PREMISES CONSIDERED Mondona Rafizadeh asks that the Court recommend withdrawal of the <u>entire</u> bankruptcy case, both the Adversary Proceeding (07-3301) and the Main Cases (05-39857, 05-39858, 05-39859) and grant the Debtor such other and further relief to which she may show herself justly entitled.

Dated: December 24, 2008

      Respectfully Submitted,

      WEYCER, KAPLAN, PULASKI & ZUBER, P.C.

By:    */s/ Hugh M. Ray, III*
        EDWARD L. ROTHBERG
        State Bar No. 17313990
        HUGH M. RAY, III
        State Bar No. 24004246
        Eleven Greenway Plaza, Suite 1400
        Houston, TX 77046
        Telephone:   (713) 961-9045
        Facsimile:    (713) 961-5341

      ATTORNEYS FOR MONDONA RAFIZADEH

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 24, 2008, a true and correct copy of foregoing document was served by the ECF system and/or U.S. Mail upon the following parties:

Hector Duran
United States Trustee
515 Rusk, Room 3516
Houston, TX 77002

Rodney D Tow
Tow and Koenig PLLC
26219 Oak Ridge Dr.
The Woodlands, TX 77380

Joseph Hill
Cage, Hill & Niehaus
5851 San Felipe, Suite 950
Houston, Texas 77057

John Higgins
Porter & Hedges, L.L.P.
1000 Main Street, 36th Floor
Houston, Texas 77002

Nan Eitel
Jones Walker, et al.
2600 Virginia Avenue, NW, Suite 1113
Washington, DC 20037

Tim Wentworth
Cage, Hill and Niehaus, LLP
5851 San Felipe, Suite 950
Houston, TX 77057

                                                  */s/ Hugh M. Ray, III*
                                                  HUGH M. RAY, III